**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

| | | |
|---|---|---|
| JACKSON L. MCGRADY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF THE NAVY, | ) | Civil Action No.  05-1651 (GK) |
| GORDON R. ENGLAND | ) | |
| Secretary of the Navy, | ) | |
| | ) | |
| Defendants. | ) | |

---

**ANSWER TO COMPLAINT**

---

Defendants, Department of the Navy and the Honorable Gordon R. England, Secretary of the Navy, hereby answer the specifically-numbered paragraphs and prayer for relief set forth in the Complaint as follows:

1.  This paragraph purports to identify the causes of action alleged by Plaintiff and the relief sought in this action. As such, it constitutes a conclusion of law to which no response is required.

2.  This paragraph purports to identify the jurisdictional basis and proper venue for the causes of action alleged by Plaintiff. As such, it constitutes a conclusion of law to which no response is required.

3.  Defendants admit the allegations in the first sentence only to the extent that on February 9, 2005, Defendants received a request to reconsider Plaintiff's first military special selection board (SSB) request which had previously been denied, and deny that the request for reconsideration constituted a new and "complete application for a SSB."  As to the second

sentence, Defendants aver that they did not issue any final decision within 6 months of receiving Plaintiff's February 9, 2005 request to reconsider and further aver that at the time they received the February 9, 2005 request to reconsider, Defendants had already issued a decision on the matter.  The remainder of the second sentence purports to identify an action alleged by Plaintiff to entitle him to seek judicial relief and thus constitutes a conclusion of law to which no response is required.

4.   Defendants admit the allegations in the first sentence only to the extent that on March 22, 2005, Defendants received an application from Plaintiff requesting a SSB based on a 1998 fitness report.  The remaining sentences purport to identify an action alleged by Plaintiff to entitle him to seek judicial relief, and thus constitute a conclusion of law to which no response is required.

5. Admit.

6.   Admit first sentence.  Second sentence constitutes a legal conclusion to which no response is required.

7. Admit.

8.   With regard to the allegations in this paragraph, Defendants admit that Plaintiff contacted a Marine Corps career counselor and are without information upon which to form a belief as to the accuracy of the remaining allegations and so deny.

9.    This paragraph constitutes a legal conclusion to which no response is required, but insofar as this paragraph alleges facts, Defendants are without sufficient information to form a belief as to the truth of the allegations, and so deny.

10.    Defendants are without information sufficient to form a belief as to the basis upon which Plaintiff submitted any particular documents or information to the FY 2004 promotion

2

board, having in its possession about such matters only information presented to it by Plaintiff, and on that basis deny the allegations of this paragraph.

11.   Admit.

12.   As to the first two sentences, Defendants admit that Plaintiff was not selected for promotion by the FY 2004 board, and that he reviewed his record with a Marine Corps career counselor in March of 2003.   Defendants are without information upon which to form a belief as to the accuracy of the information and opinions expressed in the remainder of this paragraph and on that basis deny.

13.   As to the first sentence, Defendants are without information upon which to form a belief as to the truth of the allegations and so deny.  The phrase "at the time" as used in the second sentence is vague and ambiguous as to time frame referenced, so that Defendants are without information upon which to form a belief as to the truth of the allegations in that sentence and so deny.  As to the third sentence, Defendants admit that Colonel Crowl had experience with the Marine Corps' promotion process, but lack the knowledge sufficient to form a belief as to what Plaintiff considers to be "significant" experience and so deny the remainder of that sentence.  As to the remainder of this paragraph, Defendants are without information upon which to form a belief as to the truth of the allegations asserted and so deny.

14.   Defendants admit the existence of a report from Captain D. Davidson located in Plaintiff's personnel record and that it covers a period ending November 26, 1990, but deny the remainder of this paragraph for lack of information upon which to form a belief as to the truth of the allegations asserted.

15.   Defendants deny this paragraph for lack of information upon which to form a belief as to the truth of the allegations asserted.

3

16.    Insofar as this paragraph is construed to allege facts, Defendants are without knowledge or information sufficient to ascertain what Plaintiff has intended to signify by use of the phrase "based on the face of" and therefore deny the allegation.  The remainder of the paragraph constitutes a legal conclusion to which no response is required.

17.    Defendants are without knowledge or information sufficient to ascertain what Plaintiff has intended to signify by use of the phrase "in preparing for a promotion board" and therefore deny the allegations in this paragraph.

18.    This paragraph constitutes legal conclusions to which no response is required, but insofar as this paragraph is construed to allege facts, Defendants are without knowledge or information sufficient to ascertain what Plaintiff  has intended to signify by use of the phrases "it is presumed" and "entitled to rely on," or in what context such phrases are intended to be understood, and so deny.

19.    Defendants admit that Plaintiff submitted letters of recommendation from individuals which fully and accurately explained his record and performance, and respectfully refer the Court to the signature blocks of these letters to ascertain the purported authors of these letters.   As to the remainder of this paragraph, Defendants are without information upon which to form a belief as to the truth of the allegations asserted and so deny.

20.    Defendants are without information upon which to form a belief as to the truth of the allegations asserted and so deny.

21.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the matter asserted, including information sufficient to ascertain the identity of General Hagee's "military attache," and so deny.

4

22.    Defendants admit that Plaintiff provided the Navy Board for Correction of Military Records (BCNR) with a letter purporting to be from former Captain Davidson, USMC, and respectfully refer the Court to a true and correct copy of that letter for the most complete and accurate statement of its contents, and deny the allegations of this paragraph insofar as they are inconsistent therewith.

23.    Defendants aver that the Marine Corps performance evaluation system was revised on December 3, 1998, and that the revised performance evaluation system and rationale therefor is explained within the text of Marine Corps Order 1610.7E, to which Defendants respectfully refer the Court for the most complete and accurate statement of its contents, and deny the allegations of this paragraph  insofar as they are inconsistent therewith.   Insofar as Plaintiff's averments constitute an attempt to construe  Marine Corps Order 1610.7E, those averments are legal conclusions to which no response is required.

24.    Defendants aver that Plaintiff provided his promotion boards with a letter from Colonel Scovel and deny the remainder of the allegations of the first sentence for lack of knowledge on which to form a belief as to the truth of the matters asserted.   The allegations of the second sentence constitute Plaintiff's attempt to characterize the statements made by Colonel Scovel therein.  Defendants respectfully refer the Court to that letter, dated September 3, 2003, for the explanation Colonel Scovel provided the promotion board regarding the significance and meaning of Plaintiff's fitness report marks, and for the most complete and accurate statement of its contents, and deny the allegations insofar as they are inconsistent therewith.

25.    Admit.

26.    Insofar as Plaintiff's allegations constitute legal conclusions concerning the legal relationship between the PERB and the Commandant of the Marine Corps (CMC), no response

5

is required.  Insofar as these allegations are deemed to constitute allegations of fact, Defendants

must deny for lack of knowledge on which to form a belief as to the truth of the matters asserted

because the allegations are not asserted in any factual context and are thus too vague to permit a

knowledgeable response.

27.  Defendants aver that Plaintiff petitioned the BCNR on May 6, 2003; respectfully

refer the Court to a true and correct copy of that petition for the most complete and accurate

statement of its contents; and deny the remaining allegations insofar as they are inconsistent

therewith.

28. The allegations of the first sentence are Plaintiff's own characterization of what he

considers to be the evidence that he included in his May 6, 2003 petition.  Defendants

respectfully refer the Court to a true, correct and complete copy of that petition for the most

complete and accurate statement of its contents, and deny the allegations insofar as they are

inconsistent therewith.  The second sentence represents, not averments of fact, but Plaintiff's

opinion as to what is proper and improper, to which no response is required.

29.  As to the first sentence, Defendants aver that on July 16, 2003, the PERB issued a

recommendation pertaining to Plaintiff's May 6, 2003 petition to BCNR. The allegations of this

paragraph attempt to characterize the PERB's recommendation.  Defendants respectfully refer

the Court to a true and correct copy of the PERB's July 16, 2003 recommendation for the most

complete and accurate statement of its contents, and deny the allegations insofar as they are

inconsistent therewith.

30.  Defendants admit the allegation in the first sentence.  As to the second and fourth

sentences, Defendants aver that Plaintiff responded to the PERB's July 16, 2003

recommendation on August 12, 2003, and respectfully refer the Court to a true and correct copy

of that response for the most complete and accurate statement of its contents, and deny the allegations of the second and fourth sentences insofar as they are inconsistent therewith. Defendants admit the third sentence on information and belief. As to the allegations in sentences three through six, Defendants admit that the BCNR asked the PERB at Plaintiff's request whether the PERB would be willing to reconsider their recommendation to deny relief, and the PERB twice refused.

31. Defendants aver that Plaintiff responded to the PERB recommendation on August 12, 2003. The allegations in this paragraph attempt to characterize statements and attachments contained in that response. Defendants respectfully refer the Court to a true and correct copy of that response for the most complete and accurate statement of its contents, and deny the allegations insofar as they are inconsistent therewith.

32. Defendants aver that on August 27, 2003, the BCNR ruled on Plaintiff's May 6, 2003 petition and granted the relief requested by Plaintiff therein. The remaining allegations in this paragraph attempt to characterize the findings in the August 27, 2003 BCNR ruling, to which Defendants respectfully refer the Court for the most complete and accurate statement of its contents, and deny the allegations insofar as they are inconsistent therewith.

33. Defendants admit that the fitness report corrected by the BCNR on August 27, 2003 was thirteen years old, and that the Secretary of the Navy accepted Plaintiff's BCNR petition as timely. The remainder of the paragraph asserts a legal conclusion to which no response is required.

34. This paragraph asserts, not averments of facts, but instead Plaintiff's theories, opinions and judgments about what is "improper," "material," and "competitive," to which no response is required, but insofar as the allegations are construed to allege facts, Defendants deny.

35.  Defendants aver that a different officer evaluation system existed prior to the current system, and that the earlier evaluation system was set forth in Marine Corps Order 1610.7E, to which Defendants respectfully refer the Court for the most complete and accurate statement of its contents, and deny the allegations in this paragraph insofar as they are inconsistent therewith. Insofar as the allegations in this paragraph assert, not averments of fact, but Plaintiff's theories, opinions and judgments about the operation of the evaluation system, no response is required.

36.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph concerning what Captain Davidson may have been aware of, and as such must deny the allegations.

37.  As to the first sentence, Defendants aver that Plaintiff submitted an SSB request to the Secretary of the Navy on September 16, 2004 (not on September 6th, as alleged).  The remaining  allegations in this paragraph attempt to characterize the SSB request submitted by Plaintiff, to which Defendants respectfully refer the Court for the most complete and accurate statement of its contents, and deny the allegations insofar as they are inconsistent therewith.

38. As to the first sentence, Defendants aver that the CMC's recommendation for the Secretary to deny Plaintiff's first SSB request was dated February 16, 2004.  The remaining allegations in the sentence attempt to characterize the CMC's recommendation, to which Defendants respectfully refer the Court for the most complete and accurate statement of its contents, and deny the allegations insofar as they are inconsistent therewith.  As to the allegation in the second sentence, Defendants lack knowledge or information sufficient to ascertain whether Plaintiff, by using the phrase "accepted this recommendation," intends to refer to the CMC's actual recommendation or instead to Plaintiff's alleged characterization thereof, and so must deny the allegations.

8

39.    The allegations in this paragraph attempt to characterize the CMC's February 16, 2004 recommendation to deny Plaintiff's first SSB request, and the PERB's July 16, 2003 recommendation to deny Plaintiff's BCNR petition, to which Defendants respectfully refer the Court for the most complete and accurate statements of their respective content, and deny the allegations insofar as they are inconsistent therewith.  Insofar as the allegations in this paragraph assert, not averments of fact, but Plaintiff's theories, opinions and judgments about these documents, no response is required.

40.    The allegations in this paragraph attempt to characterize the CMC's February 16, 2004 recommendation to deny Plaintiff's first SSB request, to which Defendants respectfully refer the Court for the most complete and accurate statements of its content, and deny the allegations insofar as they are inconsistent therewith.  Insofar as the allegations in this paragraph assert, not averments of fact, but Plaintiff's theories, opinions and judgments about that document, no response is required.

41.    The allegations in this paragraph attempt to characterize the CMC's February 16, 2004 recommendation to deny Plaintiff's first SSB request, and the BCNR's August 27, 2003 decision to consider Plaintiff's original petition, to which Defendants respectfully refer the Court for the most complete and accurate statements of their content, and deny the allegations insofar as they are inconsistent therewith.  Insofar as the allegations in this paragraph assert, not averments of fact, but Plaintiff's theories, opinions and judgments about these documents, no response is required.  Insofar as Plaintiff alleges that the two decisions are interconnected, Defendants deny.  Insofar as Plaintiff alleges that the two decisions are inconsistent, or that the statute of limitations in 10 U.S.C. §1552 is controlling of a determination of diligence under

Secretary of the Navy (SECNAV) Instruction 1401.1B, the allegations constitute legal conclusions to which no response is required.

42. The allegations in this paragraph constitute legal conclusions to which no response is required.

43. Defendants aver that Plaintiff filed a request for information under the Privacy Act (PA) and Freedom of Information Act (FOIA) on May 5, 2004, and subsequently appealed the denial of one record withheld under the FOIA, but are without knowledge or information sufficient to form a belief as to what Plaintiff may have been attempting to ascertain in doing so, and so deny that portion of the allegations of this paragraph that so allege. As to Plaintiff's characterization of his PA/FOIA request, Defendants respectfully refer the Court to the actual FOIA/PA request submitted by Plaintiff for the most complete and accurate statement of its contents, and deny the allegations insofar as they are inconsistent therewith. Defendants admit the second sentence.

44. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence and so deny. The second, third and fourth sentences constitute Plaintiff's characterization of a November 5, 2004 letter from Defendants to Plaintiff responding to his PA/FOIA request, FOIA/PA responses, and appeals thereof, to which Defendants respectfully refer the Court for the most complete and accurate statement of their contents and deny the allegations insofar as they are inconsistent therewith. As to the allegation in the fourth sentence, Defendants admit that a legal memorandum was initially withheld based on the FOIA exception contained in paragraph (b)(5) thereof. Defendants aver that this legal memorandum, constituting attorney work-product material, was properly withheld under the FOIA but was subsequently released after a determination that the memorandum had been

10

placed within a record covered by the PA.  As to any allegation that Defendants in any way acted

in bad faith, Defendants deny.

45.   Defendants aver that Plaintiff sought reconsideration of Defendants' initial decision

regarding disclosure of the subject legal memorandum; insofar as the first sentence attempts to

characterize Plaintiff's correspondence seeking reconsideration of that decision, Defendants

respectfully refer the Court to that correspondence for the most complete and accurate statement

of its contents and deny the allegations insofar as they are inconsistent therewith.  The

allegations in the second sentence constitute characterizations of Defendants' response to

Plaintiff's correspondence seeking reconsideration, to which Defendants respectfully refer the

Court for the most complete and accurate statement of its contents and deny the allegations

insofar as they are inconsistent therewith.  Insofar as the second sentence is deemed to allege

facts, Defendants admit that Plaintiff was eventually informed that a legal memorandum was

initially misfiled in Plaintiff's SSB file.  As to the allegation in the third sentence, Defendants

admit that a legal memorandum was initially withheld based on the FOIA exception contained in

paragraph (b)(5) thereof.

46. As to the first sentence, Defendants aver that an SJA legal memorandum was initially

misfiled and placed within Plaintiff's SSB file and deny the allegation that Plaintiff was

intentionally provided with false information. As to the allegation in the second sentence that

Defendants re-filed the SJA memorandum in its proper location in an attempt to avoid release to

plaintiff, Defendants deny.  Defendants aver that the SJA memorandum was released to Plaintiff

upon determining that it had been originally misfiled in his SSB file.

47. The allegations in this paragraph constitute Plaintiff's characterization of the contents

of the legal memorandum from the Staff Judge Advocate to the Commandant dated December

11

18, 2003, to which Defendants respectfully refer the Court for the most complete and accurate statement of its contents and deny the allegations insofar as they are inconsistent therewith.

48.   The allegations in this paragraph constitute Plaintiff's characterization of the contents of the legal memorandum from the Staff Judge Advocate to the Commandant dated December 18, 2003, to which Defendants respectfully refer the Court for the most complete and accurate statement of its contents and deny the allegations insofar as they are inconsistent therewith.

49.   Deny.

50.   Admit.

51.   The allegations in this paragraph constitute Plaintiff's characterization of the contents of the legal memorandum from the Staff Judge Advocate to the Commandant dated December 18, 2003, to which Defendants respectfully refer the Court for the most complete and accurate statement of its contents and deny the allegations insofar as they are inconsistent therewith.

52.   This paragraph purports to allege that hypothetical situations alleged by Plaintiff would be arbitrary and capricious.  As such, it is devoid of factual assertions to which Defendants would be required to respond and constitutes a conclusion of law to which no response is required.

53.   This paragraph purports to identify the cognitive abilities of an unnamed individual in hypothetical circumstances and asserts an opinion on that matter.  As such, it is devoid of factual assertions to which Defendants would be required to respond.

54.   This paragraph purports to allege that hypothetical situations alleged by Plaintiff would be arbitrary and capricious.  As such, it is devoid of factual assertions to which

12

Defendants would be required to respond and constitutes a conclusion of law to which no response is required.

55.  As to the first sentence, Defendants admit that Plaintiff spoke with Lieutenant Colonel Poleto, but are without knowledge or information sufficient to ascertain whether the conversation took place in person, or the meaning Plaintiff ascribes to the phrase "a reasonable time before," which is vague as to time frame, and defendants therefore deny for lack of knowledge sufficient to form a belief as to the truth of the remainder of the sentence.  As to the second sentence, Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted and on that basis deny the allegations.

56.  Insofar as the allegations in this paragraph attempt to characterize statements made in the CMC recommendation to the BCNR dated February 16, 2004, Defendants respectfully refer the Court to that CMC recommendation for the most complete and accurate statement of its contents, and deny the allegations insofar as they are inconsistent therewith.  Defendants aver that Plaintiff submitted a petition to BCNR on November 15, 2004, requesting an SSB, and that he submitted a supplemental petition to BCNR dated December 8, 2004 in support of the November 15th petition.   Insofar as the allegations of this paragraph allege the reasons why Plaintiff submitted these petitions, Defendants are without sufficient knowledge or information sufficient to form a belief as to the truth of the matters asserted and so deny.

57.  The allegations in this paragraph constitute Plaintiff's characterizations of statements made by Plaintiff in either his November 15, 2004 BCNR petition or his December 8, 2004 supplement to the petition, to which Defendants respectfully refer the Court for the most complete and accurate statement of their contents, and deny the allegations insofar as they are

inconsistent therewith.  Insofar as the paragraph asserts conclusions of law, no response is required.

58.  Admit.

59.  The allegations in this paragraph constitute legal conclusions to which no response is required.

60.  Defendants aver that Plaintiff submitted a petition to BCNR in December 2004. Insofar as the allegations in this paragraph constitute Plaintiff's characterizations of statements made by Plaintiff in that petition, Defendants respectfully refer the Court to a true and correct copy of that petition for the most complete and accurate statement of its contents, and deny the allegations insofar as they are inconsistent.

61.  Defendants aver that on January 28, 2005, the PERB issued a recommendation to the BCNR.  The allegations in the first two sentences of this paragraph constitute characterizations of that recommendation, to which Defendants respectfully refer the Court for the most complete and accurate statement of its contents, and deny the allegations insofar as they are inconsistent. The last four sentences constitute, not averments of fact, but instead Plaintiff's arguments, theories, opinions and judgments relating to the reasoning employed by the CMC and PERB in arriving at their recommendation, and constitute conclusions of law to which no response is required.

62.  This paragraph characterizes statements made by the PERB in its January 28, 2005 recommendation to the BCNR, to which Defendants respectfully refer the Court for the most complete and accurate statement of its contents, and deny the allegations insofar as they are inconsistent.

14

63. The allegations of this paragraph constitute, not averments of fact, but Plaintiff's opinions and judgments about CMC's decision, to which Defendants respectfully refer the Court for the most complete and accurate statement of its contents, and deny the allegations insofar as they are inconsistent.

64. This paragraph constitutes, not averments of fact, but Plaintiff's theories, opinions, judgments and conclusion of law to which no response is required, except that insofar as Plaintiff alleges his evaluation marks did not accurately reflect his performance or that the report was illegal, Defendants deny.

65. This paragraph constitutes, not averments of fact, but Plaintiff's theories, opinions, judgments and conclusion of law to which no response is required. To the extent that a response may be required, Plaintiff's remarks are based on the incorrect premise that the CMC denied Plaintiff's requested relief, and on that basis Defendants deny.

66. Defendants aver that Plaintiff filed a request for a second SSB with the BCNR on March 22, 2005 in conjunction with his reply to the PERB's January 28, 2005 recommendation to deny the requested changes to his 1998 fitness report. This paragraph characterizes statements made in Plaintiff's request, to which Defendants respectfully refer the Court for the most complete and accurate statement of its contents, and deny the allegations insofar as they are inconsistent therewith.

67. The allegations in this paragraph attempt to characterize the contents of documents attached to Plaintiff's March 22, 2005 petition to the BCNR replying to the PERB recommendation and requesting an SSB based on Plaintiff's 1998 fitness report. Defendants respectfully refer the Court to Plaintiff's petition and attachments thereto for the most complete

and accurate statement of their contents, and deny the allegations insofar as they are inconsistent therewith.

68.  Plaintiff's allegations in this paragraph constitute a conclusion of law to which no response is required.

69.  Plaintiff's allegations in this paragraph constitute, not averments of fact, but Plaintiff's theories, opinions, judgments and conclusion of law to which no response is required.

70.  The first sentence of this paragraph is vague as to the time frame referenced therein, since there is no starting point designated for the period referenced.  On that basis, Defendants deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted in the first sentence. The remainder of the paragraph constitutes, not averments of fact, but Plaintiff's theories, opinions, judgments and conclusion of law to which no response is required.

71.  Insofar as the first sentence of this paragraph is premised on an erroneous assertion that Colonel Scovel's fitness report was inaccurate, Defendants' deny.  The remainder of the paragraph constitutes, not averments of fact, but Plaintiff's theories, opinions, judgments and conclusion of law to which no response is required.

72.  The first sentence of this paragraph is vague as to the time frame referenced therein, since there is no starting point designated for the period referenced.  On that basis, Defendants deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted in the first sentence. The remainder of the paragraph constitutes, not averments of fact, but Plaintiff's theories, opinions, judgments and conclusion of law to which no response is required. .

73.    Insofar as the first sentence of this paragraph is premised on an erroneous assertion that Colonel Scovel's fitness report was inaccurate, Defendants' deny.  The remainder of the paragraph constitutes, not averments of fact, but Plaintiff's theories, opinions, judgments and conclusion of law to which no response is required.

74.    Defendants aver that Colonel Scovel submitted a letter in support of Plaintiff's BCNR petition on Feb 17, 2005.  Insofar as the allegations in this paragraph seek to characterize statements made in Colonel Scovel's letter, Defendants respectfully refer the Court to that letter for the most complete and accurate statement of its contents, and deny the allegations insofar as they are inconsistent therewith.

75.    Insofar as this paragraph is construed to allege facts, Defendants deny.  The remainder of the paragraph constitutes, not averments of fact, but conclusions of law to which no response is required.

76.    Defendants incorporate herein their responses to paragraphs 1-75 of the Complaint.

77.    The allegations in this paragraph constitute, not averments of fact, but conclusions of law to which no response is required.  Insofar as a response is deemed to be required, Defendants deny.

78.    Defendants incorporate herein their responses to paragraphs 53-70 of the Complaint.

79.    The allegations in this paragraph constitute, not averments of fact, but conclusions of law to which no response is required.  Insofar as a response is deemed to be required, Defendants deny.

17

The remaining paragraphs of the Complaint consist of Plaintiff's prayers for relief, which do not require an answer, but insofar as an answer may be deemed required, Defendants deny.

Except to the extent expressly admitted or qualified above, Defendants deny each and every allegation in the Complaint.  Defendants deny that Plaintiff is entitled to the relief sought in the Complaint, or to any relief whatsoever.

Having fully answered, Defendants respectfully request that this action be dismissed with prejudice and that Defendants be granted its costs and any such relief that this Court deems appropriate.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

_____
LISA S. GOLDFLUSS, D.C. Bar #417787
Assistant United States Attorney
555 4th Street, N.W.,
Washington, D.C.  20530
(202) 514-7198
Counsel for Defendant

Of Counsel:
Lieutenant Commander James A. Ouellette
Litigation Attorney
Office of the Judge Advocate General
1322 Patterson Avenue, Bldg 33, Ste 3000
Washington Navy Yard, D.C.  20374-5066

18

## CERTIFICATE OF SERVICE

I hereby certify that on this 24 day of October, 2005, I caused the foregoing to be served first class mail, postage prepaid, addressed as follows:

**JACKSON L. MCGRADY**, **Pro Se**
**820 Bright Street**
**Fredericksburg, Virginia 22134**

and by email at Mr. McGrady's request.

_____
LISA S. GOLDFLUSS,
Assistant United States Attorney

19