11/04/05  FRI 07:59 FAX 7037845128                                                                ☒002

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACKSON L. MCGRADY, | ) |
| Plaintiff | ) |
| v. | ) Case Number: 05-1651 (GK) |
| DEPARTMENT OF THE NAVY, GORDON R. ENGLAND, Secretary of the Navy, | ) |
| Defendants | ) |

## JOINT MEET AND CONFER STATEMENT AND STATEMENT OF THE CASE

The parties, by Order of the Court filed October 25, 2005, have conferred and hereby respectfully file their Joint Meet and Confer Statement and Statement of the Case.

This case involves a challenge to the determination of the Secretary of the Navy to deny Plaintiff's request that the Navy convene a Special Selection Board ("SSB") pursuant to 10 U.S.C. § 628 to consider whether Plaintiff should be selected for promotion. As such, the case involves, respectively, a determination by the Secretary of the Navy rendered on the basis of an administrative record, and his reliance on a determination by the Board of Corrections for Naval Records ("BCNR"), also made on the basis of an administrative record. Under § 628, judicial review is limited to a review of the administrative record under a standard identical to that governing judicial review under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-06. Having provided this context, the parties address below the various components of Local Civil Rule 16.3.

I. JOINT MEET AND CONFER STATEMENT.

1. The case is likely to be disposed of by dispositive motion. No dispositive motions have yet been filed. Because judicial review is limited to the administrative record, no discovery is required.

2. No other parties will be joined. The pleadings will not be amended. The parties believe that certain factual issues may be narrowed.

3. Plaintiff believes that this case should not be assigned to a Magistrate Judge. Defendant consents to the assignment of this case to a Magistrate Judge.

4. The parties believe that there is no realistic possibility of settling the case at this time.

5. The parties have discussed the possibility of ADR and do not believe the case would benefit from ADR. Counsel for defendant has conferred with her agency counsel regarding ADR and the agency does not believe that ADR would be fruitful.

6. The case can be resolved by dispositive motion. The following briefing schedule is proposed:

a. Cross-Motions for Summary Judgment:    December 21, 2005

b. Oppositions:                           January 20, 2006

c. Replies:                               February 10, 2006

7. The parties do not believe that this case is appropriate for Fed.R.Civ.P. 26(a)(1) disclosures and would stipulate to dispense with any requirement for such disclosures.

8. No discovery is required. A decision can be made on the administrative record.

9. No expert witnesses will testify in this case.

10. Not applicable as this is not a class action case.

2

11. There is no need to bifurcate the hearing or manage it in stages.

12. The parties do not anticipate that there will be a trial in this case, as judicial review is limited to the administrative record.

13. The parties do not anticipate that there will be a trial in this case, as judicial review is limited to the administrative record.

14. There are no other matters that are appropriate for inclusion in a scheduling order.

## II. JOINT STATEMENT OF THE CASE.

Plaintiff has filed a two-count Complaint seeking judicial review of Defendants' denials of Plaintiff's two requests for a Special Selection Board ("SSB").

### A. Statement of Facts.

1. **Count I** Plaintiff was considered, but not selected, for promotion by the Fiscal Year ("FY") 2004 lieutenant colonel ("LTC") promotion selection board. Subsequently, Plaintiff petitioned Defendants to amend the rankings on one of Plaintiff's fitness reports (performance evaluations) and allow him to be reconsidered for promotion before the next scheduled board. Defendants, through the Board for Correction of Naval Records ("BCNR"), granted Plaintiff the relief he requested. Based on the corrected fitness report, Plaintiff then requested that Defendants convene an SSB pursuant to 10 U.S.C. § 628. Plaintiff contends that the correction made to his fitness report was material, that the relief granted by the BCNR pursuant to 10 U.S.C. § 1552 entitles him to an SSB, and that the basis for denial of his request is contrary to law under the standards set forth in 10 U.S.C. § 628. Plaintiff also contends that Defendants' sole reason for rejection of his SSB request was that he failed to exercise reasonable diligence in correcting a thirteen-year-old fitness report. Defendants disagree with Plaintiff's

3

characterization of the justification for his SSB denial, and contend that the Secretary of the Navy properly refused to grant Plaintiff an SSB.

Plaintiff asserts that this change in his fitness report was "material" within the meaning of 10 U.S.C. § 628 and Defendants' implementing regulations. Plaintiff also claims that he exercised "reasonable diligence" within the meaning of applicable instructions, and thus the Defendants' failure to convene an SSB pursuant to the corrected fitness report was contrary to law, warranting judicial intervention under the standards set forth in 10 U.S.C. § 628. Defendants contend that granting an SSB was not authorized by 10 U.S.C. § 628 in this case, and that even if it were authorized, the Defendants' decision to deny the SSB was not contrary to law under the standards set forth in the statute.

**2. Count II** Plaintiff was considered, but not selected, for promotion by the FY 2004, 2005, and 2006 lieutenant colonel selection boards. After the FY 2006 LTC selection board failed to select Plaintiff for promotion, Plaintiff petitioned the BCNR to alter a second fitness report, alleging that the reviewing officer who signed the report changed his grading (rating) philosophy over time, to Plaintiff's detriment. Plaintiff asserts that the reviewing officer's change in rating philosophy violates one of Defendants' regulations, and that the fitness report in question constituted material error because it was considered by the FY 2004, 2005, and 2006 LTC selection boards. Plaintiff claims that his request for an SSB should have been granted, and that Defendants' decision to deny the SSB was contrary to law under the standards set forth in 10 U.S.C. § 628. Defendants assert that the denial of Plaintiff's request was proper because the fitness report was not in error, and that there was, therefore, no authority or basis to convene an SSB.

4

Plaintiff seeks review of Defendants' denial of his second SSB request, and he challenges Defendants' underlying determination that the FY 2004, 2005, and 2006 selection boards' consideration of the second fitness report did not constitute material error. Plaintiff contests the validity of the BCNR's determination that the second fitness report contained no error.

**b. Statutory Bases for All Causes of Action.** This Court has the authority to review a service Secretary's denial of an SSB request under the standard set forth in 10 U.S.C. § 628, which may require the Court to review the underlying administrative record which served as the basis for that denial. As such, the standard of review in 10 U.S.C. § 628 closely follows the standard set forth by the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-06.

**c. Defenses.** As to Count I of the Complaint, Defendants claim that Plaintiff has failed to state a claim for which relief can be granted, and that the SSB denial was not contrary to law under 10 U.S.C. § 628 because Plaintiff fails to show the Secretary's decision had no basis in fact. As to Count II of the Complaint, Defendants assert that the second SSB denial was not contrary to law under 10 U.S.C. § 628, and that Plaintiff fails to show the Secretary's decision

had no basis in fact.

> Respectfully submitted,
>
> /s/ Jackson L. McGrady
> JACKSON L. MCGRADY
> 820 Bright Street
> Fredericksburg, Virginia 22401
> Plaintiff *pro se*
>
> /s/ Kenneth L. Wainstein (duh)
> KENNETH L. WAINSTEIN, D.C. Bar # 451058
> United States Attorney
>
> /s/ R. Craig Lawrence (duh)
> R. CRAIG LAWRENCE, D.C. Bar # 171538
> Assistant United States Attorney
>
> /s/
> LISA S. GOLDFLUSS, D.C. Bar #417787
> Assistant United States Attorney
> 555 4th Street, N.W., Tenth Fl.
> Washington, D.C. 20530
> (202) 514-7198
> Counsel for Defendants

6

## CERTIFICATE OF SERVICE

I hereby certify that on this ___8th___ day of November, 2005, I caused the foregoing to be served first class mail, postage prepaid, addressed as follows:

JACKSON L. MCGRADY, Pro Se
820 Bright Street
Fredericksburg, Virginia 22401

LISA S. GOLDFLUSS
Assistant United States Attorney