UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JACKSON L. MCGRADY,            )
                               )
      Plaintiff              )
                               )
      v.                     )   Case Number: 05CV01651 (GK)
                               )
DEPARTMENT OF THE NAVY,        )
GORDON R. ENGLAND, Secretary   )
of the Navy,                   )
                               )
      Defendants             )

### DECLARATION OF JACKSON L. MCGRADY

1. I am the Plaintiff in the above captioned case. The purpose of this Declaration is two fold. The first purpose is to explain Plaintiff's communications with Lieutenant Colonel Carberry and Captain Gaffney during March 2005. During March 2005 both officers were assigned within the Office of the Staff Judge Advocate to the Commandant of the Marine Corps. The Commandant of the Marine Corps is General M. Hagee. The second purpose is to describe Plaintiff's efforts in the summer of 2003 to obtain a letter of clarification from General Hagee concerning a performance evaluation written by him on Plaintiff when General Hagee was a lieutenant colonel.

2. On March 17, 2005, Captain Gaffney contacted Plaintiff concerning his February 7, 2005, request for reconsideration submitted by Plaintiff after the Secretary of the Navy denied Plaintiff's initial SSB request on April 16, 2004. One of Captain Gaffney's duties at the time was to assist in formulating legal opinion concerning SSB request. Captain Gaffney questioned Plaintiff on how he had obtained a letter from Captain Davidson that, in part, served as the basis for a correction to Plaintiff's military record. It was this change in the Plaintiff's report that served as the basis for Plaintiff's SSB request.

3. In response to Captain Gaffney's question, Plaintiff explained that he contacted Captain Davidson in an attempt to put a "gloss" on the marks that were originally assigned in an attempt to lessen the negative inference that could be drawn from the markings. Plaintiff also explained that he had contacted General Hagee for a similar letter concerning a report written by, then, Lieutenant Colonel Hagee, while Plaintiff was under his command. Plaintiff also identified that he contacted Colonel Scovel for a clarification on anther report.

EXHIBIT (11)
068

4. Plaintiff explained that when he spoke with Captain Davidson, Captain Davidson, instead of merely placing the markings in context, explained that he had falsified the rankings on the report. Plaintiff explained that General Hagee, through his military attaché declined to provide a letter.

5. On March 21, 2005, Plaintiff sent to Captain Gaffney's supervisor, Lieutenant Colonel Carberry, an e-mail communication. A copy of this communication is included as enclosure (1) to this Declaration. The e-mail referenced the conversation between Captain Gaffney and Plaintiff. Captain Gaffney was included on the e-mail. Plaintiff indicated that he trusted he had satisfactorily explained Captain Gaffney's question and asked that he be allowed to clarify any points or provide additional information about any aspect of Plaintiff's request. Plaintiff noted Defendants' characterization of the process as an "interactive" one.

6. Lieutenant Colonel Carberry responded to Plaintiff that he would be contacted if there were any further questions. Plaintiff was never contacted to provide a statement or any additional information. Plaintiff on April 5, 2005, wrote a memo for the record concerning his recollection of his conversation with Captain Gaffney on March 17, 2005. A copy of that memorandum is included as enclosure (2) to this Declaration.

7. On July 1, 2003, Plaintiff contacted General Hagee by e-mail. A copy of this e-mail is included as enclosure (3) to this declaration. In the e-mail, Plaintiff noted to General Hagee that a career counselor had indicated that General Hagee's report could have been viewed negatively. Plaintiff expressed to General Hagee that Plaintiff did not believe that was General Hagee's intent and that the report was not "code" for a negative comment. Contained within the e-mail, Plaintiff provided a draft letter for General Hagee's review. A copy of the letter is included as enclosure (4) to this declaration. The letter sought to put General's Hagee's mark in context by noting that the report was written at a time when there was a push to control grade inflation and that the report was meant to reflect favorable on Plaintiff's performance. General Hagee, through his military attaché, declined to provide the letter out of a concern that, given his current position as the CMC, the letter would unduly influence a promotion board.

8. Per the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on December 29, 2005.

*Jackson L. McGrady*
JACKSON L. MCGRADY
Major, U.S. Marine Corps
Plaintiff

069

2

**From:** Carberry Lt Col James K
**Sent:** Monday, March 21, 2005 3:47 PM
**To:** Mcgrady Maj Jackson L; Carberry Lt Col James K
**Cc:** Gaffney Capt Christopher M
**Subject:** RE: SSB REQUEST

Thanks Jack. If we need any thing cleared up, we'll give you a ring. Appreciate your input. S/F Carberry

LtCol Jim Carberry
Research and Civil Law (JAR)
(703) 614-2510/1513 DSN 224
Fax (703) 695-1934 DSN 225
carberryjk@hqmc.usmc.mil

-----Original Message-----
**From:** Mcgrady Maj Jackson L [mailto:jackson.mcgrady@usmc.mil]
**Sent:** Monday, March 21, 2005 3:26 PM
**To:** Carberry Lt Col James K
**Cc:** Gaffney Capt Christopher M
**Subject:** SSB REQUEST

Sir,

Capt Gaffney phoned me on Thursday (17 Mar 2005) of last week to clarify a point in my SSB request. I appreciated his call and, quite frankly, see it as a part of the "interactive nature" of special selection boards as identified in Major Gillis' letter to me of 9 Feb 2005. I wish that such an inquiry had been made during the processing of my original request, which was denied based upon a lack of evidence of career counselor contact. Such a simple inquiry would have confirmed that I did contact a career counselor before the convening of the board, and avoided the need for almost a year long delay while I filed multiple Privacy Act requests, requests for reconsideration, and Privacy Act appeals, over a point that should have never been in dispute.

In this vein, although I trust I adequately addressed Capt Gaffney's question, I would welcome an opportunity to address any additional concerns that JAR may have concerning my present request. I have spent the better part of two years examining the law on SSBs. Based on the objective evidence presented in my package, I was "reasonably diligent." If your office has any concerns about my "reasonable diligence", I would much prefer to address them at this point in order to avoid another round of Privacy Act requests, etc.

If you recommended denial and MMPR is consistent with its past practice, it will not reference any of the SJA's analysis in its decision letter, but will simply state the conclusion without the supporting rationale. Assuming that MMPR has now revamped its filing system so that it no longer files the SJA opinion's in the Privacy Act covered folders, I may not be able to obtain the legal memo to be able to address any legal concerns. In my original request, absent MMPR's filing of the SJA memo in the file and my successful reconsideration requests to Ms. Ross, my SSB request would have been denied in error, e.g. lack of career counselor contact. I wish to avoid the possibility of a similar situation and is why I make this request.

V/r

Major J. L. McGrady
Associate Counsel, Labor & Employment
MCCDC/MCB Quantico VA
(703) 784-3009/2902

ENCLOSURE ( 1 )
070

**MEMORANDUM FOR THE RECORD**

5 April 2005

Subj:  PHONECON BTWN MAJ MCGRADY & CAPT GAFFNEY ON 17 MAR 05

Capt Gaffney, from Judge Advocate Division (JAD), called me on 17 Mar 2005 to ask a question concerning my SSB request for reconsideration. Specifically, he wanted to know how I obtained the letter from Davidson.

I explained that after the board I began calling several of my reporting seniors and reviewing officers in an attempt to put a gloss on their reports. I mentioned that a career counselor had mentioned a concern about Col Hagee's report and I explained that I had contacted the Commandant to write me a letter. I told him to speak with Col Walker as he was the one who handled my request to the Commandant. I also explained that I spoke with Col Scovel after a concern had been raised about the consistency of the comments and the markings. I then explained that I called Davidson about his report and that is when he admitted to me that he had falsified the report.

Capt Gaffney did not ask for any written statement and I do not know whether he memorialized our discussion. However, I thought it prudent to send an e-mail to LtCol Carberry, Capt Gaffney's superior, offering to provide additional clarification on this issue or any other. I sent this e-mail on 21 Mar 04. He responded the same day to the effect that JAD would contact me if they needed additional information.

To date, I have not heard anything further from JAD.

From:     McGrady Maj Jackson L
Sent:     Tuesday, July 01, 2003 1:12 PM
To:       Hagee Gen Michael W
Subject:          Subj: FITNESS REPORTS FROM 1/8

General Hagee,

1. Congratulations!

2. I last spoke with you in Feb 1993 to obtain a missing fitness report in preparation for applying for the Excess Leave Program (Law). I was selected and graduated cum laude in 1996. I was later selected for the Special Education Program (SEP). I graduated from Georgetown University in 2002 with a Master of Laws Degree (Labor and Employment). I was assigned to Mr. Murphy's office and am filling a SEP billet in Quantico.

3. I was not selected for promotion to lieutenant colonel on the last board. The career counselors cited my competitive rankings (7 above and 8 below), predominantly from my reports as a first lieutenant, as a possible reason. The primary problem was that Capt Davidson (he was the S-4 for part of your command) ranked me 3 of 3 on a report. He recently acknowledged that I should have been ranked 1 of 3 and admits that he improperly ranked me to give 2 other officers (Tiller and Frazier) a better chance at augmentation. A copy of his letter is attached (.tif file). I am addressing this issue through the appropriate channels. However, a career counselor also indicated to me that one of your reports could have been problematic. I have attached copies of your 3 reports on me (.pdf files). The one in question is the middle report.

4. The report was given at a time when there was a push to control inflation, and, I suspect, was part of the reason I was not ranked outstanding. In order to ameliorate any negative connotation, you indicated in section C that I was in the top ¼ of the battalion's 38 lieutenants. Given the quality of the officer's in the battalion, I was proud of that report and thought that it reflected favorably on me and my contributions to the unit. As such, I was inclined to dismiss the opinion of the career counselor, but a general officer echoed a similar sentiment in a PME by saying that a "top ¼" comment was viewed negatively. While this was an old report, I believe, based on talks with my peers who did and did not get promoted and the "gouge" notes from the board, the board gave first lieutenant reports significant weight and may have been easy discriminators.

5. I believe that you meant what you wrote and that it was not "code" for a negative comment. In preparing for the next board, I was hoping that you would provide a letter to that effect. I have taken the liberty of providing a draft (.doc file).

6. Thank you for your consideration in this matter.


Very Respectfully,

Major Jack McGrady
PO Box 1183
3250 Catlin Ave Suite 215
Quantico, Virginia  22134
Comm:  (703) 784-3009
DSN:   278-3009
Fax:   (703) 784-5128

This e-mail, and any attachment thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/ or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution, or copying of this transmission, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify this sender immediately at the telephone number listed above and permanently delete the message and its accompanying attachments from your computer.

ENCLOSURE (3)
072

From: General M. W. Hagee
To: President, FY05 U.S. Marine Corps Lieutenant Colonel Selection Board

Subj: FITNESS REPORT CLARIFICATION

1. Major McGrady was my supply officer from 11 Apr 89 through 13 May 90 while I was the commander of 1st Battalion, 8th Marines. I signed three of Major McGrady's fitness reports. During the marking period for the second report (19890521 - 19891231), there was an initiative to control grade inflation. I complied by spreading the distribution of the lieutenants on whom I directly reported. I recognized that some reporting seniors might not comply with the initiative in which case some of my officers could be disadvantaged. To ameliorate this possibility, as it applied to Major McGrady, I included a comment in section C noting that Major McGrady was in the top ¼ of the 38 first lieutenants in the battalion.

2. It appears that this may now be misconstrued as a negative comment or some type of "code" for sub-standard performance. I assure you that was not my intent. Major McGrady's performance exceeded that of at least 29 other first lieutenants in the battalion. My report was meant to reflect very favorably on Major McGrady's technical skills, his qualities as a Marine officer, and his potential for further service to the Marine Corps. This report should be given its appropriate weight.

M. W. HAGEE

ENCLOSURE (4)
073