# Electronic Code of Federal Regulations (e-CFR)

## BETA TEST SITE

## e-CFR Data is current as of December 27, 2005

**Title 32: National Defense**
PART 723—BOARD FOR CORRECTION OF NAVAL RECORDS

Browse Previous | Browse Next

### § 723.3   Application for correction.

(a) *General requirements.* (1) The application for correction must be submitted on DD 149 (Application for Correction of Military Record) or exact facsimile thereof, and should be addressed to: Board for Correction of Naval Records, Department of the Navy, 2 Navy Annex, Washington, DC 20370–5100. Forms and other explanatory matter may be obtained from the Board upon request.

(2) Except as provided in paragraph (a)(3) of this section, the application shall be signed by the person requesting corrective action with respect to his/her record and will either be sworn to or will contain a provision to the effect that the statements submitted in the application are made with full knowledge of the penalty provided by law for making a false statement or claim. (18 U.S.C. 287 and 1001)

(3) When the record in question is that of a person who is incapable of making application, or whose whereabouts is unknown, or when such person is deceased, the application may be made by a spouse, parent, heir, or legal representative. Proof of proper interest shall be submitted with the application.

(b) *Time limit for filing application.* Applications for correction of a record must be filed within 3 years after discovery of the alleged error or injustice. Failure to file within the time prescribed may be excused by the Board if it finds it would be in the interest of justice to do so. If the application is filed more than 3 years after discovery of the error or injustice, the application must set forth the reason why the Board should find it in the interest of justice to excuse the failure to file the application within the time prescribed.

(c) *Acceptance of applications.* An application will be accepted for consideration unless:

(1) The Board lacks jurisdiction.

(2) The Board lacks authority to grant effective relief.

(3) The applicant has failed to comply with the filing requirements of paragraphs (a)(1), (a)(2), or (a)(3) of this section.

(4) The applicant has failed to exhaust all available administrative remedies.

(5) The applicant has failed to file an application within 3 years after discovery of the alleged error or injustice and has not provided a reason or reasons why the Board should find it in the interest of justice to excuse the failure to file the application within the prescribed 3-year period.

(d) *Other proceedings not stayed.* Filing an application with the Board shall not operate as a stay of any other proceedings being taken with respect to the person involved.

(e) *Consideration of application.* (1) Each application accepted for consideration and all pertinent evidence of record will be reviewed by a three member panel sitting in executive session, to determine

EXHIBIT (12)
074

whether to authorize a hearing, recommend that the records be corrected without a hearing, or to deny the application without a hearing. This determination will be made by majority vote.

(2) The Board may deny an application in executive session if it determines that the evidence of record fails to demonstrate the existence of probable material error or injustice. The Board relies on a presumption of regularity to support the official actions of public officers and, in the absence of substantial evidence to the contrary, will presume that they have properly discharged their official duties. Applicants have the burden of overcoming this presumption but the Board will not deny an application solely because the record was made by or at the direction of the President or the Secretary in connection with proceedings other than proceedings of a board for the correction of military or naval records. Denial of an application on the grounds of insufficient evidence to demonstrate the existence of probable material error or injustice is final subject to the provisions for reconsideration contained in §723.9.

(3) When an original application or a request for further consideration of a previously denied application is denied without a hearing, the Board's determination shall be made in writing and include a brief statement of the grounds for denial.

(4) The brief statement of the grounds for denial shall include the reasons for the determination that relief should not be granted, including the applicant's claims of constitutional, statutory and/or regulatory violations that were rejected, together with all the essential facts upon which the denial is based, including, if applicable, factors required by regulation to be considered for determination of the character of and reason for discharge. Further the Board shall make a determination as to the applicability of the provisions of the Military Whistleblower Protection Act (10 U.S.C. 1034) if it is invoked by the applicant or reasonably raised by the evidence. Attached to the statement shall be any advisory opinion considered by the Board which is not fully set out in the statement. The applicant will also be advised of reconsideration procedures.

(5) The statement of the grounds for denial, together with all attachments, shall be furnished promptly to the applicant and counsel, who shall also be informed that the name and final vote of each Board member will be furnished or made available upon request. Classified or privileged material will not be incorporated or attached to the Board statement; rather, unclassified or nonprivileged summaries of such material will be so used and written explanations for the substitution will be provided to the applicant and counsel.

Browse Previous | Browse Next

For questions or comments regarding e-CFR editorial content, features, or design, email ecfr@nara.gov.

For questions concerning e-CFR programming and delivery issues, email webteam@gpo.gov.

Last updated: July 27, 2005