IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JACKSON L. MCGRADY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1651 (GK) |
| | ) | |
| GORDON R. ENGLAND | ) | |
| Secretary of the Navy, et al. | ) | |

**DEFENDANTS' MOTION TO AMEND BRIEFING SCHEDULE**

Defendants, by undersigned counsel, pursuant to Fed. R. Civ. P. 6(b), and for good cause shown, hereby respectfully move to amend the briefing schedule in this case so as to permit defendants Secretary of the Navy ("Secretary") and the Department of the Navy to file their motion for summary judgment on or before February 14, 2006 (representing an enlargement of 18 days); to permit the parties' briefs in opposition to cross-motions for summary judgment to be filed on or before March 14, 2006; and to permit reply briefs to be filed by April 4, 2006. Defendants' motion for summary judgment is currently due today, January 27, 2006. Defendants do not lightly seek this request; recognize the disfavor with which the timing of the filing of this enlargement motion will be received; fully appreciate the interest of plaintiff in proceeding apace with this litigation; and regret that the filing of this motion has become necessary at all. Defendants file this motion based on the following grounds:

This action relates to numerous recommendations and decisions by various entities within the Department of the Navy concerning a number of petitions, requests and letters from plaintiff relating to his efforts to correct records that he deems to have been material in determinations not to promote him to the rank of Lieutenant Colonel in the Marine Corps, and then to obtain from

the Secretary a decision to convene a special selection board to consider plaintiff for a promotion to Lieutenant Colonel.  A reading of the Complaint demonstrates that the factual matters are complex.   Government counsel has been working very closely with the Navy in identifying the relevant statutes and regulations that govern various aspects of this factually complex case and to identify, as well, the relevant portions of the ample administrative record, and then to present to the Court the legally relevant matters in a manner that is clear, concise, and thorough.  Communications between the Navy and government counsel have met up with some challenges, however, and there are certain sections of the case that still require clarification before the government may file a proper brief.  The last undersigned counsel represents to the Court and to plaintiff that both agency counsel and the undersigned have spent considerable periods of time working on this matter, and that certain disadvantages have resulted from (a) the transfer of the case from one agency counsel to another due to the birth of the first agency's counsel's child in recent months; (b) a recent death in the family of the undersigned; and (c) the significant workload of the undersigned.  Although both agency counsel and the undersigned made every effort to have defendants' papers finalized and filed by today, it has become apparent at this writing that the brief is not in a form that would conform to the standards of this Court.

  As in all civil actions pending on the docket of the undersigned, the plaintiff in this case is interested in an expeditious resolution of his case, and counsel understands the diligent practice of this Court in maintaining the pace of its docket.  Unfortunately, the litigation schedule of the undersigned during the upcoming two-week period will make it extremely difficult to finalize defendants' papers during the course of that period due to the exigencies of matters in other cases currently pending before the United States District Court and the United

State Court of Appeals. That said, while defendants are requesting an enlargement to February 14, 2006, defendants intend to make every attempt to file defendants' motion for summary judgment as soon as it can be completed. It is the undersigned's objective to work with counsel for the Navy through the weekend, and to file the brief as soon as possible. In the event that defendants can file their summary judgment motion before February 14th, defendants will move to amend the dates proposed in this motion accordingly.

Based on the foregoing reasons, defendants respectfully move that the enlargement sought be granted, and that the briefing schedule in this case be amended as set forth above and in the attached proposed order.

Counsel for defendants has conferred with plaintiff *pro se* regarding this motion and plaintiff does not consent to the motion.

Respectfully submitted,

---

KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

---

R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

---

LISA S. GOLDFLUSS, D.C. Bar #417787
Assistant United States Attorney
555 4th Street, N.W., Tenth Fl.
Washington, D.C. 20530
(202) 514-7198
Counsel for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of January 2006, I caused the foregoing to be served upon plaintiff via e-mail to the email address designated by plaintiff.

_____
LISA S. GOLDFLUSS
Assistant United States Attorney