## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JACKSON L. MCGRADY,       )
                       )
      Plaintiff          )
                       )
      v.               )      Case Number: 05CV01651 (GK)
                       )
DEPARTMENT OF THE NAVY,   )
GORDON R. ENGLAND, Secretary  )
of the Navy,                )
                       )
      Defendants      )

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO AMEND BRIEFING SCHEDULE

On January 27, 2006, Defendants filed a motion to amend the previously enlarged briefing schedule and correctly noted Plaintiff's opposition. Plaintiff formalizes his opposition through this filing and identifies three reasons why Defendants' motion should be denied. First, Plaintiff has already been more than accommodating of Defendants' previous requests for extension. Second, Plaintiff's case should not be complex from the perspective of the Department of the Navy and additional time should not be required for agency counsel to understand the applicable orders and regulations. Third, further delay will negatively impact Plaintiff's career.

## I.  PLAINTIFF HAS BEEN MORE THAN ACCOMMODATING OF DEFENDANTS' SCHEDULE.

Defendants filed the administrative record on November 4, 2005. (Document Number 12.) The parties submitted their joint meet and confer statement on November 8, 2005. (Document Number 14.) The parties agreed to file cross motions for summary

**RECEIVED**

JAN 3 0 2006

1

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

judgment on December 21, 2005, with oppositions being due on January 20, 2005, and replies on February 10, 2006. The period for the opposition and reply are well outside of the timeframes established by LCvR 7, e.g. 11 and 5 days respectively. However, understanding that these timeframes would be unrealistic, Plaintiff believed that entering into this briefing schedule was appropriate in order to avoid governmental delay.

Also, on November 8, 2005, Defendants filed a consent motion to withdraw the administrative record because of a number of flaws in the submission identified by the Plaintiff to include the argumentative nature of the table of contents. (Document Number 15.) Defendants sought leave to withdraw the administrative record and resubmit it on or before November 21, 2005. In that motion Defendants stated that "[t]he parties do not believe that the re-filing of the Administrative Record, along with a revised Table of Contents, will affect any of the dates incorporated into the briefing schedule set forth in the parties' joint meet-and-confer statement being filed today . . .." Defendants, after requesting an uncontested one-day enlargement of time, submitted the administrative record on November 22, 2005.

On December 16, 2005, the parties submitted a joint request for an amended briefing schedule. The rationale was to allow the parties to continue discussions that would increase the "mutual understandings regarding the issues in this case and the process of narrowing those issues." Although the parties had originally discussed January 6, 2006, as the due date for cross-motions, Plaintiff agreed to January 13, 2006, to accommodate opposing counsel's schedule. Thus, the parties requested that cross motions would be due on January 13, 2006, oppositions on February 13, 2006, and replies on March 13, 2006.

In compliance with the briefing schedule, Plaintiff submitted his motion for summary judgment via U.S. mail on January 9, 2006. On or about January 10, 2006, opposing counsel contacted Plaintiff to request a two week extension to file Defendants' summary judgment motion. Plaintiff would not agree to a two week extension but did agree to a one week extension, which would have made Defendants' motion due on January 20, 2006. However, on January 12, 2006, Plaintiff was contacted by Defendants' counsel concerning the death of a family member. Given these circumstances, Plaintiff consented to a two week delay, which made Defendants' motion due on January 27, 2006.

On January 26, 2006, Defendants' counsel contacted Plaintiff requesting a **one day** extension, because of concerns about the form of certain citations in the Agency's brief. Plaintiff indicated that he opposed the one-day extension. Regardless, on January 27, 2005, after 5:00 pm, Defendants now request an extension of an additional 18-days. Plaintiff vehemently objects to such an extension. It is inconceivable that on January 26, 2006, a one-day extension is needed and on the next day, an **18-day extension** is requested.

## II. PLAINTIFF'S CASE IS NOT COMPLEX.

Defendants argue that the case is complex. It is not. Perhaps, the Department of Justice may not be intimately familiar with intricacies of regular promotion boards and Special Selection Boards. However, the legal principals, under an APA standard of review, should be familiar to all parties. Quite simply, the ultimate issues are whether certain changes to Plaintiff's military record are "material" and whether Plaintiff exercise

3

"reasonable diligence" to ensure the accuracy of his military record as those terms are used in the agency's regulations. These are not complex questions.

Defendants also cite to the size of the administrative record. The administrative record consists of 656 pages. A large part of the record is duplicative (120 pages) in that it consists of Plaintiff's submission of the same or similar material to the various deciding officials in various stages of the administrative process. Further, as discussed between counsel, a large part of the record (130 pages) is irrelevant and was only included because of the manner in which the agency maintains its records. Quite simply, there are not that many relevant documents. Further, Defendants produced a comprehensive table of contents that should make understanding the documents relatively simple.

Plaintiff notes, and is apparent in Defendants' motion, that agency counsel, as opposed to the Department of Justice counsel assigned to the case, is primarily responsibly for articulating the agency's position and is the primary reason for yet another request to delay. Agency counsel should be able to readily articulate the statutory and regulatory scheme applicable to Plaintiff's case. Plaintiff's is not a novel case from the perspective of the Department of the Navy. Further, Plaintiff has already articulated the applicable standards and framework in his request for reconsideration that was filed during the administrative processing of his case. Plaintiff articulated the applicable standards and framework in his motion for summary judgment, which was submitted on September 7, 2005. Even though that motion was ultimately withdrawn, Defendants should have still be able to benefit from it. Plaintiff, again, articulated the applicable standards and framework in his latest motion for summary judgment, which was submitted on January 9, 2006, under the original briefing schedule. Further, Plaintiff

4

has made numerous offers to opposing counsel, to include agency counsel, to meet with them in person to explain these issues. Defendants have never accepted the offer.

Defendants note that the transfer of the case from one agency counsel to another has hampered the Defendants' effort in submitting a summary judgment motion. However, the transfer of the case occurred before the filing of the parties' joint motion to amend the briefing schedule, which was served on December 16, 2005. In essence, Defendants' have already received delay based, in part, on the change of agency counsel. Further, agency counsel received an additional two week delay based on the personal circumstances of the DOJ attorney. It is inconceivable that Defendants are having a difficult time understanding the applicable standards and regulatory and statutory framework for this case and seek additional time on this basis.

## III. IMPACT ON PLAINTIFF OF FURTHER DELAY.

Defendants' refer to Plaintiff's desire to expedite the litigation. This is true. Plaintiff currently has a mandatory retirement date of June 1, 2007. If Plaintiff prevails in this current litigation, it only means that Plaintiff's case will be referred to a Special Selection Board (SSB) to consider whether Plaintiff should be promoted to the grade of lieutenant colonel.

Under the current briefing schedule, reply briefs are due on March 13, 2006. Assuming that Plaintiff is granted favorable relief on his suit, a SSB would not convene for several months after the Court's decision. Per 10 U.S.C. § 628, the Secretary of the Navy has 6-months to approve the results of a SSB. Assuming that the SSB was promptly convened and the Secretary of the Navy meet his statutorily imposed deadline, the results of the SSB would not be known until the end of 2006 or the beginning of

5

2007. This is exactly the time that the process for slating officers for the 2007 summer rotations begins. Rotations and assignment determinations are based, in part, on the grade of the officer. If Plaintiff is ultimately selected for promotion, it is important that the decision be made early enough that Plaintiff can compete for the desirable assignments that will be open based on the summer 2007 rotation.

In the alternative, if there are delays in the convening of the SSB or the Secretary of the Navy fails to approve the results in a timely manner, Plaintiff will be severely disadvantaged as he prepares for his mandatory retirement date. Specifically, if this Court grants Plaintiff's relief and the Secretary does not make a decision on Plaintiff's SSB by February 2007, Plaintiff will begin terminal leave in anticipation of his retirement and will be seeking other employment pending a decision on whether he will be able to continue his career with the Department of the Navy. This is not fair to Plaintiff.

## IV. CONCLUSION.

Based on the above, Defendants have failed to show good cause why a further extension of time should be granted. Plaintiff has been diligent in prosecuting his case but has been agreeable to accommodations requested by the Defendants. However, Defendants' latest request for extension, on the day that the motion is due and after normal working hours is too much and is prejudicial to the Plaintiff. Therefore, the Plaintiff, respectfully, requests that the Court deny Defendants' motion. A proposed order is attached.

Date: <u>January 28, 2006</u>

J. L. McGrady
Plaintiff, *pro se*

6

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JACKSON L. MCGRADY,                )
                                   )
     Plaintiff                    )
                                   )
     v.                           )    Case Number: 05CV01651 (GK)
                                   )
DEPARTMENT OF THE NAVY,            )
GORDON R. ENGLAND, Secretary       )
of the Navy,                       )
                                   )
     Defendants                   )

## ORDER

UPON CONSIDERATION of Defendants' Motion to Amend the Briefing

Schedule, and Plaintiff's opposition thereto, it is

HEREBY ORDERED that Defendants' motion is denied.

Date: _____        _____
                       UNITED STATES DISTRICT JUDGE

7

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of January, 2006, I, J. L. McGrady, sent by U.S. mail, a copy of the **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO AMEND BRIEFING SCHEDULE** to the following addresses, except that it was sent overnight mail to the Clerk of Court:

Clerk of Court
United States District Court
for the District of Columbia
333 Constitution Ave., NW
Washington DC 20001


Gordon R. England, Secretary of the Navy
Office of the General Counsel
Navy Litigation Office
720 Kennon Street SE Bldg 36, Rm 233
Washington Navy Yard DC 20374-5013

Department of the Navy
Office of the General Counsel
Navy Litigation Office
720 Kennon Street SE Bldg 36, Rm 233
Washington Navy Yard DC 20374-5013


Mr. K. L. Wainstein
U.S. Attorney for the D. C.
555 4th St. NW
Washington, DC 20530

Honorable Alberto Gonzalez
U.S. Department of Justice
950 Pennsylvania Avenue
Washington DC 20530-0001


J. L. MCGRADY
Plaintiff
820 Bright Street
Fredericksburg, Virginia 22401
540.371.3792