IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JACKSON L. MCGRADY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1651 (GK) |
| | ) | |
| GORDON R. ENGLAND | ) | |
| Secretary of the Navy, et al. | ) | |

**DEFENDANTS' MOTION TO STAY PROCEEDINGS
AND MEMORANDUM IN SUPPORT THEREOF**

Defendants, by undersigned counsel and for good cause shown, hereby respectfully move to stay the proceedings in this case pending a decision by the Secretary of the Navy (Secretary) expected to be rendered by February 24, 2005, on plaintiff Jackson L. McGrady's February 7, 2005 request for reconsideration of the Secretary's April 16, 2004 denial of plaintiff's September 16, 2003 request for a special selection board (SSB) to consider a promotion for plaintiff to the rank of Lieutenant Colonel. See Declaration of Captain Martin E. Adams, U.S. Marine Corps Navy JAG Code 13 Administrative Law Branch, attached as Exhibit A hereto, ¶¶ 3-5.[1]  (Based on statements made to her by the Navy in the early evening of February 3, 2006, government counsel informed Chambers that evening that she had just learned that the Secretary would be rendering a decision within the following two-week period.  On Tuesday, February 7, 2006, counsel for the Navy e-mailed government counsel, stating that the Secretary's final action on the

---

[1] An SSB is a board of officers that convenes independent of the regularly-scheduled annual promotion boards for the purpose of re-evaluating whether a military officer who was not selected for promotion should be selected for promotion. See 10 U.S.C. § 628(a).  SSBs are a form of extraordinary relief that military service Secretaries may provide to officers in cases where an officer eligible for promotion was not considered by a promotion board due to an administrative error, or the promotion board considered an officer for promotion in an "unfair manner."  10 U.S.C. §§ 628(a), (b).

reconsideration request would be completed by February 24th instead of February 21st, as she had originally been told.  See February 7, 2006 e-mail from Thomas Merritt to Lisa Goldfluss, attached hereto as Exhibit B.)

The Secretary's impending decision may moot the entirety of this action.  The Complaint is filed under the waiver of sovereign immunity in 10 U.S.C. § 628(g),[2] and seeks judicial review of two determinations by the Secretary, rendered pursuant to that statute, to not convene an SSB to consider plaintiff for promotion to the rank of Lieutenant Colonel.  See Complaint ¶¶ 1, 5.  Paragraph 1 of the Complaint sets out the scope of the action: "This is a civil action to":

---

[2]  (g)  Judicial review

> (1)(A)  A court of the United States may review a determination by the Secretary of a military department under subsection (a)(1) [persons not considered by promotion boards due to administrative error] and (b)(1) [persons considered by promotion boards in unfair manner] not to convene a special selection board in the case of any person.  In any such case, the court may set aside the Secretary's determination only if the court finds the determination to be –
>
> (i) arbitrary and capricious;
> (ii) not based on substantial evidence
> (iii) a result of a material error of fact or a material administrative error; or
> (iv) otherwise contrary to law.
>
>    (B)  If a court sets aside a determination by the Secretary of a military department not to convene a special selection board under this section, it shall remand the case to the Secretary concerned, who shall provide for consideration by such a board.

10 U.S.C. § 628(g).

> (a) "seek judicial review of defendants' deemed denial of plaintiff's request, received by defendant on February 9, 2005, for consideration by [an SSB] under 10 U.S.C. § 628," Complaint ¶ 1, and judicial review, as well, of any future determination that the Secretary might render denying the subject request, <u>id</u>. (although that future denial does not yet exist, and plaintiff does not purport to know what rationale or evidence might be relied upon to support that hypothetical future denial); and
>
> (b) "seek an order from this Court compelling defendant to comply with the statutory deadlines imposed by 10 U.S.C. § 628 in processing plaintiff's second request for a SSB that was received by defendant on March 22, 2005," <u>id</u>. or,
>
> "in the first alternative, to seek judicial review of defendant's deemed denial of the request under the provisions of 10 U.S.C. § 628," <u>id</u>. or
>
> "in the second alternative," as to any hypothetical future denial of the request by defendant, to seek judicial review of that decision, <u>id</u>. (although that future denial does not yet exist, and plaintiff does not purport to know what rationale or evidence might be relied upon to support that hypothetical future denial).

Were the Secretary to grant plaintiff's request, plaintiff would be afforded an SSB and this case would be moot.  Were the Secretary to deny plaintiff's request, the portion of plaintiff's action challenging the "deemed denial" of his February 7, 2005 request for reconsideration would be mooted by the Secretary's denial, which would supercede the April 16, 2004 denial of an SSB and would provide a final agency action on the February 7th reconsideration request (which, defendants respectfully submit, and were prepared to argue, was lacking as to plaintiff's original claim, a fact that deprived this Court of subject matter jurisdiction as to that claim).

Government counsel and plaintiff, an attorney with the Marine Corps, have discussed extensively the potential implications that the Secretary's impending decision.  They have also discussed what defendants believe are jurisdictional infirmities in the action as pled before the Court, and specifically, whether a Court can, through a plaintiff's amendment to a complaint, acquire subject matter jurisdiction over an action only after it has been filed, where the original

action was not ripe under Article III. Government counsel and plaintiff have agreed to continue these discussions after the Secretary rules. As to the instant motion, plaintiff has stated that he takes no position.

Based on the foregoing reasons, defendants respectfully move that the Court stay proceedings in this case until such time as the Secretary has rendered his final decision on plaintiff's February 7, 2005 request for reconsideration.

An order granting the relief sought is attached hereto.

                                Respectfully submitted,

                                _____
                                KENNETH L. WAINSTEIN, D.C. Bar # 451058
                                United States Attorney

                                _____
                                R. CRAIG LAWRENCE, D.C. Bar # 171538
                                Assistant United States Attorney

                                _____
                                LISA S. GOLDFLUSS, D.C. Bar #417787
                                Assistant United States Attorney
                                555 4th Street, N.W., Tenth Fl.
                                Washington, D.C. 20530
                                (202) 514-7198
                                Counsel for Defendants

## CERTIFICATE OF SERVICE

      I hereby certify that on this 8th day of February, 2006, I caused the foregoing to be served upon plaintiff via e-mail to the email address designated by plaintiff.

_____
LISA S. GOLDFLUSS
Assistant United States Attorney