UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACKSON L. MCGRADY, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>DEPARTMENT OF THE NAVY, )<br>GORDON R. ENGLAND, Secretary )<br>of the Navy, )<br>)<br>Defendants ) | Case Number: 05CV01651 (GK) |

**PLAINTIFF'S CLARIFICATION OF POSITION TO
DEFENDANT'S MOTION TO STAY PROCEEDINGS**

As correctly identified in Defendants' Motion to Stay Proceedings of February 9, 2006, Plaintiff took no position when it was initially filed. Plaintiff does object to Defendant's characterization of certain procedural aspects of the case. It is not Plaintiff's intent in this submission to brief these issues. However, Plaintiff wishes to highlight to Defendants and the Court his view of the issues raised in Defendants' motion. First, assuming that the Secretary of the Navy grants Plaintiff his requested relief as contained in his February 7, 2005 SSB request, it will not moot the "entirety of this action." Second, if the Secretary denies Plaintiff's February 7, 2004 request, it is Plaintiff's position that this decision would not "moot" the request for reconsideration or "supercede" the Secretary's April 14, 2004 denial. Third, Plaintiff disagrees with Defendants' contention concerning the Courts' subject matter jurisdiction.

The purpose of this submission is to also inform Defendants and the Court of his intent to file an amended complaint. After discussion with opposing counsel, Plaintiff

RECEIVED
FEB 1 3 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

agrees that filing the motion to amend at this point would be premature. However, Plaintiff believes it is prudent to identify the amendments to avoid any undue surprise or delay later in the process.

## I. FAVORABLE DECISION WILL NOT MOOT ENTIRE CLAIM.

Based on the declaration attached to Defendants' motion, it is clear that the Secretary of the Navy will only issue a decision on Plaintiff's February 7, 2005 submission requesting that the Secretary convene a SSB as relief from the FY 2004 regular promotion board's consideration of Captain Davidson's inaccurate report. As such, the decision will not address the inaccuracies in Plaintiff's military record stemming from Colonel Scovel's report. It does not make sense to order a SSB based on the Captain Davidson report if the SSB would be required to make a decision on an inaccurate record due to the presence of Colonel Scovel's inaccurate report.

Regardless of the Secretary's pending decision, the Court will still be required to determine whether the Board for Correction of Naval Records' (BCNR) denial to amend Colonel Scovel's report violated an Administrative Procedure Act (APA) standard of review either under 10 U.S.C. § 628 or under 5 U.S.C. § 706 (APA).[1] Further, the Court will be required to determine if the Secretary of the Navy should also convene a second SSB as relief from the FY 2005 regular promotion board's consideration of Colonel Scovel's inaccurate report.

---

[1] Obtaining judicial review under 5 U.S.C. § 706 may require amendment to Plaintiff's original complaint. Plaintiff asked for review under 10 U.S.C. § 628 in his original complaint.

2

## II. SECRETARY'S FORTHCOMING DECISION WILL NOT CHANGE THE STATE OF THE CURRENT ADMINISTRATIVE RECORD.

Defendants aver that a Secretarial decision denying Plaintiff's February 7, 2005 request would moot the "deemed denial" and would "supercede" the Secretary's April 14, 2004 denial decision. Plaintiff disagrees with this contention. The Secretary's failure to make a decision within six months of Plaintiff's February 7, 2005 submission acts a "deemed denial" under 10 U.S.C. § 628. Defendants cannot now, for purposes of litigation, expect the decision to become a part of the already certified administrative record

Defendants' counsel has discussed with Plaintiff the Defendants' view that they were not bound by the limitations period because Plaintiff's February 7, 2005 request was styled as a "request for reconsideration" and that the forthcoming decision will generate a new administrative record. It is Plaintiff's view that 10 U.S.C. § 628 either applies to the Plaintiff's self-styled "request for reconsideration" or it does not.[2] Again, Plaintiff views Defendants' position as an improper way to augment the existing certified record, but this is a point the parties can brief, should that become necessary.

## III. SUBJECT MATTER JURISDICTION.

Defendants have discussed with Plaintiff their contentions concerning subject matter jurisdiction of the Court. Again, this may be the subject of future briefs. However, Plaintiff wanted to identify his continued belief that there is no genuine concern that the Court lacks subject matter jurisdiction over the current claims. Further, to the extent that

---

[2] If Plaintiff's request does not fall under the provisions of 10 U.S.C. § 628, Plaintiff will need to file an amendment to seek judical review of the decision under 5 U.S.C. § 706 (APA).

3

there is even a colorable argument, jurisdiction is resolved through the filing of an amended complaint and the operation of LCvR 15.1.

## IV. POSSIBLE AMENDMENTS.

As identified previously, Plaintiff will file a motion to amend his complaint. However, Plaintiff understands the rationale for waiting until the Secretary makes a decision on Plaintiff's February 7, 2005 request, but desires to identify the possible amendments to the original complaint. These are as follows:

   A. Add Count III - requesting review of the Secretary's April 14, 2004 denial decision under the auspices of 10 U.S.C. § 628.

   B. Add Count IV - requesting review of the Secretary's forthcoming decision under 5 U.S.C. § 706 (APA) to account for Defendants' possible argument that judicial review is not available under 10 U.S.C. § 628.

   C. Add Count V - requesting review of BCNR's denial to correct Plaintiff's military record based on Colonel Scovel's report under 5 U.S.C. § 706 (APA).

In conjunction with the motion to amend, Plaintiff will also file a motion seeking to supplement his January 9, 2006 summary judgment motion to address the amended claims.

Respectfully submitted,

Dated: February 10, 2006

Jackson L. McGrady
Plaintiff
820 Bright Street
Fredericksburg, VA 22401
540.371.3792

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of February, 2006, I, J. L. McGrady, sent by U.S. mail, postage prepaid, a copy of **PLAINTIFF'S CLARIFICATION OF POSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS** to the following:

Clerk of Court
United States District Court
for the District of Columbia
333 Constitution Ave., NW
Washington DC 20001

Gordon R. England, Secretary of the Navy
Office of the General Counsel
Navy Litigation Office
720 Kennon Street SE Bldg 36, Rm 233
Washington Navy Yard DC 20374-5013

Department of the Navy
Office of the General Counsel
Navy Litigation Office
720 Kennon Street SE Bldg 36, Rm 233
Washington Navy Yard DC 20374-5013

Mr. K. L. Wainstein
U.S. Attorney for the District of Columbia
555 4th St. NW
Washington, DC 20530

Honorable Alberto Gonzalez
U.S. Department of Justice
950 Pennsylvania Avenue
Washington DC 20530-0001

J. L. MCGRADY
Plaintiff
820 Bright Street
Fredericksburg, Virginia 22401
540.371.3792