UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACKSON L. MCGRADY,                       ) | |
|               Plaintiff            ) | |
|               v.                       ) | Case Number: 05CV01651 (GK) |
| DEPARTMENT OF THE NAVY,       ) DONALD C. WINTER, Secretary   ) of the Navy,                        ) | |
|              Defendants         ) | |

**PLAINTIFF'S POSITION ON EFFECT OF ISSUANCE OF
DECISION BY THE SECRETARY OF THE NAVY**

Per the Defendants' February 24, 2006 notice of filing of a decision by the Secretary of the Navy, Plaintiff submits his position on the effect of the issuance of the decision and the procedural posture of the case.

**OUTSTANDING ISSUES[1]**

Based on his view of the case as well as discussions with opposing counsel, there are a number of outstanding issues. First, what effect, if any, does the Secretary's February 23, 2006, decision have on the present case? Second, is Plaintiff required to file an amended complaint to account for Defendant' possible arguments? Third, what is the effect of Defendants' failure to timely submit its cross motion for summary judgment and an opposition to Plaintiff's cross-motion for summary judgment?

---

[1] It is not Plaintiff's purpose in this submission to fully analyze the issues. However, where appropriate, Plaintiff has cited to clearly applicable authority in the hopes of avoiding more extensive briefing.

1

## I. SECRETARY'S FEBRUARY 23, 2006 HAS NO BEARING ON PLAINTIFF'S CASE AND IS NOT PART OF THE CERTIFIED ADMINISTRATIVE RECORD.

By letter dated September 16, 2003, Plaintiff requested Defendants to convene a Special Selection Board (SSB). Defendants' denied that request on April 16, 2004. Believing that the decision was flawed, Plaintiff filed, what he styled, as a "request for reconsideration." This request was received by Defendants' on February 9, 2005. Per 10 U.S.C. § 628, the Secretary has 6 months from the date of receipt to issue a decision. If no decision is issued within that statutory timeframe, the request is deemed denied; and the requestor may seek judicial review under the statute. Defendants failed to comply with this statutory time limit regarding Plaintiff's "request for reconsideration" and Plaintiff filed his Complaint seeking review of the deemed denial.

Based on Plaintiff's Complaint and his allegations that the Secretary's failure to make a timely decision constituted a deemed denial, Defendants certified the administrative record on November 8, 2005. It is Plaintiff's position that any attempt to include the Secretary's most recent decision would constitute an improper attempt to augment the administrative record. See *Environmental Def. Fund, Inc. v. Costle,* 657 F.2d 275, 284 (D.C.Cir.1981) (citing *Camp v. Pitts,* 411 U.S. 138, 142, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973) (holding that "judicial review of agency action is normally confined to the full administrative record before the agency at the time the decision was made. The focal point for judicial review should be the administrative record already in existence, not some new record completed initially in the reviewing court").

The merit of Plaintiff's position is tested by whether Count I of Plaintiff's Complaint, based on the currently certified administrative record, is susceptible to a motion

2

to dismiss for a lack of subject matter jurisdiction or for failure to state a claim. In the parties Joint Meet and Confer Statement, Defendants asserted that Count I of Plaintiff's Complaint failed to state a claim upon which relief can be granted. More recently opposing counsel has raised the specter of lack of subject matter jurisdiction.

    **A. Count I States a Claim.** Defendants aver that they are not constrained by the time limit imposed under 10 U.S.C. § 628 because Plaintiff's request was styled as a "request for reconsideration." The apparent implication is that because Defendants had yet to issue a final decision at the time of the filing of the Complaint, Count I fails to state a claim and the only way to save Plaintiff's claim is by including the Secretary's February 23, 2006 decision and creating a new administrative record. Plaintiff views this argument as merely one of semantics. 10 U.S.C. § 628(g)(3) requires issuance of a decision six months after receiving a "complete application for consideration by a special selection board." Plaintiff avers that his request meets this definition. The mere label on Plaintiff's submission that it was a "request for reconsideration" cannot govern the essence of the submission. As such, Count I stated a claim at the time the Complaint was filed. If Defendants truly believed otherwise, Defendants' should have filed a timely summary judgment motion that included an argument for a dismissal for failure to state a claim. It is Plaintiff's view that Defendants are not trying to assist Plaintiff in perfecting his claim by asking for inclusion of the Secretary's latest decision.

    **B. Court has Subject Matter Jurisdiction.** Opposing counsel has expressed concern that Plaintiff's Complaint was premature, in that the agency had yet to issue final

decisions on Plaintiff's requests, and thus deprives the Court of subject matter jurisdiction. Plaintiff has already explained why Count I was properly before the Court at the time of the filing of the Complaint based on the Secretary's failure to act within the statutory timeframe and the resulting deemed denial. As to Count II, the Complaint was filed prior to issuance of a decision by the Board for Correction of Naval Records (BCNR). However, Plaintiff's Complaint asked for an order from the Court directing the BCNR to comply with the statutory timeframes of 10 U.S.C. § 628. In the alternative, Plaintiff asked for review of the BCNR's decision, which was issued shortly after the filing of Plaintiff's Complaint.

Defendants appear to argue that a premature filing, which is not conceded by the Plaintiff, deprives the Court of subject matter jurisdiction. In support of their position Defendants have cited to Plaintiff the case of *McNeil v. U.S.*, 508 U.S. 106, 113 S.Ct. 1980 (1993). In *McNeil* the Court held that filing suit prior to exhaustion of administrative remedies meant that the court lacked subject matter jurisdiction. However, this result stemmed from the fact that the complaint involved a claim under the Federal Tort Claims Act and the Court's reliance on the unambiguous text of 28 U.S.C.A. § 2675(a) which commands that an "action shall not be instituted ... unless the claimant shall have first presented the claim to the appropriate ... agency and his claim shall have been finally denied by the agency". Based on this statutory language the Court found that it must reject McNeil's contention that his action was timely because it was commenced when he lodged his complaint with the District Court and before the agency rendered a final decision. Similar results occur in cases involving Social Security claims and Federal Prisoner litigation.

4

The important point is that the implementing legislation of the particular statute is what limits the jurisdiction of the court. If there is no such limiting language the exhaustion requirement is merely a prudential one. Judge Lamberth highlighted this very point in *Convertino v. U.S. Dept. of Justice*, 393 F.Supp.2d 42, 45-46 (D.D.C. 2005)

> The D.C. Circuit has explained that "jurisdictional exhaustion," actually limits federal court jurisdiction where "Congress requires resort to the administrative process as a predicate to judicial review," and is an extension of congressional power "to control the jurisdiction of the federal courts." *Avocados Plus, Inc. v. Veneman*, 370 F.3d at 1247 (D.C.Cir.2004) (citing *EEOC v. Lutheran Soc. Servs.*, 186 F.3d 959, 963-64 (D.C.Cir.1999)). An exhaustion requirement will only be of the jurisdictional sort, and therefore not subject to discretionary excuse, where "Congress states in clear, unequivocal terms that the judiciary is barred from hearing an action until the administrative agency has come to a decision." *I.A.M. Nat'l Pension Fund Benefit Plan C v. Stockton Tri Indus.*, 727 F.2d 1204, 1208 (D.C.Cir.1984) (*quoted* in *Avocados Plus*, 370 F.3d at 1248).

In this case, the applicable statutes are 10 U.S.C. § 628 and 5 U.S.C. § 706. Neither statute evidences Congressional intent that limits the court's jurisdiction pending exhaustion of administrative remedies. As such, the Court has jurisdiction. Further, as BCNR has issued a final decision, the administrative remedy has been exhausted and the controversy is ripe for judicial review.[2]

Based on the above, it is clear that Plaintiff's Count I states a claim and the Court has jurisdiction to adjudicate the claim. The Secretary's latest decision has no effect on the posture of the case.

---

[2] Plaintiff still maintains that the Secretary's February 23, 2006 decision has no bearing on the current case as the Court has jurisdiction under 10 U.S.C.§ 628 based on the Secretary's deemed denial of Plaintiff's request.

## II. PLAINTIFF IS NOT REQUIRED TO FILE AN AMENDED CLAIM

In Plaintiff's February 10, 2006 submission, he identified the possibility that he would amend his complaint. Specifically, Plaintiff identified three additional counts: (1) Add Count III - requesting review of the Secretary's April 14, 2004 denial decision under the auspices of 10 U.S.C. § 628; (2) Add Count IV - requesting review of the Secretary's forthcoming decision under 5 U.S.C. § 706 (APA) to account for Defendants' possible argument that judicial review is not available under 10 U.S.C. § 628. (3) Add Count V - requesting review of BCNR's denial to correct Plaintiff's military record based on Colonel Scovel's report under 5 U.S.C. § 706 (APA).

After further consideration and consultation with private counsel, Plaintiff no longer believes this is necessary. Judicial determination of the merits of the Secretary's April 14, 2005, decision is unnecessary as the decision is effectively subsumed by the Secretary's deemed denial which resulted in the currently certified administrative record. This is the record upon which judicial review should be based.

If Defendants were not bound by the time limits of 10 U.S.C. § 628 to issue a decision on Plaintiff's SSB request, the Court's ability to review the Secretary's decision under 10 U.S.C. § 628 is suspect. Either the statute applies as to both the judicial review and timeliness provisions or it does not. Defendants' cannot pick and choose which parts of the statute they wish to apply. Plaintiff's position is that 10 U.S.C. § 628 applies and the proper record for judicial review is the currently certified record. As such, Plaintiff believes it would be imprudent and cause unreasonable delay to file an amended Complaint merely to account for the unlikely possibility that the Court will not ultimately decide the case under 10 U.S.C. § 628. Further, even if the Court found that it did not have the

6

authority to review the decision under 10 U.S.C. § 628, it could still decide the case under 5 U.S.C. § 706 as the standard of review is the same.

Finally, Plaintiff believes it unnecessary at this point to file an amendment seeking judicial review of BCNR's decision denying Plaintiff's request to correct his record under 5 U.S.C. § 706. It is Plaintiff's position that review of BCNR's denial to alter Plaintiff's record is necessarily intertwined with the Court's review under 10 U.S.C. § 628 of Defendants' decision to not convene a SSB based on the error. Defendants cannot be surprised that the validity of BCNR's decision under an APA standard of review is at issue in this case.

At page 5 of the parties Joint Meet and Confer Statement and Statement of the Case, it specifically notes that "Plaintiff contests the validity of the BCNR's determination that the second fitness report contained no error." The Statement also notes that the standard of review under 10 U.S.C. § 628 closely follows the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706. In Plaintiff's cross-motion for Summary Judgment, he specifically addresses that BCNR's decision and why it violated an APA standard of review. Given the above, Plaintiff's filing an amendment, with the associated delay, to specifically seek judicial review of BCNR's decision under 5 U.S.C. § 706 as well as 10 U.S.C. § 628 appears pointless given that Defendants' are clearly on notice of the issues in the case.

### III. EFFECT OF APPELLANTS FAILURE TO TIMELY SUBMIT MOTION FOR SUMMARY JUDGMENT AND OPPOSITION

Under the current briefing schedule as ordered by the Court, Defendants have failed to timely file their motion for summary judgment and have failed to timely file their

opposition to Plaintiff's cross-motion for summary judgment. Based on the procedural history and facts of this particular case, the Court should deny Defendants' request for additional time.

In Plaintiff's January 28, 2006 Opposition to Defendants' Motion to Amend the Briefing Schedule, Plaintiff identified the procedural history of this case. Without repeating that history in its entirety, Plaintiff again notes that cross-motions were due on January 13, 2006. Plaintiff submitted his motion for summary judgment on January 9, 2006. On or about January 10, 2006, opposing counsel contacted Plaintiff to request a two week extension, which was ultimately conceded by Plaintiff. On January 26, 2006, Defendants' counsel requested of Plaintiff a one-day extension to which Plaintiff objected. Regardless, on January 27, 2006, Defendants requested an extension of an additional 18-days and an amended briefing schedule. Plaintiff filed his objection on January 28, 2006. The Court has yet to rule on Defendants' motion. On February 8, 2006, Defendants filed a motion to stay proceedings pending a decision by the Secretary of the Navy on one of Plaintiff's requests. Plaintiff took no position on the stay. The Court has yet to rule on this motion.

Plaintiff appreciates the possibility that the Secretary's February 23, 2006 decision could have mooted certain of Plaintiff's claims. However, after seeing the Secretary's decision, it is clear that the decision was only issued for purposes of litigation. Specifically, the Secretary in his April 16, 2004 decision as well as the CMC recommendation of July 25, 2005, while recognizing that "materiality" was a prerequisite for convening a SSB, based the denial decision on Plaintiff's "failure to exercise reasonable diligence" in ensuring the accuracy of his military record prior to the convening of the

selection boards. In his motion for summary judgment, **which was served on January 9, 2006**, Plaintiff examined the issue of "materiality" noting that Defendants had conceded the issue. Now, in his February 23, 2006 decision, the Secretary makes a specific finding as to "materiality" and determines that there was no material error.

The Secretary's lawyers would not have been able to posit such a *post hoc* defense for purposes of litigation. *McDonnell Douglas Corp. v. Air Force*, 375 F.3d 1182, 1188 (D.C.Cir.2004) (holding that courts "do not rely on counsel's post hoc rationalization for upholding an agency's action.; *see also Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 212, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988) (courts may not accept counsel's post hoc rationalizations for agency orders); *Williams Gas Processing-Gulf Coast Co., L.P. v. FERC*, 373 F.3d 1335, 1345 (D.C.Cir.2004) ("[ P ] ost hoc rationalizations by agency counsel will not suffice.") (quoting *Western Union Corp. v. FCC*, 856 F.2d 315, 318 (D.C.Cir.1988)). The Court should not sanction the same result by allowing the Secretary of the Navy to forward the argument instead of his lawyers.

This is especially true when the latest decision directly contradicts an earlier decision by the Secretary. The Secretary's February 23, 2006 decision notes in the paragraph finding that there was no material error that the "report was accurate, timely, and based on the reporting senior's opinion at the time." This was the conclusion of the Marine Corps Performance Evaluation Review Board (PERB). Administrative Record (AR) p. 130. However, the Secretary of the Navy, through the BCNR, specifically identified this argument (AR pp. 9-10) and ultimately rejected it. *See* AR pp. 12-13 (finding an error or injustice warranting correction of the record). The Secretary's February 23, 2006 decision is an attempt to rewrite the administrative record merely for purposes of litigation.

Given Defendants' questionable motives in requesting the stay, Defendants' should not benefit by receiving additional time. As to Defendants' motion for summary judgment, Plaintiff again wishes to stress that he has been more than accommodating in agreeing to Defendants' previous extension requests in an effort to avoid unduly burdening the Court in the procedural mechanics of the case. Although this is the first contested extension request before the Court, the Court should deny the request. To do otherwise would unduly penalize Plaintiff for his previous cooperation and send the message that it is imprudent to do so.

As to Defendants' opposition to Plaintiff's motion for summary judgment, it was due under the currently ordered briefing schedule on February 13, 2006. Plaintiff recognizes that Defendants' requested a stay of the proceedings on February 8, 2006. Again, however, given Defendants' questionable motives in requesting the stay, Defendants should not benefit from the Court's granting of a stay. Plaintiff requests that the stay be denied and that the Court apply LCvR 7(b) under which Plaintiff's motion would be conceded.

Respectfully submitted,

*/s/ Jackson L. McGrady*
Jackson L. McGrady
Plaintiff
820 Bright Street
Fredericksburg, VA 22401
540.371.3792

Dated: February 27, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of February, 2006, I, J. L. McGrady, sent by U.S. mail, postage prepaid, a copy of **PLAINTIFF'S POSITION ON EFFECT OF ISSUANCE OF DECISION BY THE SECRETARY OF THE NAVY** to the following:

Clerk of Court
United States District Court
for the District of Columbia
333 Constitution Ave., NW
Washington DC 20001

Gordon R. England, Secretary of the Navy
Office of the General Counsel
Navy Litigation Office
720 Kennon Street SE Bldg 36, Rm 233
Washington Navy Yard DC 20374-5013

Department of the Navy
Office of the General Counsel
Navy Litigation Office
720 Kennon Street SE Bldg 36, Rm 233
Washington Navy Yard DC 20374-5013

Mr. K. L. Wainstein
U.S. Attorney for the District of Columbia
555 4th St. NW
Washington, DC 20530

Honorable Alberto Gonzalez
U.S. Department of Justice
950 Pennsylvania Avenue
Washington DC 20530-0001

J. L. MCGRADY
Plaintiff
820 Bright Street
Fredericksburg, Virginia 22401
540.371.3792