IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| JACKSON L. MCGRADY,  )<br>  )<br>　　　　　Plaintiff,　　) <br>  )<br>v.　　　　　　　　　　 )<br>  )<br>GORDON R. ENGLAND　  )<br>Secretary of the Navy, et al.　) | Civil Action No. 05-1651 (GK) |

**DEFENDANTS' POSITION STATEMENT ON THE IMPLICATIONS OF THE SECRETARY OF THE NAVY'S FEBRUARY 23, 2006 DECISION**

1. At the time that defendants filed their Motion to Stay Proceedings, filed February 8, 2006 [28] ("Stay Motion"), they included suggested language in the proposed Order attached thereto, requiring the parties to file, within a two-week period, a joint statement of their respective positions regarding the implications of the decision by the Secretary of the Navy ("Secretary"), then expected to be rendered by February 24, 2006 ("Secretary's decision"), for future proceedings in this case. Plaintiff *pro se* took no position on the Stay Motion during the parties' meet and confer on the motion. See Stay Motion at 4; see also Plaintiff's Clarification of Position to Defendant's Motion to Stay Proceedings, filed February 13, 2006 [27] ("Plaintiff's Clarification of Position").

Five days later, plaintiff filed Plaintiff's Clarification of Position, in which plaintiff stated that he intended to amend his complaint, Plaintiff's Clarification of Position at 1-2, possibly to include a claim under the Administrative Procedure Act, 5 U.S.C. § 706 ("APA"), to seek additional relief unavailable under 10 U.S.C. § 628, the statute pursuant to which plaintiff's action was filed, see id. at 2 n.1. Plaintiff specified therein three additional counts that he identified as possible amendments to the Complaint:

– Add a Count III – requesting review of the Secretary's April 14, 2004 denial decision under the auspices of 10 U.S.C. § 628;

– add a Count IV – requesting review of the then-impending decision of the Secretary under the APA; and

– add a Count V – requesting review of the BCNR's "denial to correct Plaintiff's military record based on Colonel Scovel's report" under the APA.

Id. at 4. Plaintiff also notified the Court that he would be filing a motion seeking to supplement his summary judgment motion. Id. at 4.

Following defendants' filing of the Secretary's decision on February 24, 2006 [28], plaintiff opted not to cooperate in the preparation of a joint statement to the Court as proposed by defendants, but instead filed a statement of his own, Plaintiff's Position on Effect of Issuance of Decision by the Secretary of the Navy, filed March 1, 2006 [29] ("Plaintiff's Position"). Although defendants' counsel attempted, nonetheless, to produce a joint statement for filing today, plaintiff took the position that he had already made his position clear to the Court, and a that a joint statement was unnecessary.

2. Although the parties disagree with respect to the implications of the Secretary's decision, the one matter on which the parties *do* agree is the desirability, at this point, of a status conference to clarify (1) what claims are now encompassed by the existing complaint, and accordingly, (2) what final agency decisions are the subject of judicial review under the existing claims. These matters have become sufficiently confused such that, were defendants to proceed with their motion for summary judgment, the Court would have before it cross-motions on "apples and oranges":

2

One the one hand, plaintiff's current dispositive motion, filed before the Secretary's decision and based on an administrative record that omits that final agency decision, accordingly does not address that decision at all. Plaintiff asserts that the Court should disregard the Secretary's decision altogether, charging that (a) the Secretary acted in bad faith in issuing the decision, providing only a *post hoc* defense for purposes of this litigation, see Plaintiff's Position at 9; (b) "any attempt to include the Secretary's most recent decision would constitute an improper attempt to augment the administrative record," id. at 2; and (c) 10 U.S.C. § 628 imposed a six-month time limitation on the Secretary in issuing a decision on plaintiff's February 9, 2005 request for reconsideration of the Secretary's April, 2004 denial of plaintiff's September 16, 2003 request for a special selection board ("SSB"), id. at 3.

On the other hand, defendants' summary judgment motion would address directly the Secretary's decision as the final decision of the agency as to Count I of the Complaint. Defendants' response to plaintiff's position as set forth above is as follows: (a) plaintiff's accusations of bad faith on the part of the Secretary of the Navy in issuing the Secretary's decision is irresponsible and unsupported (indeed, undersigned counsel certifies to the Court that she did not know the outcome of that decision until she was provided with the decision by the Navy); (b) inclusion of the Secretary's decision does not comprise improper augmentation of the administrative record because there is a new final agency decision, and the administrative record necessarily must be included in that record, notwithstanding the right of plaintiff to contest the Court's consideration of the decision in a properly cognizable pleading or motion; and (c) 10 U.S.C. § 628(g)(3)(A) deems denied an undecided application for consideration by an SSB under section 628 after six months of its receipt by the Secretary, but is silent as to either a right to

3

judicial review, or a mandatory time limitation to respond to a "request for reconsideration" of previously-issued decisions under that section; for that reason, the office of the Secretary correctly continued to consider the merits of plaintiff's February 2005 request for reconsideration of the April 2004 decision after the six-month mark. The Secretary of the Navy has issued a final decision on the request for reconsideration that is at issue in Count I, and plaintiff is incorrect that the Court may disregard the Secretary's decision, unless the Court finds itself to be without subject matter jurisdiction as to "requests for reconsideration." (Indeed, paragraph 1 of the Complaint affirmatively seeks judicial review of any decision by the agency on plaintiff's request for reconsideration, albeit in an improper manner – suggesting that any such decision would be rendered in bad faith.)

Moreover, it is clear that even plaintiff has been confused by what claims are a part of this action. Compare Plaintiff's Clarification of Position at 4 with Plaintiff's Position at 6-7. Defendants' position is that plaintiff is bound by the language of his current Complaint until such time as he seeks to amend the complaint and such request is granted by the Court.

Although plaintiff concedes that he "appreciates the possibility that the Secretary's February 23, 2006 decision could have mooted certain of plaintiff's claims," Plaintiff's Position at 8, he simultaneously criticizes the Navy for not filing its motion for summary judgment after it learned that the decision would be issued but before its issuance, id. In fact, had the Secretary ruled in plaintiff's favor, the Secretary would have convened an SSB that would have provided plaintiff with an opportunity for consideration for promotion to Lieutenant Colonel – all of the relief that plaintiff could obtain had the Court granted either of plaintiff's existing claims in this action. That SSB would not have been bound by previous promotion determinations, and could

4

have promoted him to the next higher rank without regard to the other errors plaintiff alleges to be in his record, which would have mooted all claims raised by plaintiff in the Complaint.

Defendants respectfully submit that, before summary judgment motion practice continues, in the interests of judicial economy and to avoid confusion with respect to future proceedings in this case, the Court should hold a status conference to determine the claims in this case and the final agency actions at issue.

Respectfully submitted,

KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

LISA S. GOLDFLUSS, D.C. Bar #417787
Assistant United States Attorney
555 4th Street, N.W., Tenth Fl.
Washington, D.C. 20530
(202) 514-7198
Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March, 2006, I caused the foregoing to be served upon plaintiff by first class mail, postage-pre-paid, addressed as follows:

JACKSON L. MCGRADY, Pro Se
820 Bright Street
Fredericksburg, Virginia 22134

_____
LISA S. GOLDFLUSS
Assistant United States Attorney