**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JACKSON L. McGRADY,        )
                               )
        Plaintiff,           )
                               )
v.                                 )
                               )
DEPARTMENT OF THE NAVY,    )     Civil Action No. 05-1651
DONALD C. WINTER            )
Secretary of the Navy,         )
                               )
        Defendants.        )

**ANSWER TO AMENDED COMPLAINT**

Defendants, Department of the Navy and Donald C. Winter, Secretary of the Navy,

hereby respectfully answer the Amended Complaint as follows:

FIRST DEFENSE

The Court lacks subject matter jurisdiction over Count I.

SECOND DEFENSE

Defendants hereby answer the specifically-numbered paragraphs set forth in the Amended

Complaint as follows:

1.  This paragraph purports to characterize this civil action and identify the causes of

action alleged by Plaintiff and the relief sought in this action. As such, it constitutes a conclusion

of law to which no response is required.

2.  This paragraph purports to characterize this civil action and to identify the

jurisdictional basis for the causes of action alleged, and thus constitutes conclusions of law to

which no response is required.

3.  This paragraph purports to characterize this civil action and identify an alternative legal theory of liability. As such, it constitutes conclusions of law to which no response is required.

4.  This paragraph purports to identify the jurisdictional basis and proper venue for the causes of action alleged by Plaintiff. As such, it constitutes a conclusion of law to which no response is required.

5.  Admit first sentence. Deny second sentence. As to the third sentence, admit that, in an opinion dated August 15, 2003, the Board of Corrections for Naval Records (BCNR) elected to grant Plaintiff relief in the form of a corrected military record ("the Captain Davidson report") to reflect that Plaintiff was appropriately ranked "1 of 3" instead of "3 of 3," and aver that as part of the relief given, the BCNR ordered that Plaintiff be considered by the next regularly scheduled promotion board as an "in-zone" officer. As to the fourth sentence, aver that after Plaintiff was granted the full relief that he requested from the BCNR, his subsequent request for a Special Selection Board (SSB) based on a corrected version of the Davidson report was denied in a decision by the Secretary issued April 16, 2004, and deny the remainder of the fourth sentence. Deny the fifth sentence and aver that one reason for the Secretary's April 16, 2004 denial decision was a finding that Plaintiff had  failed to exercise "reasonable diligence," and respectfully refer the Court to a true and correct copy of that decision for the most complete and accurate statement of its contents.

6.  Admit the first sentence insofar as it alleges that Plaintiff submitted a February 7, 2005 request for reconsideration of his previously denied SSB request; deny that the Secretary's decision was issued on April 14, 2004 and aver that the decision was issued on April 16, 2004;

deny for lack of knowledge sufficient to form a belief as to the truth of the matter asserted that

the application was "complete" because that characterization of the application is vague and

ambiguous and defendants do not know what Plaintiff has intended to signify by that term; deny

the allegation that Plaintiff submitted evidence that he was reasonably diligent in ensuring the

accuracy of his military record prior to the convening of the fiscal year (FY) 2004 lieutenant

colonel selection board.  As to the second sentence, defendants admit the allegation that, as of

August 9, 2005, an SSB was neither convened nor denied based upon Plaintiff's request for

reconsideration of his previously denied SSB request and admit that August 9, 2005 was more

than six months after Defendants had received Plaintiff's request for reconsideration.  The third

sentence constitutes a conclusion of law to which no response is required.  Admit fourth

sentence.

      7.  Deny aver that the Secretary's February 23, 2006 decision denying Plaintiff's request

for reconsideration was based, in part, on a finding that Plaintiff had failed to exercise

"reasonable diligence" in ensuring the accuracy of his records and that the alleged error was not

"material."  Defendants respectfully refer the Court to a true and correct copy of that decision for

the most complete and accurate statement of its contents.

      8.  This paragraph purports to characterize this action and assert legal conclusions to

which no response is required.

      9.  This paragraph purports to characterize this action and assert legal conclusions to

which no response is required.

      10.  Admit first sentence and aver that Plaintiff was considered for promotion by the FY

2005 lieutenant colonel promotion board as an "in-zone" officer with the correction to his

military record, which was the relief that he had requested and received from the BCNR on August 15, 2003.  Defendants deny the second sentence.  As to the third sentence, Defendants lack sufficient information upon which to form a belief as to whether Colonel Scovel "changed his grading philosophy" as Plaintiff describes, or when any such "change in his grading philosophy" might have occurred, and on that basis denies.

11.  Deny first sentence.  Deny the allegation in the second sentence to the extent that Plaintiff fails to quote the entire paragraph of the regulation to which he refers, and aver that per Marine Corps Order (MCO) P1610.7E § 8012, ¶ 2(e), "[r]eporting seniors must accurately and fairly assess the performance of their subordinates; RSs who fail to do so will unwittingly and unfairly discriminate against either earlier reports or subsequent reports."

12.  Deny.

13.  Deny first sentence and aver that Plaintiff's formal BCNR application for relief was signed on December 9, 2004, and that the request to which the first sentence refers (dated March 22, 2005) is a personal statement in support of Plaintiff's BCNR application.  Admit second sentence.  Deny third and fourth sentences.

14.  Deny.

15.  Admit first sentence. Deny second sentence.

16.  Deny first sentence and aver that the BCNR, acting for the Secretary, denied Plaintiff's request for an SSB.  Deny second sentence.

17.  Defendants deny the first and second sentences of the paragraph.  The allegations in the third and fourth sentences constitutes conclusions of law to which no response is required.

18.  The first sentence comprises Plaintiff's characterization of his theory of legal liability

which, in turn, comprises a legal conclusion as to which a response is not required. The remainder of the paragraph comprises a legal conclusion to which a response is not required.

19. This paragraph comprises Plaintiff's characterization of his theory of legal liability and other legal conclusions to which a response is not required.

20. Admit.

21. Admit.

22. Admit.

23. Defendants deny the first, second and third sentences for lack of knowledge and information upon which to form a belief as to the accuracy of their contents except that defendants admit (e) of the second sentence.   Admit fourth sentence.

24. Admit the first and last sentences.  Deny the second and third sentences because they are vague and ambiguous insofar as their use of the terms "substance" and "analyzed," and the lack of specificity in the third sentence as to who is undertaking the "analysis," and on that basis Defendants lack knowledge or information upon which to form a belief as to the accuracy of their contents.

25. Admit.

26. Deny the first two sentences for lack of knowledge and information upon which to form a belief as to the accuracy of their contents.  Deny the third and fourth sentences for lack of knowledge or information upon which to form a belief as to the accuracy of their contents because the phrases used therein ("mid-pack" and "competitive jeopardy") are vague and ambiguous and Defendants are unable to ascertain what Plaintiff intends to signify by their use.

27. Defendants are without information upon which to form a belief as to the accuracy of

the allegation in this paragraph and on that basis deny the allegations.

28.   Defendants are without information upon which to form a belief as to the accuracy of the allegation in this paragraph and on that basis deny the allegations.

29.   Defendants are without information upon which to form a belief as to the accuracy of the allegation in this paragraph and on that basis deny the allegations.

30.   Defendants admit that MCO 1610.7D was in effect at the time that Captain Davidson authored the report in question and respectfully refer the Court to a true and accurate copy of MCO 1610.7D for the most complete and accurate statement of its contents, and deny the allegations insofar as they are inconsistent therewith.

31.   Defendants are without knowledge or information upon which to form a belief as to the accuracy of the allegations and opinions expressed in this paragraph, and on that basis deny the allegations.

32.   Defendants are without knowledge or information upon which to form a belief as to the accuracy of the allegations and opinions expressed in this paragraph, and on that basis deny the allegations.

33.   Defendants are without knowledge or information upon which to form a belief as to the accuracy of the allegations and opinions expressed in this paragraph, and on that basis deny the allegations.

34.   Defendants are without information upon which to form a belief as to the accuracy of the information and opinions expressed in the first sentence and on that basis deny the allegations.  Deny second sentence.

35.   Defendants are without information upon which to form a belief as to the accuracy of

the information and the opinions expressed in this paragraph and on that basis deny.

36.  This paragraph attempts to characterize Plaintiff's efforts to solicit letters of recommendation, a matter as to which Defendants are without information or knowledge upon which to form a belief as to the accuracy of the allegations, and on that basis Defendants deny the allegations, except that, with regard to the allegations contained in the second sentence, Defendants admit that Plaintiff submitted letters of recommendation from individuals, and that those letters explained his record and performance, and respectfully refer the Court to the signature blocks of those letters for the purpose of ascertaining the signatures appearing on those signature blocks.

37.  This paragraph is vague and ambiguous in that it asserts an overly broad proposition that may or may not be true, depending on the specific factual circumstances to which the proposition is applied, so that Defendants are without information upon which to form a belief as to the accuracy of the allegation and so deny.

38.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny on that basis.

39. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny on that basis.

40.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny on that basis.

41.  Defendants admit that Plaintiff provided BCNR with a letter purporting to be from former Captain Davidson, USMC, and Defendants do not have reason to doubt the authenticity of the letter but cannot vouch for its authenticity, and on that basis deny the remainder of the first

7

sentence for lack of knowledge sufficient to form a belief as to the truth of the matter asserted. The remainder of the allegations attempt to characterize statements allegedly made by Captain Davidson in a letter to the BCNR; Defendants respectfully refer the Court to a true and correct copy of that letter for the most complete and accurate statement of its contents, and deny the allegations insofar as they are inconsistent therewith.

42. Admit first sentence. The remaining allegations attempt to characterize statements made by Colonel Scovel; Defendants respectfully refer the Court to a true and correct copy of the referenced letter for the most complete and accurate statement of its contents, and deny the allegations insofar as they are inconsistent therewith.

43. Admit.

44. Admit.

45. Defendants admit that the Marine Corps performance evaluation system, as set forth in MCO 1610.7E, provides for appeals of fitness reports, and respectfully refer the Court to the applicable instruction for the most complete and accurate statement of its contents, and deny the allegations insofar as they are inconsistent therewith.

46. Defendants aver that on July 16, 2003, the PERB issued a recommendation to the BCNR pertaining to Plaintiff's May 6, 2003 petition to the BCNR, and further aver that the PERB recommended denial of the petition and deny the remainder of the first sentence. The remaining allegations attempt to characterize the substance of the PERB's July 16, 2003 recommendation to the BCNR, to which Defendants respectfully refer the Court for the most complete and accurate statement of its contents, and deny the allegations insofar as they are inconsistent therewith.

8

47. Admit, and aver that Colonel Wilk held the rank of major at the time that the report in question was reviewed.

48. Admit.

49. Defendants are without knowledge or information upon which to form a belief as to the accuracy of the information and opinions expressed in the allegations of this paragraph and on that basis deny the allegations.

50. Defendants are without knowledge or information upon which to form a belief as to the accuracy of the information and opinions expressed in the allegations of this paragraph and on that basis deny the allegations.

51. Defendants aver that the BCNR twice asked the PERB if the PERB wished to reconsider the PERB's recommendation in light of Plaintiff's August 12, 2003 letter to the BCNR, and that the PERB did not respond to either request, and further deny the remainder of this paragraph and additionally refer the Court to Plaintiff's August 12, 2003 letter to the BCNR for the most complete and accurate statement of its contents.

52. Defendants aver that the performance evaluation signed by Captain Davidson was approximately thirteen years old at the time that Plaintiff filed the petition to correct it, and deny the remainder of the first sentence for lack of knowledge upon which to admit or deny. The remainder of the paragraph comprises a characterization of Plaintiff's May 6, 2003 petition to the BCNR to which Defendants respectfully refer the Court for the most complete and accurate statement of its contents, and deny the allegations insofar as they are inconsistent therewith.

53. This paragraph attempts to characterize the BCNR's decision of August 15, 2003, to which defendants respectfully refer the Court for the most complete and accurate statement of its

contents, and deny the allegations insofar as they are inconsistent therewith, and aver that the BCNR found that Plaintiff's May 6, 2003 petition to the BCNR was timely. The remainder of the paragraph comprises a legal conclusion to which a response is not required.

54. Admit, except to aver that the BCNR's decision was reviewed and approved by the Secretary's designee on August 26, 2003.

55. Defendants are without information upon which to form a belief as to the accuracy of the information and opinions expressed therein, and on that basis deny the allegations.

56. Admit and aver that although the BCNR granted Plaintiff the relief that he requested in his application to the BCNR of May 6, 2003 (to remove the failure of selection from his record), the BCNR was not required to provide that relief.

57. Deny.

58. Admit, with the exception of Plaintiff's characterization of the fitness report as "falsified," which characterization Defendants deny for lack of knowledge upon which to form a belief as to the truth of the matter asserted because that term is vague and ambiguous in the context of the language of the allegation.

59. This paragraph is vague and ambiguous as to what is intended to be signified by the term "interactive nature," and on that basis Defendants are without information sufficient to form a belief as to the truth of the allegations asserted and so deny.

60. Admit that CMC, by letter dated February 16, 2004, recommended to the Secretary that Plaintiff's petition for an SSB be denied, but deny the remainder of the first sentence and aver that CMC's recommendation did not rely merely on Plaintiff's failure to exercise "reasonable diligence." As to the remainder of the allegations, which purport to characterize that

10

February 16, 2004 letter, Defendants respectfully refer the Court to a true and correct copy of the letter for the most complete and accurate statement of its contents and deny the allegations insofar as they are inconsistent therewith.

61.  Deny, aver that CMC's recommendation did not rely merely on Plaintiff's failure to exercise "reasonable diligence," and respectfully refer the Court to a true and correct copy of CMC's letter for the most complete and accurate statement of its contents and deny the allegations insofar as they are inconsistent therewith.

62. Admit.

63. Deny.

64. Deny.

65.  The allegations in this paragraph purport to characterize both the BCNR's decision, dated August 15, 2003, to grant relief based upon Plaintiff's petition, and the later February 16, 2004 CMC recommendation to deny Plaintiff's SSB request, to which Defendants respectfully refer the Court for the most complete and accurate statement of their contents and deny the allegations insofar as they are inconsistent therewith.   Insofar as Plaintiff alleges that the two decisions are both interconnected and inconsistent, or that the statute of limitations in 10 U.S.C. § 1552 is controlling of a determination of diligence under Secretary of the Navy Instruction (SECNAVINST) 1401.1B, Defendants deny.

66.  Deny.

67.  Defendants admit that Plaintiff filed a request for information under the Privacy Act (PA) and Freedom of Information Act (FOIA) on May 5, 2004.  As to the remainder of the first sentence, Defendants respectfully refer the Court to that request for the most complete and

11

accurate statement of its contents, and deny the allegations insofar as they are inconsistent

therewith, except that Defendants admit that the records sought are maintained by Headquarters

Marine Corps, Manpower, Promotions Branch.  The second sentence is a legal conclusion to

which a response is not required.  Admit third sentence.

68.  Defendants are without information sufficient to form a belief as to what Plaintiff

may have hoped when he filed his request under the PA, and on that basis deny.

69.  Defendants admit to the allegation in the first sentence that Ms. Susan Reed is an

Officer Special Selection Specialist working at Headquarters, U.S. Marine Corps, Code MMPR,

and that she recalls speaking to Plaintiff about his SSB request, but are without information

sufficient to form a belief as to the truth regarding allegations as to the topic of the conversations

and the date on which they occurred, and on that basis deny the allegations in the first sentence of

this paragraph.  The second sentence is vague and ambiguous insofar as Defendants cannot

ascertain what is meant by the allegations therein, and Defendants therefore deny.

70.  Defendants are without information sufficient to form a belief as to the truth of the

matters asserted and so deny.

71.  Defendants are without information sufficient to form a belief as to the truth of the

matters asserted and so deny.

72.  Defendants admit to the allegation in the first sentence that Plaintiff sent a letter to

Ms. Tracy Ross dated September 29, 2004, and, in response to Plaintiff's allegations

characterizing the contents of that letter, Defendants respectfully refer the Court to a true and

correct copy of that letter for the most complete and accurate statement of its contents.  Admit

second sentence.   The third and fourth sentences characterize Defendants' response to that letter;

Defendants respectfully refer the Court to a true and correct copy of the letter for the most complete and accurate statement of its contents, and deny the third and fourth sentences insofar as they are inconsistent therewith, and additionally aver that Defendants denied Plaintiff access to that legal memorandum based on Exemption (b)(5) of the FOIA.

73. Aver that Plaintiff sent a letter to Tracy Ross dated September 29, 2004 regarding his Privacy Act/FOIA request; admit that the letter cited to several e-mails between Ms. Reed and Plaintiff, and Mr. Sunday and Plaintiff; admit that Ms. Reed and Mr. Sunday are both Defendants' employees within MMPR; respectfully refer the Court to Plaintiff's September 29, 2004 letter to Tracy Ross and the referenced e-mails for the most complete and accurate statement of the contents of those documents; and deny the allegations of this paragraph insofar as they are inconsistent therewith.

74. Admit this paragraph except insofar as it purports to characterize Ms. Ross's December 3, 2004 e-mail to Plaintiff; respectfully refer the Court to that e-mail for the most complete and accurate statement of its contents; and deny the allegations insofar as they are inconsistent therewith.

75. Admit that the legal memorandum had been initially misfiled and was properly re-filed upon learning of the error, but defendants are without information sufficient to form a belief as to when the re-filing occurred and deny that portion of the allegation.

76. Defendants are without information sufficient to form a belief as to the truth of the first sentence and so deny.   Deny second sentence.

77. Admit.

78. This paragraph purports to characterize the contents of the SJA memorandum

submitted to the CMC on December 18, 2003, to which Defendants respectfully refer the Court

for the most complete and accurate statement of its contents and deny insofar as the paragraph is

inconsistent therewith.

79.  Aver that the memorandum in question was provided to the CMC, and that the CMC

had the memorandum before him at the time that he recommended the denial of Plaintiff's

September 16, 2003 request.  To the extent that the first sentence attempts to use the term

"considered" to mean material that, as a matter of law, must be disclosed to a petitioner,

defendant denies and avers that such allegation would comprise a legal conclusion to which a

response is not required.   The second sentence purports to allege matters pertaining to the mental

thought processes of the CMC, a matter that would be subject to the deliberative process

privilege and to which Plaintiff thus would not be entitled.  Defendants further aver that the

Administrative Record in this case speaks for itself.

80.  Admit first sentence.  The second sentence asserts an overly broad proposition, the

validity of which cannot be ascertained in a vacuum and outside a specific factual context, so that

defendants are without information sufficient to form a belief as to the truth of the matter

asserted and so deny.

81.  Admit.

82.   Defendants admit that Plaintiff had a conversation with Captain Gaffney concerning

Plaintiff's request for reconsideration of the SSB decision, but deny for lack of knowledge the

date on which the conversation occurred.  Admit second sentence, assuming that the relevant

time frame assumed is on or about March 17, 2005.  The remainder of the paragraph constitutes

characterizations of the specific conversation at issue, a conversation the specifics of which

Captain Gaffney has limited memory; on that basis defendants can neither admit nor deny the allegations contained therein.

83. As to the first sentence, admit that Plaintiff sent an email to Lieutenant Colonel Carberry, Captain Gaffney's superior at the time; deny allegations concerning the date and content of the conversation between Plaintiff and Captain Gaffney for lack knowledge sufficient to form a belief concerning the matter asserted; and, to the extent that the first through the fourth sentences purport to characterize email between Plaintiff and Lieutenant Colonel Carberry, defendants respectfully refer the Court to those emails, contained in the Administrative Record, for the most complete and accurate statements of their contents and deny the paragraph insofar as it is inconsistent therewith.  Defendants deny the fifth sentence for lack knowledge sufficient to form a belief concerning the matter asserted.

84. Admit first sentence.  The remainder of the paragraph comprises a characterization of the CMC's July 25, 2005 recommendation to which Defendants respectfully refer the Court for the most complete and accurate statement of its content and deny the allegations insofar as they are inconsistent therewith.

85. Admit first sentence.  Defendants are without information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph and so deny.

86. Defendants deny and aver that reviews of requests for reconsideration of previously-denied SSB requests are, as a practice, included as part of the duties of attorneys within Code 13.

87. This paragraph purports to characterize Plaintiff's February 7, 2005 request for reconsideration, to which defendants respectfully refer the Court for the most complete and accurate statements of its contents, and deny the paragraph insofar as it is inconsistent therewith.

15

88.  The first sentence asserts an overly broad proposition, the validity of which cannot be ascertained in a vacuum and outside a specific factual context, so that the allegation is vague and ambiguous and defendants are without information sufficient to form a belief as to the truth of the matter asserted and so deny.   Defendants deny the second sentence for lack of knowledge sufficient to form a belief as to the truth of the matter asserted, except that to the extent that the second sentence comprises a legal conclusion, defendants do not respond because the portion of the allegation requires no response.  Defendants deny the third sentence for lack of knowledge sufficient to form a belief as to the truth of the matter asserted on the basis that the third sentence is unintelligible and Defendants do not know what it is intended to assert.

89.  Deny.

90.  Deny.

91.  Admit.

92.  Admit.

93.  Defendants aver that on February 23, 2006, the Secretary issued a decision on Plaintiff's February 7, 2005 request for reconsideration; to the extent that the Court construes the first sentence as a factual allegation, defendants deny, but to the extent that the Court construes the first sentence as a legal conclusion, no response is required. As to the allegations in the second and third sentences, Defendants respectfully refer the Court to the Secretary's February 23, 2006 decision for the most complete and accurate statements of its content, and deny the allegations insofar as they are inconsistent therewith.  Defendant denies the allegation in the fourth sentence in the paragraph.

94.  This paragraph is so vague and ambiguous as to what is intended to be meant that

Defendants cannot ascertain its validity, so that defendants must deny as they are without information sufficient to form a belief as to the truth of the matter asserted.

95.    Deny first sentence.  The allegations in the second sentence of the paragraph purport to characterize Plaintiff's February 7, 2005 request for reconsideration, to which Defendants respectfully refer the Court for the most complete and accurate statement of its contents and deny the allegations insofar as they are inconsistent therewith.  As to the allegations in the third sentence of the paragraph, Defendants respectfully refer the Court to the actual content of the Secretary's February 23, 2006 decision and deny the allegations insofar as they are inconsistent therewith.

96.    This paragraph purports to characterize the Secretary's February 23, 2006 decision to which Defendants respectfully refer the Court for the most complete and accurate statement of its contents and deny the allegations insofar as they are inconsistent therewith.

97.    The first sentence is vague and ambiguous as to what is intended to be meant by "new request," so that Defendants cannot ascertain its validity and defendants must deny as they are without information sufficient to form a belief as to the truth of the matter asserted.  The second sentence is vague and ambiguous as to what is intended to be meant by "the issues previously decided," so that Defendants cannot ascertain its validity and defendants must deny as they are without information sufficient to form a belief as to the truth of the matter asserted.  In the third sentence Plaintiff draws a legal conclusion to which no response is required.

98.    This paragraph purports to characterize the Secretary's February 23, 2006 decision to which Defendants respectfully refer the Court for the most complete and accurate statement of its contents and deny the allegations insofar as they are inconsistent therewith.

99. This paragraph purports to characterize the recommendation of the Performance Evaluation Review Board (PERB) dated July 16, 2003, to which Defendants respectfully refer the Court for the most complete and accurate statement of its contents and deny the allegations insofar as they are inconsistent therewith.

100. This paragraph purports to characterize a comparison between the Secretary's February 23, 2006 decision and the recommendation of the PERB dated July 16, 2003, to which Defendants respectfully refer the Court for the most complete and accurate statement of their contents and deny the allegations insofar as they are inconsistent therewith.

101. Defendants admit to the allegation in the first sentence. The allegations in the second sentence attempt to characterize statements made by the BCNR's August 26, 2003 decision, to which Defendants respectfully refer the Court for the most complete and accurate statement of its contents, and deny the allegations insofar as they are inconsistent therewith. Defendants aver, however, that the BCNR provided full relief, as requested by Plaintiff, including modification of his fitness report and reconsideration "in-zone" before a new promotion board.

102. Deny.

103. Admit the first sentence, and aver that Plaintiff requested removal of his failure of selection to lieutenant colonel. Defendants deny the allegation in the second sentence and, to the extent that the second sentence attempts to characterize the BCNR decision of August 26, 2003, respectfully refer the Court to the BCNR's decision for the most complete and accurate statement of its content, and deny the allegations insofar as they are inconsistent therewith.

104. Admit.

105.  This paragraph attempts to characterize the content of Department of Defense Instruction 1320.11, to which Defendants respectfully refer the Court for the most complete and accurate statement of its content, and deny the allegations insofar as they are inconsistent therewith, and further deny that the Secretary was "required" to convene an SSB.

106.  Admit.

107.  With the exception of the second sentence, the allegations in this paragraph attempt to characterize the content of MCO P1610.7E.  Defendants respectfully refer the Court to MCO P1610.7E for the most complete and accurate statement of its content, and deny the allegations insofar as they are inconsistent therewith.  As to the second sentence, admit.

108.  Admit.

109.  Admit the first sentence except to deny that Plaintiff sought to correct the comparative assessment and aver that Plaintiff sought to change it.  Defendants have insufficient knowledge upon which to admit or deny Plaintiff's subjective belief as to the basis of his request, and so deny the second sentence.  The allegations in the third and fourth sentences appear to be a characterization of Colonel Scovel's September 2, 2003 letter, to which Defendants respectfully refer the Court for the most complete and accurate statement of its content, and deny the allegations insofar as they are inconsistent therewith.  Insofar as those sentences allege matters pertaining to Colonel Scovel's thought processes, Defendants are without information sufficient to form a belief as to the truth of the matter asserted.

110.  Admit to the allegations in the first sentence of the paragraph. The allegations in the second through sixth sentences attempt to characterize the PERB's memorandum of January 28, 2005, to which Defendants respectfully refer the Court for the most complete and accurate

statement of its content, and deny the allegations insofar as they are inconsistent therewith.

111.   Defendants aver that Plaintiff submitted a personal statement to the BCNR on March 22, 2005, and respectfully refer the Court to that statement for the most complete and accurate statement of its content, and deny the allegations insofar as they are inconsistent therewith.  Defendants deny the allegations in the second, third, and fourth sentences.

112.   Admit first sentence. The second sentence purports to characterize a letter submitted by Colonel Scovel, dated February 17, 2005, to which Defendants respectfully refer the Court for the most complete and accurate statement of its content, and deny the allegations insofar as they are inconsistent therewith.

113.   Deny the allegations in the first, second, and third sentences of the paragraph.  As to the allegations in the fourth and fifth paragraphs, Plaintiff's use of the term "inflate" is vague and ambiguous, and on that basis Defendants are without knowledge sufficient to form a belief as to the truth of the matters asserted and so deny.

114.   Admit the allegations in the first and second sentences of the paragraph.  The allegations in the third sentence purport to characterize Colonel McCown's letter, to which Defendants respectfully refer the Court for the most complete and accurate statement of its content, and deny the allegations insofar as they are inconsistent therewith.

115.   Defendants are without information upon which to form a belief as to the accuracy of the information and opinions expressed therein, and on that basis can neither confirm nor deny the allegations.

116.   The allegation expressed in this paragraph is vague and ambiguous and purports to quantify a subjective belief based on incomplete facts, and on that basis Defendants are without

20

knowledge sufficient to form a belief as to the truth of the matters asserted and so deny.

117.  Defendants deny the allegation that Colonel Scovel's report required correction, and are without information upon which to form a belief as to the accuracy of the information and opinions expressed in the remainder of the paragraph, and on that basis deny.

118.  The allegation expressed in this paragraph is vague and ambiguous and purports to quantify a subjective belief based on incomplete facts, and on that basis Defendants are without knowledge sufficient to form a belief as to the truth of the matters asserted and so deny.

119.  Admit.

120.  Admit first sentence.  Admit second sentence and aver that the MARADMIN message was exhaustive.  The third and fourth sentences purport to characterize MARADMIN 332/03, to which Defendants respectfully refer the Court for the most complete and accurate statement of its content, and deny the allegations insofar as they are inconsistent therewith.

121.  This paragraph purports to characterize the contents of Plaintiff's March 25, 2005 letter, to which Defendants respectfully refer the Court for the most complete and accurate statement of its content, and deny the allegations insofar as they are inconsistent therewith.

122.  As to the first sentence, Defendants admit that the BCNR, at the time that it was processing Plaintiff's petition to alter the Captain Davidson report, obtained an advisory opinion from MMOA-4; to the extent that the remainder of the first sentence purports to characterize that advisory opinion, Defendants respectfully refer the Court to the MMOA-4 advisory opinion for the most complete and accurate statement of its contents and deny insofar as the allegation is inconsistent therewith.   Defendants admit second sentence.

123.  Admit the allegations in the first sentence of the paragraph.  The remaining

21

allegations in this paragraph purport to characterize the BCNR's letter of September 2, 2005, to which Defendants respectfully refer the Court for the most complete and accurate statement of its content, and deny the allegations insofar as they are inconsistent therewith.

124.   The allegations in this paragraph purport to characterize Title 32, Chapter 723.3 of the Code of Federal Regulations (32 C.F.R. § 723.3), to which Defendants respectfully refer the Court for the most complete and accurate statement of its contents and deny the allegations that are inconsistent therewith.

125.   Deny the allegation in the first sentence.  The allegations in the second, third and fourth sentences purport to characterize the BCNR's letter of September 2, 2005 to which Defendants respectfully refer the Court for the most complete and accurate statement of its content, and deny the allegations insofar as they are inconsistent therewith.

126.   As to the first sentence, deny.  Use of the phrase "is not the equivalent" in the second sentence is vague and ambiguous, so that Defendants are without information sufficient to form a belief as to the accuracy of the allegations in that sentence and on that basis deny.

127.   Defendants aver that the BCNR is entitled to presume the proper discharge of official duties; insofar as the remainder of the allegations in this paragraph comprise Plaintiff's attempts to characterize 32 C.F.R. § 723, Defendants respectfully refer the Court to the regulation for the most complete and accurate statement of its contents and deny the allegations that are inconsistent therewith.  To the extent that this paragraph asserts a legal conclusion, no response is required.

128.   Admit first sentence.  The second sentence appears to purport to characterize paragraph 10 of MCO 1610.11C, to which Defendants respectfully refer the Court for the most

22

complete and accurate statement of its contents and deny any characterizations inconsistent therewith.

129.  The allegations in the first sentence of the paragraph are vague and ambiguous and on that basis Defendants are without information sufficient to form a belief as to the truth of the allegations asserted and so deny.  The second and third sentences comprise legal conclusions to which no response is required.

130.  Admit, but to the extent that this paragraph attempts to characterize the content of MARADMIN 371/02 and 371/03,  Defendants respectfully refer the Court to MARADMIN 371/02 and 371/03 for the most complete and accurate statement of their content, and deny the allegations insofar as they are inconsistent therewith.

131.   This paragraph comprises a legal conclusion to which no response is required.

132.  Defendants admit only that Plaintiff submitted a document to the BCNR on March 22, 2005 in support of his pending application entitled "Personal Statement in Support of Request to Correct Record Docket Number 971-05," and, as to the remainder of the first sentence, deny.  As to the allegation in the second sentence of the paragraph, deny.

133.  Defendants, in response to this paragraph,  incorporate by reference their responses to Amended Complaint paragraphs 1-9, 19-106, and 130-131.

134.  This paragraph largely comprises a legal conclusion to which no response is required. Insofar as Plaintiff purports in the first through fifth sentences of the paragraph to characterize 10 U.S.C. § 628 and SECNAVINST 1401.1B, Defendants respectfully refer the Court to the statute and regulation in question for the most complete and accurate statement of their content, and deny the allegations insofar as they are inconsistent therewith.  Defendants

deny sentences six through nine of the paragraph.

135.   Defendants, in response to this paragraph,  incorporate by reference their responses to Amended Complaint paragraphs 1-9, 19-106, and 130-131.

136.   This paragraph purports to identify the jurisdictional basis for the causes of action alleged by Plaintiff and Plaintiff's alternative theory of liability.  As such, it constitutes a conclusion of law to which no response is required.

137.   The first sentence does not comprise allegations of fact, but instead characterizes the Amended Complaint and the organization of its allegations and claims, which are legal conclusions to which no response is required.  To the extent a response is deemed required, deny.

138.   Defendants, in response to this paragraph,  incorporate by reference their responses to Amended Complaint paragraphs 1-4, 10-21, and 107-132.

139.   Admit the allegations in the first five sentences.  Deny the remainder of the paragraph.

140.   Defendants, in response to this paragraph,  incorporate by reference their responses to Amended Complaint paragraphs 1-4, 10-21, and 107-132.

141.   This paragraph does not comprise allegations of fact, but instead characterizes the Amended Complaint and the organization of its allegations and claims, which are legal conclusions to which no response is required.  To the extent a response is deemed required, deny.

The remaining paragraphs of the Amended Complaint consist of Plaintiff's prayers for relief, which do not require an answer, but insofar as an answer may be deemed required, Defendants deny.

Except to the extent expressly admitted or qualified above, Defendants deny each and every allegation in the Amended Complaint.  Defendants deny that Plaintiff is entitled to the relief sought in the Amended Complaint, or to any relief whatsoever.

Having fully answered, Defendants respectfully request that this action be dismissed with prejudice and that Defendants be granted its costs and any such relief that this Court deems appropriate.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____
LISA S. GOLDFLUSS, D.C. Bar # 417787
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., 10th Floor
Washington, D.C. 20530
(202) 514-7198
Counsel for Defendants

Of Counsel:
Major Thomas B. Merritt, Jr., USMC
Litigation Attorney
Office of the Judge Advocate General
1322 Patterson Avenue, Bldg 33, Ste 3000 Washington Navy Yard, D.C.  20374-5066

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of June, 2006, I caused the foregoing to be served,

pursuant to the parties' agreement, by e-mail to Plaintiff Jackson L. Mcgrady at

jackson.mcgrady@usmc.mil

and

jmcgrady@verizon.net.


_____
LISA S. GOLDFLUSS
Assistant United States Attorney

26