IN UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

JACKSON L. MCGRADY,

        Plaintiff,

v.

GORDAN R. ENGLAND
Secretary of the Navy, et al.

Civil Action No. 1:95-CV-01651

## DECLARATION OF CAPTAIN MARTIN E. ADAMS, U.S. MARINE CORPS OF NAVY JAG CODE 13 ADMINISTRATIVE LAW BRANCH

DECLARANT, states as follows, to wit:

1. I am MARTIN E. ADAMS and I serve as a judge advocate on active duty in the United Sates Marine Corps at the rank of captain. I am currently assigned as an attorney for the Department of the Navy for the Office of the Judge Advocate General (OJAG), Administrative Law Branch (Code 13); My work physical address is Presidential Tower Suite 7000, 2511 S. Jefferson Highway, Arlington, VA 22202.

2. As part of my official duties, I review petitions from servicemembers requesting Special Selection Boards (SSB) submitted to the Secretary of the Navy. I also review requests for reconsideration of previously denied SSB petitions.

3. On August 11, 2005, I received a request for the Secretary of the Navy to reconsider a previously denied SSB petition from Major Jackson L. McGrady, U.S. Marine Corps. Major McGrady's request was dated February 7, 2005.

4. Secretary of the Navy considered and denied Major McGrady's request on February 23, 2006.

5. The Secretary's denial letter included four references, listed as reference (a) through reference (d). All four references were before the Secretary when he denied Major McGrady's request.

6. When an additional volume of the administrative record was prepared in this case, reference (d) to the Secretary's denial

letter of February 23, 2006 (a memorandum for the Secretary of the Navy from the Commandant of the Marine Corps, dated July 25, 2005), was not included in the additional volume due to an administrative oversight.

7. All of the other references to the Secretary's denial letter of February 23, 2006, with the exception of reference (d), are included in the additional volume of the administrative record. Further, the additional volume of the administrative record contains all the documents that were before the Secretary when he denied Major McGrady's request.


I declare under penalty of perjury that the foregoing is true and correct.

05 JUL 2006
Date

MARTIN E. ADAMS

# United States  of America

## DEPARTMENT OF THE NAVY

*Washington, D.C.,* 05 July 2006

**I hereby certify** *that the annexed* Volume I of I, pages 1 to 4 constitute a true and accurate copy of reference (d) the Secretary of the Navy's memorandum to the Commandant of the Marine Corps of February 23, 2006 regarding the SSB request of Major Jackson L. McGrady, 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; such record being kept by me in the ordinary course of official business and in my official supervision and in the official custody of the Administrative Law Division of the Judge Advocate General.

*on file in the* Office of the Administrative Law Division of the Judge Advocate General

Martin E. Adams
Captain, U.S. Marine Corps
(Official title)

## OFFICE OF THE SECRETARY

**I hereby certify** *that* Martin E. Adams, Captain, U.S. Marine Corps *who signed the foregoing certificate, was at the time of signing* a duly licensed attorney assigned to the Administrative Law Division of the Judge Advocate General *and that full faith and credit should be given his certification as such.*

*In testimony whereof, I have hereunto set my hand and caused the Seal of the Navy Department to be affixed this* 12 *day of* July, *two thousand* six.



H. H. DRONBERGER
Captain, JAGC, U.S. Navy
(Civil Law)
For the Secretary of the Navy

NAVJAG  (REV. 1-00)



**DEPARTMENT OF THE NAVY**
HEADQUARTERS UNITED STATES MARINE CORPS
3000 MARINE CORPS PENTAGON
WASHINGTON, DC 20350-3000

IN REPLY REFER TO:
1401/2
MMPR

JUL 2 5 2005

MEMORANDUM FOR THE UNDER SECRETARY OF THE NAVY

Subj: RECONSIDERATION OF A SPECIAL SELECTION BOARD REQUEST IN THE CASE OF MAJOR JACKSON L. MCGRADY, 216 74 4199/4402 USMC

Ref: (a) SECNAVINST 1401.1B
 (b) Memo for SecNav dated 16 Feb 2004
 (c) MCO P1400.31B, Marine Corps Promotion Manual, Volume 1, Officer Promotions (MARCORPROMMAN)

1. Reference (a) permits consideration for promotion of an officer by a special selection board (SSB) if the officer was considered but not selected by a regularly scheduled selection board, and the Secretary of the Navy determines the action of the board was contrary to law, involved material error of fact, administrative error, or resulted from the board not having before it material information for consideration.

2. Major McGrady is requesting reconsideration of his special selection board request. He contends that the disapproval of his initial request based on the fact that he did not exercise reasonable diligence is erroneous.

3. The facts germane to this case:

 a. **Promotion History**

  (1) FY06 USMC Lieutenant Colonel Promotion Selection Board (convened 8 September 2004). Eligible, above zone, not selected.

  (2) FY05 USMC Lieutenant Colonel Promotion Selection Board (convened 4 September 2003). Eligible, in-zone, not selected

  (3) FY04 USMC Lieutenant Colonel Promotion Selection Board (convened 9 October 2002). Eligible, in-zone, but not selected.

  (4) FY03 USMC Lieutenant Colonel Promotion Selection Board (convened 16 October 2001). Eligible, below-zone, but not selected.

00001

Subj: RECONSIDERATION OF A SPECIAL SELECTION BOARD REQUEST IN THE CASE OF MAJOR JACKSON L. MCGRADY, 216 74 4199/4402 USMC

   b. Major McGrady requested a special selection board on 16 September 2003. The Secretary of the Navy disapproved Major McGrady's request on 16 April 2004 based on the fact that he did not exercise reasonable diligence.

   c. Major McGrady argued in his initial request that his Reporting Senior's ranking in the fitness report for the period 1 August 1990 to 26 November 1990 was in error and caused him to be less competitive on the FY04 USMC Lieutenant Colonel Promotion Selection Board. The Secretary of the Navy denied Major McGrady's request due to his failure to exercise reasonable diligence in correcting the fitness report before the FY04 USMC Lieutenant Colonel Promotion Selection Board convened. In his request for reconsideration, Major McGrady argues that he did in fact exercise reasonable diligence.

4. Analysis

   a. The fitness report in question is a 4-month report when Major McGrady was a first lieutenant. This report was written approximately 13 years prior to the convening of the FY04 USMC Lieutenant Colonel Promotion Selection Board and was in his Official Military Personnel File (OMPF) when he was selected to captain and major.

   b. Reference (a) states that an SSB is not authorized when an officer fails to exercise the fair, proper, and due degree of care and activity measured with reference to the particular circumstance. Further, reference (a) does not authorize an SSB to an officer who fails to exercise reasonable diligence to discover and correct any errors or omissions in his official record prior to the convening of a promotion selection board. Hence, it has been determined that the analysis provided in reference (b) is still valid. Major McGrady bases his rebuttal on factors the Staff Judge Advocate used in determining reasonable diligence. Two of those factors are "the officer took reasonable steps to correct any errors in his/her official record prior to a board" and "the nature of any error in an officer's official record that went undetected was such that it would not have been detected by a reasonable prudent officer." Although Major McGrady states he frequently reviewed his record before the convening of the FY04 Board, he did not give a reason as to why the error went undetected for 13 years and after so many reviews.

Subj: RECONSIDERATION OF A SPECIAL SELECTION BOARD REQUEST IN THE CASE OF MAJOR JACKSON L. MCGRADY, 216 74 4199/4402 USMC

   c. In Major McGrady's request to the Board for Correction of Naval Records (BCNR), he stated that he was not aware of the error until 31 Mar 2003, when the Reporting Senior, Captain Davidson advised him that he had mistakenly ranked him "3 of 3" vice "1 of 3" on his fitness report for the period 1 August 1990 to 26 November 1990. Major McGrady does not state why Captain Davidson waited approximately 13 years and after he had failed selection to divulge this information.

   d. Major McGrady states in his request that it appeared certain that the FY04 USMC Lieutenant Colonel selection board placed dispositive weight on rankings and changing this report would have materially changed the number of those ranked above/below him. Major McGrady's failure of selection before the FY04 board was removed and the error in his record was corrected. Major McGrady was considered by the FY05 board as an in-zone officer and the FY06 board as an above-zone officer with a corrected record and still was not selected. Hence, it is evident that there were other competitive concerns in Major McGrady's record, such as MOS credibility, which MMOA flagged in their response to Major McGrady's BCNR petition.

   e. Under Major McGrady's resubmission, he states that he contacted a career counselor prior to the FY04 board. Major McGrady made no mention in his first request of this contact. The Secretary of the Navy's decision to disapprove Major McGrady's first request was based on his failure to ensure his record was substantially accurate and complete before the convening of the board. Major McGrady is personally responsible for the accuracy of his record. It was and still is evident that Major McGrady had more than enough time to correct the error in his record before the FY04 board. He should have reasonably known the nature of the ranking and he should have taken appropriate steps to highlight or correct the fitness report prior to the FY04 USMC Lieutenant Colonel Board convening.

5. **Conclusion.** Major McGrady's request for reconsideration does not meet the requirements for a special selection board per the reference; he failed to exercise reasonable diligence to ensure his record was substantially accurate and complete before the convening of the board and has not provided any additional information to refute the decision made in reference (b).

Subj: RECONSIDERATION OF A SPECIAL SELECTION BOARD REQUEST IN THE CASE OF MAJOR JACKSON L. MCGRADY, 216 74 4199/4402 USMC

6. Based upon the foregoing analysis, I recommend that Major McGrady's request for consideration by a special selection board be disapproved.

M. W. Hagee
Commandant of the Marine Corps

FOR DECISION BY THE UNDER SECRETARY OF THE NAVY

Approve Special Selection Board Request _____

Disapprove Special Selection Board Request _____ *SEE 23 FEB 06 SECNAV MEMO*

Other _____

00004