**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **JACKSON L. McGRADY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 05-1651 (GK)** |
| | ) | |
| **DEPARTMENT OF THE NAVY,** *et al.* | ) | |
| | ) | |
| **Defendants** | ) | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants, pursuant to Fed. R. Civ. P. 56, respectfully move for entry of summary

judgment in their favor.  Defendants so move on the ground that there is no genuine issue of

material fact and defendants are entitled to judgment as a matter of law. As support for this

motion, the Court is respectfully referred to Defendants' Statement of Undisputed Material Facts,

the memorandum of points and authorities in support of the instant motion, and the entire record

in this case.

A proposed Order is attached.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____
LISA S. GOLDFLUSS, D.C. Bar #417787
Assistant United States Attorney
555 4th Street, N.W.,  Tenth Fl.
Washington, D.C.  20530
(202) 514-7198
Counsel for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **JACKSON L. McGRADY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 05-1651 (GK)** |
| | ) | |
| **DEPARTMENT OF THE NAVY,** *et al.* | ) | |
| | ) | |
| **Defendants** | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

Plaintiff Major Jackson L. McGrady, an active duty Marine Corps officer and an attorney, seeks a special selection board ("SSB") under 10 U.S.C. § 628 to rectify what he alleges to have been material unfairness of two previous promotion boards that failed to select him for promotion to the rank of lieutenant colonel ("LtCol").[1]  In so doing, plaintiff seeks an order that would overturn decisions by the Secretary of the Navy ("Secretary") not to convene an SSB under § 628 for plaintiff.   Plaintiff additionally seeks review of those same decisions under the Administrative Procedure Act, 5 U.S.C. § 701, et seq.  Finally, plaintiff proceeds under the APA to obtain review of a decision by the Board of Corrections for Naval Records ("BCNR") to deny him relief in the form of a modified performance evaluation.

---

[1] An SSB is a board of officers that convenes independent of the regularly-scheduled annual promotion boards for the purpose of re-evaluating whether a military officer who was not selected for promotion should be selected for promotion.  See generally 10 U.S.C. § 628. SSBs are a form of extraordinary relief that military service Secretaries may provide to officers in cases where an officer eligible for promotion was not considered by a promotion board due to an administrative error, or the promotion board considered an officer for promotion in an "unfair manner."  10 U.S.C. §§ 628(a), (b).

Specifically, in Counts I and II of the Amended Complaint, plaintiff challenges the Secretary's decision not to grant plaintiff an SSB that he had sought on the basis of an alleged material error in a performance evaluation (known as a "fitness report"[2]) signed by his superior, then-Captain Davidson, almost sixteen years ago, on November 26, 1990 ("the Davidson report"). In Count III, plaintiff challenges the BCNR's subsequent denial of plaintiff's request for an SSB sought on the basis of an alleged material error in a seven-year-old fitness report signed by his then-superior, Colonel Scovel ("the Scoval report"). Plaintiff challenges in Count IV the BCNR's decision not to amend the Scoval Report.

As demonstrated below, defendants' denial of plaintiff's SSB requests, and of his separate request to amend the Scoval report, fully complied with all applicable statutes and regulations, was rational, and was based on the evidence in the record. Because there exists no genuine issue of material fact, the Court should enter summary judgment in favor of defendants on all four counts.

## II. STATUTORY BACKGROUND

### A. Special Selection Boards

An SSB is a board of officers that convenes separately from regularly-scheduled annual selection boards for the purpose of re-evaluating whether a military officer, who was not selected for promotion or who was improperly denied consideration for promotion, should have been

---

[2] A fitness report is a written performance evaluation, prepared using a standard printed form, that allows a "reporting senior" (a supervisor or manager) "to document [his or her] observations and assessment of the performance and character of a Marine." Marine Corps Order (MCO) P1610.7E § 1001(1) (Attachment A). Fitness reports are maintained in a Marine's individual official record and are primary tools for selecting individuals for promotion and duty assignments. MCO P1610.7E § 1004 (Attachment B).

selected for promotion.  See 10 U.S.C. § 628.  Section 628(b)(1) authorizes the Secretary, when

he determines that material unfairness existed in the previous promotion board(s), to order SSBs

to ensure fairness in the selection of naval officers for promotion to the next higher rank:

> If the Secretary of the military department concerned determines, in the case of a person who was considered for selection for promotion by a promotion board but was not selected, that there was material unfairness with respect to that person, the Secretary may convene a special selection board . . . .  In order to determine that there was material unfairness, the Secretary **must** determine that –
>
> (A) the action of the promotion board that considered the person was contrary to law or involved material error of fact or material administrative error; or
>
> (B) the board did not have before it for its consideration material information.

10 U.S.C. § 628(b)(1) (emphasis added).   Section 628(g) confers upon a federal court the

discretion to review the Secretary's decision to deny an SSB request, and simultaneously sets

forth the applicable standard of review and relief available:

> Judicial review
>
> > (1)(A)  A court of the United States may review a determination by the Secretary of a military department under subsection (a)(1) [persons not considered by promotion boards due to administrative error] and (b)(1) [persons considered by promotion boards in unfair manner] not to convene a special selection board in the case of any person.  In any such case, the court may set aside the Secretary's determination only if the court finds the determination to be –
> >
> > (i) arbitrary and capricious;
> > (ii) not based on substantial evidence
> > (iii) a result of a material error of fact or a material administrative error; or
> > (iv) otherwise contrary to law.
> >
> > (B)  If a court sets aside a determination by the Secretary of a military department not to convene a special selection board under this section, it shall remand the case to the Secretary concerned, who shall provide for consideration by such a board.

3

10 U.S.C. § 628(g)(1).

### B. Board for the Correction of Naval Records (BCNR)

A separate statutory provision, 10 U.S.C. § 1552, provides that "the Secretary of any military department may correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice."  Unlike the requirements of § 628 to convene an SSB, § 1552 does not require a finding of *material* error. See 10 U.S.C. § 1552(a)(1).  Any corrections made to military records, whether due to an error or injustice, "shall be made by the Secretary through boards of civilians of the executive part of the military department." Id.  The Department of the Navy has implemented the requirement of 10 U.S.C. § 1552 and 32 C.F.R. § 723 et seq. by creating a BCNR.  See SECNAV Instruction 5240.193.

The BCNR has equitable authority under 10 U.S.C. §1552, when it determines that an error was present or made during a promotion board, to order the applicant's record to be reviewed by the next regularly-convened promotion board.  Where such equitable relief is not practical due to the passage of time, or where the applicant specifically requests relief in the form of an SSB, the BCNR may act as an agent of the Secretary to determine if an error existed, or whether any such error created material unfairness under 10 U.S.C. § 628.  In that context, the decision of the BCNR to deny an SSB may be reviewable under 10 U.S.C. § 628.

### C. Commandant of the Marine Corps' Recommendations to the Secretary

By statute, the Commandant of the Marine Corps ("CMC") presides over Headquarters, Marine Corps (HQMC), and is required to provide recommendations regarding Marine Corps matters to the Secretary.  10 U.S.C. § 5043(a)(1).  The Marine Corps, although operationally

independent from the Navy, is by law under the control of Secretary of the Navy, and is subject

to the discipline and regulations of the Department of the Navy.  See Reid v. United States, 18

Ct. Cl. 625, 638 (1883); 10 U.S.C.§§ 5013, 5061; 32 C.F.R. § 700.203.

### III.  STATEMENT OF FACTS

Defendants hereby respectfully incorporate by reference herein Defendants' Statement of

Undisputed Material Facts, submitted herewith.

### IV.  STANDARD OF REVIEW

### A.  Review of Military Personnel Decisions Under the APA

The standard of review set forth in 10 U.S.C. § 628 makes explicit that the same standard

used in traditional APA review of military personnel decisions is appropriate in cases challenging

the denial of an SSB under § 628.  See 10 U.S.C. § 628(g)(1)(A); see also, Homer v. Roche, 226,

F. Supp. 2d 222, 225 (D.D.C. 2002).  Under the APA, a court may set aside final agency actions,

findings, and conclusions only when they are found to be arbitrary, capricious, an abuse of

discretion, contrary to law or regulations, or unsupported by substantial evidence. 5 U.S.C. §

706(2).  When reviewing a decision by a military Correction Board, however, the Court must

apply an "unusually deferential application of the 'arbitrary or capricious' standard of the APA."

See Musengo v. White, 286 F.3d 535, 538 (D.C. Cir. 2002) (citing Kreis v. Sec'y. of the Air

Force, 866 F.2d 1508, 1514 (D.C. Cir. 1989)); Cone v. Caldera, 223 F.3d 789, 792-93 (D.C. Cir.

2000).

Although other Circuits have determined the substance of certain military personnel

decisions to be non-justiciable or unreviewable, our Circuit has ruled that review of military

personnel decisions is proper under the APA because the court's analysis will be limited only to

whether the Secretary's decision provides "a reason that a court can measure, albeit with due

deference, against the 'arbitrary or capricious' standard of the APA." Kreis, 866 F.2d at 1514.

If the Secretary's decision-making process is not flawed, a court may not review or overturn the

Secretary's final decision as to how he or she weighted the factors considered in making the final

determination. "All such balancing of considerations is to be done by the Secretary, free of

judicial second-guessing. Such determinations are well within his discretion." Id. As to the

substance of a military personnel decision under the APA, a court defers to the "highly salutary

principle that 'judges are not given the task of running the Army.'" Id. at 1511 (citing Orloff v.

Willoughby, 345 U.S. 83, 93-94 (1953)). "The Constitution vests 'the complex, subtle, and

professional decisions as to the composition, training, equipping, and control of a military force'

exclusively in the legislative and executive branches." Id. (citing Gilligan v. Morgan, 413 U.S. 1,

10 (1973)).

### B.  Review of Special Selection Board Denials under 10 U.S.C. § 628

Congress amended § 628 in 2001 to add a specific provision authorizing judicial review,

under certain circumstances, of decisions by the Secretary not to convene an SSB. See Pub. L.

No. 107-107, § 503(b) (December 28, 2001). The addition of the specific provision "clarified the

law more than it changed it." Homer, 226 F.Supp 2d at 225. "[T]he standard adopted by §

628(g) largely echoes that found in the APA, on which cases such as Kreis had long relied as a

basis for reviewing military personnel actions." Id.

But unlike the review of claims brought under the APA challenging the denial of a

decision to correct a military record, as was analyzed in Kreis, judicial review of an SSB denial

under 10 U.S.C. § 628 is not automatic. The statute grants courts broad discretion as to *whether* to review cases challenging the Secretary's decision not to convene an SSB. "A court of the United States ***may review*** a determination of the Secretary of a military department . . . not to convene a[n] [SSB] . . . " 10 U.S.C. § 628(g)(1)(A) (emphasis added). A court faced with a complaint filed pursuant to 10 U.S.C. 628 (g)(1)(A) must first decide, then, whether the facts before it warrants review. Moreover, even if a court decides that review under 10 U.S.C. § 628 is appropriate, and concludes that the Secretary's decision-making process was flawed, the court maintains the discretion to deny relief: "[T]he court ***may set aside*** the Secretary's determination..." Id (emphasis added). Otherwise, a court may set aside the decision of the Secretary "[o]nly if the court finds the determination to be – (i) arbitrary and capricious; (ii) not based on substantial evidence; (iii) a result of material error of fact or material administrative error; or (iv) otherwise contrary to law.") Id. The language of § 628 indicates the breadth of discretion that Congress has granted to reviewing courts, both to determine whether the particular SSB denial should be reviewed, and whether or not to grant relief even if the Secretary is found to have acted arbitrary and capriciously.[3]

As discussed above, the "unusually deferential" standard used to review BCNR decisions under the APA applies to military decisions made pursuant to § 628. Homer v. Roche, 226 F. Supp. 2d 222, 225 (D.D.C. 2002). In cases where an officer's request for an SSB is based on material unfairness during the promotion board process, the Secretary is afforded significant

---

[3] As discussed below, and as supported by Defendants' Statement of Undisputed Material Facts, defendants respectfully submit that there would be no basis to find that the Secretary acted arbitrary and capriciously in this case.

discretion in deciding whether to convene an SSB.  See 10 U.S.C. § 628(b)(1) (stating that the

Secretary "may convene" a special selection board in cases where officers were considered by

promotion boards in an unfair manner).  Indeed, Congress's use of the term "may" in § 628(b)(1)

contrasts directly with the mandatory requirement imposed on the Secretary to convene an SSB

when the SSB request is based upon an administrative error.  See 10 U.S.C. § 628(b)(1) (stating

that the Secretary "shall convene" an SSB in cases where officers were not considered by a

promotion board due to administrative error).  Thus, even in cases where the Secretary

determines that "material unfairness" did in fact exist with respect to a promotion board, the

Secretary is not required to convene an SSB.  Id.

        Where a court chooses to review a matter under 10 U.S.C. § 628, then, the standard of

review is "unusually deferential."  Cone v. Caldera, 223 F.3d at 793; see also, Kreis, 866 F.2d  at

1515 ("Perhaps only the most egregious decisions may be prevented under such a deferential

standard of review").  Independent from that principle, however, is the legal presumption that the

Secretary, as a public official, has discharged his duties lawfully and in good faith.  See

McDougall v. Widnall, 20 F. Supp. 2d 78, 82 (D.D.C. 1998).

### C.  Application of the Deferential Standard for Military Personnel Decisions

        In applying the appropriate level of deference to military personnel decisions under

judicial review, a reviewing court should "uphold a decision of less than ideal clarity if the

agency's path may be reasonably discerned." Frizelle v. Slater, 111 F.3d 172, 176 (D.C. Cir.

1997) (quoting Dickson v. Secretary of Defense, 68 F.3d 1396, 1404 (D.C. Cir. 1995)).  The

Secretary's "decision need only contain a 'rational connection between the facts found and the

choice made.'" Smith v. Peters, 1999 U.S. Dist. Lexis 6980 at 11 (D.D.C. May 5, 1999)(quoting

Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins.Co., 463 U.S. 29, 43 (1983)). The agency must "give a reason that a court can measure, albeit with all due deference, against the 'arbitrary and capricious' standard." Kreis, 866 F.2d at 1514-15 (remanding to Air Force to provide a rationale for denying a records change request); see also, Homer v. Roche, 226 F. Supp.2d at 227 (remanding to Air Force to provide rationale for an SSB's determination not to promote). The provided rationale must also be individualized to each request and be more than just boilerplate denial language. See Dickson, 68 F.3d 1396 at 1407.

The process used by the military must consider each non-frivolous argument raised by the service member. See Frizelle v. Slater, 111 F.3d 172 (D.C. Cir. 1997)(remanding to the Coast Guard Board of Corrections to consider two arguments raised by service member that the Board had failed to address). A process that examines each claim, provides sufficient level of review, and provides a rationale for the decision satisfies the requirement for a valid process. See Smith, 1999 U.S. Dist. Lexis 6980 at 11-13 (upholding denial of records change and SSB request after two levels of review that considered each claim and provided a rational reason for denial).

Plaintiffs are required to show by "cogent and convincing evidence that the decision was the result of a material legal error or injustice." Stem v. England, 191 F. Supp. 2d 1, 3 (D.D.C. 2001); Kosnick, 31 F. Supp. 2d 151 at 157. This evidence must "overcome the presumption that military administrators discharge their duties correctly, lawfully, and in good faith." Stem, 191 F. Supp. 2d 1 at 3 (citing Smith v. Dalton, 927 F. Supp. 1, 4 (D.D.C. 1996)).

Finally, the proper relief, if any, where the Court deems the Secretary's explanation of his decision to be inadequate, is a remand to the Secretary with an order to provide such explanation. See Kreis, 866 F.2d at 1514 ("[a]t most, as we have observed with regard to justiciability, the

consequence of such review will be only to require the Secretary to explain more fully the

process by which he reached his assessment.")

### D.  Standard of Review on Summary Judgment

Summary judgment is appropriate when the evidence before the court shows "that there is

no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law."  Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see

Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995).  "To determine which facts are

'material,' a court must look to the substantive law on which each claim rests."  See Stem v.

England, 191 F. Supp.2d at 3 (citing, Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)).

While the nonmoving party is entitled to all justifiable inferences in their favor and the

acceptance of their evidence as true (see Anderson, 477 U.S. at 255), they must establish more

than the "mere existence of a scintilla of evidence" in support of their position (see id. at 252).  If

the moving party can show the absence of evidence offered by the nonmoving party, summary

judgment is appropriate.  See Celotex, 477 U.S. at 322.  The nonmoving party may not rely

solely on allegations or conclusory statements.  See Greene v. Dalton, 164 F.3d 671, 674 (D.C.

Cir. 1999).

### V.  ARGUMENT

### A.    The Court Should Not Disturb the Secretary's Decisions Not to Convene a Special Selection Board Based on Alleged Material Errors in The Davidson Report (Counts I and II)

Counts I and II challenge, respectively, (I) the Secretary's "deemed denial" of plaintiff's

February 7, 2005 request for reconsideration of the Secretary April 16, 2004 decision denying

plaintiff's request for an SSB based on alleged material errors in the Davidson report, and (II) the Secretary's actual denial of that request on February 23, 2006 ("February 2006 denial decision").

As a preliminary matter, Count I has been rendered moot by the Secretary's February 2006 denial decision. See Garden State Broadcasting Ltd.Partnership v. FCC, 996 F.2d 386, 394 (D.C. Cir. 1993) ("The Supreme Court has characterized mootness as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'") (quoting United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980)). If there had ever been a "deemed denial" of plaintiff's February 2005 request for reconsideration, there was no longer one when the Secretary issued his actual denial decision in February 2006. On that basis alone, then, Count I should be dismissed.

In any event, plaintiff's claim that the Secretary was required to act on his request for reconsideration within the six-month time frame set forth in § 628(g)(3)(A), and that in the absence of a decision from the Secretary he is entitled to relief from the Court, Am. Compl. at ¶ 8, is meritless. There is no statutory or regulatory requirement that the Secretary reply to a request for reconsideration of a previously-issued decision on an SSB request filed under § 628. Neither § 628 nor Navy's regulations implementing the statute address or even contemplate such a requirement. See Secretary of the Navy Instruction ("SECNAVINST") 1401.1B (Attachment H). It is well-established that courts will normally defer to military decision-makers regarding personnel matters and to the methods established for addressing the grievances of servicemembers. Kreis, 866 F.2d at 1511 (quoting Orloff v. Willoughby, 345 U.S. 83, 94 (1953)) ( "[t]he responsibility for setting up channels through which such grievances can be considered and fairly settled rests upon the Congress and upon the President of the United States and his subordinates."). Since the legislative and executive branches are vested with the

responsibility for fielding the nation's military, the court may not lawfully create additional avenues for relief where none exist.  See Kreis, 866 F.2d at 1511.

Plaintiff has no entitlement, then, to reconsideration of the Secretary's decisions under that statute, much less does he have a colorable legal claim to the application, in these circumstances, of the cited statutory time frame set forth in § 628(g)(3)(A) for determining when SSB petitions will be deemed "denied" for purposes of establishing standing to file in federal district court. Though the Secretary maintains the right to reconsider any decision if he finds the request is not frivolous or baseless, plaintiff has not shown that the Secretary should be constrained by the statutory timeline in 10 U.S.C. § 628 where the request is to reconsider a previous decision.  Because § 628 waives sovereign immunity for the judicial review of decisions denying SSB requests, but does not create an entitlement to the Secretary's affirmative reconsideration of such a decision (nor provide a mandatory time frame in which such reconsideration would be required to be undertaken), Count I does not comprise a claim authorized, either jurisdictionally or on the merits, under § 628.

In any event, on the basis of the Administrative Record filed in this case, the Court should not disturb the Secretary's decision not to convene an SSB sought on the basis of alleged material errors in the Davidson report.

In order to convene an SSB under § 628, the Secretary must find, in pertinent part, "material unfairness" in the conduct of the selection board.  10 U.S.C. § 628(b)(1).  Prior to rendering his April 16, 2004 decision denying McGrady's September 16, 2003 request for an SSB based on the Davidson report, the Secretary (then-Secretary Gordon England) was informed that (a) the BCNR had amended the Davidson report at plaintiff's request, AR Vol. I (certified on May 17, 2006) at 19; (b) the BCNR had placed McGrady back "in-zone" for consideration before the FY05 LtCol promotion board with the amended Davidson report in his record, id. at 1, 70-72; (c)  McGrady had failed to select for LtCol before the FY05 LtCol promotion board, even with

the amended Davidson report in his record, id. at 71; (d) the Davidson report had been in McGrady's record for approximately thirteen years at the time of the FY04 LtCol promotion board, during which time McGrady was promoted to the ranks respectively of captain and major, id.

The Secretary also had before him, at the time of his April 2004 decision, the February 16, 2004 recommendation from the Commandant of the Marine Corps ("CMC") concluding that McGrady's request "does not meet the requirements for a special selection board" per Secretary of the Navy Instruction 1401.1B, and that McGrady failed to exercise reasonable diligence to ensure the accuracy of his record prior to the convening of the FY04 board.  AR Vol. I (certified on May 17, 2006) at 71.[4]   In a section of the CMC's memorandum entitled "Analysis," the CMC did not recommend that the Secretary find that the Davidson report comprised "material error." Id.  The CMC speculated that the original Davidson report "may have been a competitive concern," but made no finding that the original Davidson report was a "competitive concern," id.

In his February 23, 2006 decision on McGrady's request for reconsideration of the April 2004 denial decision,  Secretary Donald C. Winter denied McGrady's request for reconsideration. AR, Volume I (certified on May 17, 2006), at 002.  Secretary Winter found that the Davidson report did not constitute "material error." Id. Secretary Winter considered the facts that the Davidson report covered less than four months of a fifteen-year career, and that McGrady had been promoted to captain and major with the unchanged Davidson report in his record. Id. at 0003.  Finally, Secretary Winter found that even if the Davidson report had constituted material

---

[4]   The Secretary of the Navy had promulgated Secretary of the Navy Instruction ("SECNAVINST") 1401.1B to implement and regulate the SSB process at the time McGrady requested an SSB.  See generally SECNAVINST 1401.1B (Attachment E).  SECNAVINST 1401.1B required a finding of material error by the Secretary before an SSB may be granted. SECNAVINST 1401.1B ¶ 8(a).  SECNAVINST 1401.1B did not require the Secretary to grant an SSB, even when the Secretary determined that an applicant's record contained material error when presented before the members of a promotion board.  Id.

error, McGrady failed to show the diligence required for granting an SSB because he failed to inquire into the circumstances surrounding his "3 of 3 " ranking for almost 12 years prior to the convening of the FY 2004 LtCol promotion board. Id. See SECNAVINST 1401.1B, para 6(b) ("A special selection board will not be convened to consider any officer who, through the exercise of reasonable diligence, might have discovered and corrected the error or omission in the official record prior to convening the promotion selection board that considered, but did not select the officer.")

Although plaintiff presented additional information to Secretary Winter in his reconsideration request, arguing that he had been as diligent as he possibly could have been, he did not offer any additional information to rebut the information previously presented by the CMC regarding the "Facts germane to the case."   See generally Am. Complt ¶¶ 78 - 106. Plaintiff provided no further evidence to show that the Davidson report,  covering a four-month period over thirteen years ago, constituted a material error, especially in light of the fact that plaintiff had been promoted to Captain and then Major, respectively, with the unamended Davidson report in his record. The Secretary's in-depth analysis of the reasons for his decision, and plaintiff's failure to demonstrate convincingly the materiality of the alleged errors, conclusively demonstrate that the Secretary's denial of plaintiff's request was a legitimate exercise of his discretion under 10 U.S.C. § 628.  Nothing in plaintiff's Amended Complaint demonstrates the Secretary's decision-making process to be flawed, irrational, or not firmly based in evidence.

Finally, plaintiffs are required to show by "cogent and convincing evidence that the decision was the result of a material legal error or injustice."   Stem v. England, 191 F. Supp.2d at 3; Kosnick, 31 F. Supp.2d at 157.  This evidence must "overcome the presumption that military administrators discharge their duties correctly, lawfully, and in good faith." Stem, 191 F. Supp. 2d at 3 (citing Smith v. Dalton, 927 F. Supp. 1, 4 (D.D.C. 1996)).  Plaintiff has not

provided sufficient evidence to support the relief he seeks.  Plaintiff has failed to establish that the Secretary's February 23, 2006 denial of his request for reconsideration violated the requirements of 10 U.S.C. 628, in light of the broad discretion granted the Secretary and the highly deferential standard of review applied to his decision.  Plaintiff has also failed to demonstrate that the Secretary's denial of an SSB resulted from an overlooked material error of fact or a material administrative error, or was otherwise contrary to law.  See Am. Compl. ¶ 93-99.

Even if the Court were to find that review of the SSB process is warranted here, it should find that the Secretary's February 23, 2006 denial of plaintiff's request for reconsideration is in no way violative of either 10 U.S.C. § 628 or 5 U.S.C. § 701 et seq. under the heightened standard of review set forth above    The Secretary's decision was rationally based in the evidence before him when he rendered his decisions, and those decisions should not be disturbed.

**B.    The Court Should Not Disturb the Secretary's Decisions Not to Amend the Scovel Report or Convene a Special Selection Board Based on Alleged Material Errors in That Report (Counts III and IV)**

Plaintiff's allegations in Counts III and IV are based on the 1998 Scovel Report.  Plaintiff claims that the BCNR's denial of his petition to amend the Scovel  Report violated the standards of the APA.  As discussed below, because there was no legal, administrative, or procedural error in that report, the BCNR's decision must stand.

It follows that the Secretary could not have found the requisite "material error" that would have authorized him to convene an SSB based on plaintiff's claim of material errors in that report.  The Secretary may only convene an SSB where "(A) the action of the promotion board that considered the person was contrary to law or involved material error of fact or material administrative error; or (B) the board did not have before it for its consideration material

15

information." 10 U.S.C. §628(a)(2). Here, it is clear that an underlying determination that "no error" existed in the Scovel report, if correct, would prevent the Secretary from granting an SSB under the statute. See A.R. 00651-652. For these reasons, the Secretary's decision (issued through the BCNR) not to convene an SSB under § 628 must be upheld.[5]

<ol>
<li><strong>The BCNR'S Decision That The Scovel Fitness Report Does Not Violate Navy And Marine Corps Instructions Was Not Arbitrary or Capricious</strong></li>
</ol>

**a. The Scovel Report Was Not Erroneous.**

The BCNR correctly determined that the Scovel report contained no error, thus finding that its presence in plaintiff's record did not permit the granting of an SSB. See Am. Compl. at ¶ 123.[6] Just as he did in his original BCNR petition regarding the Scovel report, A.R. 00467-481, plaintiff here failed to demonstrate that this fitness report was in error when it was written. See Am. Compl. at ¶¶ 107-125. Plaintiff cites MCO P1610.7E ¶ 8012.2 in support of his assertion that Col. Scovel violated a regulation by allegedly changing his grading philosophy over time, thereby invalidating all of the fitness reports he had ever signed.[7] Am. Compl. ¶ 107. However, the plain and unambiguous language of MCO P1610.7E ¶ 8012.2 merely cautions officers

---

[5] The requirement that the Secretary find material error under 10 U.S.C. 628(b)(1)(A), by its terms, requires that the existence of an error first be established.

[6] Despite the BCNR's denial of Plaintiff's request for an SSB on September 1, 2005, Plaintiff appears not to acknowledge this action as a valid denial of his request. See Am. Compl. ¶¶ 132, 141 (requesting review of the Secretary's "deemed denial" of his March 22, 2005 petition which was previously denied by the BCNR acting on behalf of the Secretary). In fact, pursuant to 10 U.S.C. § 1552(a)(1) and SECNAVINST 1401.1B ¶ (17)(b) (See Attachment H), the BCNR is empowered to deny such requests on behalf of the Secretary.

[7] Although Plaintiff specifically complains that **his** fitness report from Col Scovel constituted material error before the FY05 LTC Promotion board, his argument when logically distilled is actually that **all** of Col Scovel's reports are invalid, and that since McGrady's record before the FY05 LTC promotion board contained a report signed by Col Scovel, it constituted "an error or injustice" that should have been corrected by the BCNR.

regarding the importance of maintaining consistent reporting standards by explaining the possible effects of changing their grading philosophy.  It does not operate as a prohibition on the practice, nor does it suggest that a change in grading philosophy constitutes a violation of the order, or that it would operate to invalidate a Reporting Senior's reports.

The Secretary of the Navy and the Marine Corps interprets their own instruction, MCO P1610 P1610.7E ¶ 8012.2, as providing important guidance to officers charged with writing fitness reports, but not in establishing any mandatory requirements. An agency's interpretation of its own regulation is entitled to deference "unless it is plainly erroneous or inconsistent with the regulation" K.N. Energy, Inc. v. FERC, 968 F.2d 1295, 1299 (D.C. Cir. 1992). The agency's reading need not be the "most natural or the most logical," but only "reasonable and consistent with the regulation." K.N. Energy, 968 F.2d at 1299-1300 (citations and internal quotation marks omitted). The deference exceeds that owed an agency's interpretation of its own enabling statute, id. at 1300; the agency is the source of the regulations and also has the power to amend them, North Am. Fund Management Corp. v. FDIC, 991 F.2d 873,  875 (D.C. Cir. 1993).

Here, the Navy's interpretation of MCO P1610.7E ¶ 8012.2 as merely providing cautionary guidance regarding the importance of maintaining consistency when writing fitness reports is neither clearly erroneous nor inconsistent with the regulation.  Significantly, ¶ 8012.2 is set forth in a chapter entitled "Headquarters Marine Corps Functions," which outlines the processing of fitness reports at the headquarters level and discusses the broad policy goals of the Marine Corps's performance evaluation system.  See generally, MCO P1610.7E Chapter 8 (Attachment I).   There is no part of this chapter that requires any specific actions on the part of officers in preparing fitness reports for their subordinates.  Plaintiff's claim that the alleged change in Col Scovel's grading philosophy over time "is in violation of the policies and instructions contained in MCO P1610.7E ¶ 8012.2" is without merit because the regulation does not require officers to refrain form changing their grading philosophies.  Further, considering that officers develop professionally during their careers, it would be both unreasonable and unrealistic

17

to require officers' grading philosophies to remain altogether static. In sum, where the Navy interprets MCO P1610.7E as merely cautioning officers regarding the impact of changes to grading philosophy and plaintiff presents no evidence to rebut the meaning of the words, the Court should accept this reasonable interpretation.

Despite the fact that Col Scovel's rating philosophy may have changed over time, the CMC (through the PERB) correctly determined that the fitness report in question was accurate when written. Am. Compl. ¶ 123. Col Scovel's letter to the BCNR, urging a change in plaintiff's record, does not admit a violation of the MCO, nor does it state that the report was inaccurate when it was written. AR 482. Ultimately, plaintiff presents no evidence of any specific error in the Scovel report. See Am. Compl. at ¶¶ 107-125.

Even if the Court were to find that the BCNR should have found error or injustice on a theory that the changed rating philosophy violated MCO P1610.7E, Col Scovel's letter to the FY05 LTC promotion board on behalf of plaintiff explained the changes, specifically stating that plaintiff would have received higher marks under the new rating philosophy, making any error at best immaterial since the explanation was before the FY05 Lt.Col. promotion board. See A.R. at 535-536.

Because the Secretary, acting through the BCNR pursuant to 10 U.S.C. § 1552, determined that the Scovel report did not constitute an error, there existed no basis for the Secretary to convene an SSB. In cases such as plaintiff's, the Secretary may only convene an SSB in the case of "material unfairness" based upon a "material error of fact" or a "material administrative error" or "material information" that was not before the original promotion board for its consideration. See 10 U.S.C. § 628 (b). Because there was an affirmative determination

that no error was present, the Secretary was <u>prohibited</u> by statute from convening an SSB.  <u>See</u> <u>id</u>.

**b.    Defendants' Denial of Plaintiff's Request To Amend
the Scovel Report Complied with the Standards of the APA**

The Secretary's denial of plaintiff's December 9, 2004 request to have the Scovel report amended pursuant to 10 U.S.C. § 1552 was rationally based in law and the facts before him and should not be disturbed by the Court.  Under the APA, this Court may only set aside agency actions, findings, and conclusions that are arbitrary, capricious, an abuse of discretion, contrary to law or regulations, or unsupported by substantial evidence. 5 U.S.C. § 706(2).  When reviewing a decision by a military Correction Board, a Court must do so under an "unusually deferential application of the 'arbitrary or capricious' standard of the APA." <u>See</u> <u>Musengo v. White</u>, 286 F.3d 535, 538 (D.C. Cir. 2002) (<u>citing</u> <u>Kreis v. Sec'y. of the Air Force</u>, 866 F.2d at 1508); <u>Cone v. Caldera</u>, 223 F.3d at 792-93.

Under the arbitrary and capricious standard, "[t]he Court is not empowered to substitute its judgment for that of the agency."  <u>See</u> <u>Citizens to Preserve Overton Park v. Volpe</u>, 401 U.S. 402, 416 (1971).  Even if this Court were to disagree with the challenged decisions of the BCNR, and even if the Court might have reached different results had it reviewed these matters *de novo*, it cannot substitute its judgment for that of the agency when reasonable minds could reach differing conclusions.  <u>Id</u>.   Accordingly, the Court must determine only whether the Secretary's decision is flawed for one or more of the reasons enumerated in 5 U.S.C. § 706(2), not whether the decision was correct. <u>See Kreis</u>, 866 F.2d at 1511.  "Like appellate courts, district courts do not duplicate agency fact-finding efforts.  Instead, they address a predominantly legal issue: Did

19

the agency 'articulate a rational connection between the facts found and the choice made?'" See James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1096 (D.C. Cir. 1996) (quoting Bowman Transportation, Inc. v. Arkansas-Best Freight System Inc., 419 U.S. 281, 285 (1974)). Moreover, the members of the BCNR, as a public officials, are presumed to have discharged their duties lawfully and in good faith. See McDougall v. Widnall, 20 F. Supp. 2d 78, 82 (D.D.C. 1998).

### 2.    The BCNR's Decision to Deny An SSB Is Not Reviewable By the Court If the   BCNR's Refusal to Amend the Scovel Report Was Proper

On September 2, 2005, the BCNR provided plaintiff with a written explanation for its decision to deny him relief. AR at 651-652. In this correspondence, the BCNR detailed the evidence that it considered, including all matters submitted by plaintiff, plaintiff's service record, and all relevant statutes, regulations and policies. AR at 651. The BCNR also requested and obtained two advisory opinions in an effort to fully and fairly consider plaintiff's application for relief. Id. The BCNR concluded that the evidence failed to establish an error or injustice. AR at 652. Since the BCNR found no error, the SSB sought by plaintiff could not have been granted under § 628. Id. The BCNR's written explanation demonstrates that its underlying decision denying a change to the Scovel report was not arbitrary and capricious, and was based on substantial evidence. Further, it clearly demonstrates a rational connection between the matters considered, and the decision to deny plaintiff relief. See A.R. at 651-652. Given the significant deference that the Court must afford the BCNR's decision under Kreis, that decision may not be disturbed merely because plaintiff disagrees with the result.

Even if the Court were to find that the underlying decision of the BCNR was incorrect, the Court's review of the SSB denial would be precluded under 10 U.S.C. §628. "A court of the

United States may review a determination... under subsection (a)(1) or (a)(2)." See 10 U.S.C.

§628(g)(1)(A).  Where the Secretary is precluded from exercising the discretion to grant an SSB

under subsection (a)(1) or (a)(2) of the statute, as is the case here, the Court's determination

would be limited to whether or not the underlying determination of "no error" was correct, of

which a complete analysis has been delineated above.

## CONCLUSION

For the forgoing reasons, defendants respectfully request that the Court enter summary

judgment in favor of the Department of the Navy and the Secretary of the Navy.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____
LISA S. GOLDFLUSS, D.C. Bar #417787
Assistant United States Attorney
555 4th Street, N.W.,  Tenth Fl.
Washington, D.C.  20530
(202) 514-7198
Counsel for Defendants

Of Counsel:
Major Thomas B. Merritt, Jr., USMC
Lieutenant Commander James A. Ouellette Jr, JAGC, USN
Department of the Navy
Office of the Judge Advocate General
1322 Patterson Avenue, Bldg 33, Ste 3000
Washington Navy Yard, D.C.  20374-5066

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July, 2006, I caused the foregoing to be served upon plaintiff by agreement via e-mail to the email address designated by plaintiff.

_____

LISA S. GOLDFLUSS
Assistant United States Attorney