UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACKSON L. McGRADY, | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| DEPARTMENT OF THE NAVY, *et al.* | ) ) ) |
| Defendants | ) |

Civil Action No. 05-1651 (GK)

### DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS

**Undisputed Material Facts Pertaining to the Davidson Report**

1. Major Jackson L. McGrady ("McGrady") is currently serving as a judge advocate in the United States Marine Corps ("Marine Corps") on active duty. Plaintiff's Amended Complaint ("Am. Compl.") ¶ 20.

2. Almost sixteen years ago, on November 26, 1990, while McGrady held the rank of first lieutenant (paygrade O-2), he received a performance evaluation (known as a "fitness report"[1]) signed by his superior at the time, then-Captain Davidson ("the Davidson report"). Administrative Record (AR)[2] at 396-397.

---

[1] A fitness report is a written performance evaluation, prepared using a standard printed form, that allows a "reporting senior" (a supervisor or manager) "to document [his or her] observations and assessment of the performance and character of a Marine." Marine Corps Order (MCO) P1610.7E § 1001(1) (Attachment A). Fitness reports are maintained in a Marine's individual official record and are primary tools for selecting individuals for promotion and duty assignments. MCO P1610.7E § 1004 (Attachment B).

[2] The original 656-page two-volume Administrative Record in this case is abbreviated herein as "AR." This record was filed previously in response to Plaintiff's initial Complaint of August 17, 2005. Since Plaintiff filed his Amended Complaint on May 12, 2006, two additional volumes have been filed with the Court. These two additional volumes will be cited as "AR Vol. I (certified on May 17, 2006)" and "AR Vol. II (certified on July 12, 2006)," respectively.

3. The Davidson report was a detaching fitness report, covering a four-month period from August 1, 1990 to November 26, 1990.[3] AR at 396-397.

4. The Davidson report ranked McGrady against two other Marine Corps officers, and specifically ranked him third of three other first lieutenants during the covered four-month period. AR at 397.

5. After McGrady signed the Davidson report, and with the Davidson report in his military record, McGrady was promoted to captain and then major (respectively paygrades O-3 and O-4). AR at 284-287.

6. On July 12, 2002, Marine Administrative Message (MARADMIN) 371/02 informed McGrady that he would be "in-zone" of consideration for promotion to the rank of Lieutenant Colonel (LtCol) by the Fiscal Year 2004 LtCol promotion board.[4] Am. Compl. ¶ 22.

7. McGrady did not, at that time, submit any paperwork or statements indicating that he believed his ranking in the Davidson report was incorrect, or that he disagreed with it. Significantly, he did not mark block 24 of the report, which mark would have indicated that he wished to submit supplemental statements regarding the contents of the report. AR at 396.

8. On February 24, 2003, an administrative message from the Secretary of the Navy ("Secretary") made public the names of officers who had been selected for the rank of Lieutenant

---

[3] A detaching fitness report is an evaluation of an officer upon leaving one command en route to another duty assignment. Detaching fitness reports typically cover a reporting period that is shorter than regularly-scheduled reporting periods. Therefore, detaching reports would normally not rank an officer against other officers unless multiple officers of the same rank detach on the same day.

[4] "In-zone" officers have neither failed to be selected for promotion nor removed from the promotion list. MCO P1400.31B ¶ 1011(b) (Attachment C). "In-zone" officers consist of the primary eligible population for consideration by the selection board.

Colonel by the FY04 promotion board. McGrady had failed of selection[5] to the rank of LtCol. See Am. Compl. ¶ 25.

    9. On May 6, 2003, after having failed of selection to LtCol before the FY04 LtCol promotion board, McGrady petitioned the Board for Corrections of Naval Records ("BCNR"), (docket number 06093-03 ("BCNR1")), for relief in connection with the Davidson report. AR at 186.

    10. In BCNR1, McGrady requested as relief that the BCNR change the ranking contained in the Davidson report from "3 of 3" to "1 of 3." Id. McGrady also requested that the BCNR place him back "in-zone" for consideration before the next regularly-scheduled promotion board (the FY05 LtCol promotion board). AR at 186, 188.

    11. In BCNR1, McGrady did not ask for a Special Selection Board (SSB).[6] See AR at 186-189.

    12. The BCNR is authorized to grant equitable relief for any error, without being required to find that the error was material. 10 U.S.C. § 1552(a)(1); 32 C.F.R. § 723.2(b).

---

[5] An officer in a grade below colonel who is in or above the promotion zone established for the grade and competitive category under 10 U.S.C. §§ 574, 623, and 14302, and is considered but not selected for promotion by a selection board convened under 10 U.S.C. §§ 573, 611(a), and 14101(a) shall be considered to have failed of selection for promotion. MCO P1400.31B. ¶ 4002(1) (Attachment D).

[6] An SSB is a board of officers that convenes independent of the regularly-scheduled annual selection boards for the purpose of re-evaluating whether a military officer who was not selected for promotion should be selected for promotion. See 10 U.S.C. § 628. SSBs are a form of extraordinary relief that military service Secretaries may provide to officers in cases where an officer eligible for promotion was not considered by a selection board due to an administrative error, or the selection board considered an officer for promotion in a materially unfair manner. 10 U.S.C. §§ 628(a), (b).

13. As a result of BCNR1, the BCNR, on August 15, 2003, granted all of the relief requested by McGrady's May 6, 2003 petition. AR at 230-235. The Davidson report was amended to indicate McGrady's relative ranking to be "1 of 3." AR at 236. McGrady was ordered to be placed back "in-zone" for consideration for promotion to LtCol before the FY05 LtCol promotion board, and to be so placed with the amended Davidson report in his record. AR at 235.

14. In considering McGrady for promotion to the rank of LtCol, the FY05 LtCol promotion board members had before them the Davidson report as amended by the BCNR, indicating that McGrady had been ranked "1 of 3" in December, 1990, and were not provided with any indication that the Davidson report had ever been altered from its initial iteration, or that McGrady had previously failed of selection (FOS'd) to LtCol. Id.

15. Even with the amended Davidson report in his record, McGrady was not selected by the FY05 LtCol promotion board that convened on September 4, 2003, for promotion to the rank of LtCol. Am. Compl. ¶ 108; A.R. 00495. The results of the FY05 LtCol promotion board were released via naval message ALNAV 001/04 on January 6, 2004. AR 00490.

16. On September 16, 2003, after the BCNR had granted in full the relief requested by McGrady in BCNR1, McGrady submitted a request, based on the error in the initial Davidson Report, for an SSB under 10 U.S.C. § 628. Am. Compl. ¶ 58 ("SSB1").

17. Prior to rendering his April 16, 2004 decision denying McGrady's September 16, 2003 request in SSB1, the Secretary (then-Secretary Gordon England) was informed that (a) the BCNR had amended the Davidson report, AR Vol. I (certified on May 17, 2006) at 19; (b) the BCNR had placed McGrady back "in-zone" for consideration before the FY05 LtCol promotion

4

board with the amended Davidson report in his record, id. at 1, 70-72; (c) McGrady had failed to select for LtCol before the FY05 LtCol promotion board, even with the amended Davidson report in his record, id. at 71; (d) the Davidson report had been in McGrady's record for approximately thirteen years at the time of the FY04 LtCol promotion board, id.; (e) the Davidson report had been in McGrady's record when he was promoted to the ranks respectively of captain and major, id.[7]

18. On February 16, 2004, the Commandant of the Marine Corps ("CMC") provided a recommendation to Secretary England in connection with SSB1, concluding that McGrady's request "does not meet the requirements for a special selection board" per Secretary of the Navy Instruction 1401.1B, and that McGrady failed to exercise reasonable diligence to ensure the accuracy of his record prior to the convening of the FY04 board. AR Vol. I (certified on May 17, 2006) at 71. In a section of the CMC's memorandum entitled "Analysis," the CMC did not recommend that the Secretary find that the Davidson report comprised "material error." Id. The CMC speculated that the original Davidson report "may have been a competitive concern," but made no finding that the original Davidson report was a "competitive concern," id.

37. On April 16, 2004, Secretary England initialed a block on page 3 of the CMC's February 16, 2004 recommendation indicating that the SSB request was disapproved. Id. at 72.

19. On April 16, 2004, the Secretary sent McGrady a letter indicating that his request for an SSB in SSB1 had been denied. Id. at 69.

---

[7] Secretary England rendered the April 16, 2004 decision denying McGrady's September 16, 2003 SSB request in SSB1. On February 23, 2006, Secretary Donald C. Winter denied McGrady's subsequent request for reconsideration of then-former-Secretary England's denial decision in SSB1. AR Vol. I (certified on May 17, 2006) at 1, 72.

20. The Secretary never issued a finding that McGrady's record contained material error. See generally, id. at 70-72.

21. On February 7, 2005, McGrady submitted a request for reconsideration of the Secretary's April 2004 denial in SSB1. AR 34-48.

22. On August 17, 2005, approximately 176 days after submitting his request for reconsideration, McGrady filed suit in this Court.

23. On February 23, 2006, Secretary Donald C. Winter denied McGrady's request for reconsideration of Secretary England's April 16, 2004 denial of McGrady's SSB request. AR, Volume I (certified on May 17, 2006), at 002. Secretary Winter acknowledged the facts he found germane to the case. Id. Secretary Winter found that the Davidson report did not constitute "material error." Id. Secretary Winter considered the facts that the Davidson report covered less than four months of a fifteen-year career, and that McGrady had been promoted to captain and major with the unchanged Davidson report in his record. Id. at 0003. Finally, Secretary Winter found that even if the Davidson report had constituted material error, McGrady failed to show the diligence required for granting an SSB because he failed to inquire into the circumstances surrounding his "3 of 3 " ranking for almost 12 years prior to the convening of the FY 2004 LtCol promotion board. Id.

**Undisputed Material Facts Pertaining to the Scovel Report**

24. On August 3, 1999, Colonel Scovel evaluated McGrady in a fitness report ("the Scovel Report"). AR at 584-588.

25. On December 29, 2004, McGrady petitioned the BCNR, requesting a change in the Scovel Report ("BCNR2"). AR at 457.

26. In BCNR2, McGrady asserted that Colonel Scovel, his senior evaluator at the time, had changed his grading philosophy over the period of time since Scovel had rated McGrady, AR at 470; that a change in grading philosophy on the part of an evaluator was in violation of MCO P1610.7, id. at 470; and that the Scovel report constituted material error because it had been considered by the FY05 LtCol promotion board that had not selected him for promotion to LtCol, AR at 453. id. at 473.  In addition, presuming that the BCNR would find error in the Scovell report pursuant to BCNR2, McGrady requested as relief that the BCNR grant him an SSB for the FY05 LtCol promotion board ("SSB2").  AR at 472.

27. McGrady had submitted a letter on September 3, 2003 to the President of the FY05 LtCol promotion board, explaining that the grades assigned to him in section "K" of the Scovel report (the comparative assessment section of the fitness report where the RS checks a number from one to seven, with seven being the highest grade) were "intended to be consistent with a "'top 5%' comment." AR at 526.  In support of his explanation of Col Scovel's intent, McGrady included a letter from Col Scovel, dated September 2, 2003, as enclosure (3) to his letter to the President of the FY05 LtCol promotion board. AR at 525, 535.  In the September 2, 2003 letter, Col Scovel told the President of the FY05 LtCol promotion board that the purpose of his letter was to recommend McGrady for promotion and to "clarify [his] markings as the reviewing officer on his fitness report for the period 19980901 to 19990315." AR at 535.  In clarifying the remarks on the Scovel report, Col Scovel explained to the FY05 LtCol promotion board that although a mark of "5" in section K was consistent with a top 5% ranking at the time he signed it, "[a]s I now rank officer[s], a 'top 5%' comment equates to a marking in the 7 block of the Christmas tree." (Due to its graphic depiction of comparative assessment blocks, section K of

7

the Marine Corps officer fitness report is commonly referred to as the "Christmas tree".) AR at 536.

28. In BCNR2, despite the fact that previous letters had been submitted to the FY05 LtCol promotion board explaining the meaning and context of the grades on the Scovel report, McGrady requested as relief that the comparative assessment section of the Scovel report (section K) be amended to remove the X from block 5 of the comparative assessment, and place an X in block 7.  AR at 457, 472.

29. On January 28, 2005, the Marine Corps Personnel Evaluation Review Board (PERB) recommended that the BCNR deny McGrady's request to amend the Scovel report because (a) the letter submitted by Colonel Scovel to the FY05 LtCol promotion board was not a letter endorsing a change in McGrady's record, but was submitted to put his previous grading in context, AR at 459-460, 535; and (b) the PERB found that Colonel Scovel's evaluation of McGrady was accurate at the time given, and that the comparative assessment was a snapshot "at the time," id. at 459-460.

30. On March 22, 2005, McGrady submitted a letter to the BCNR, signed by Colonel Scovel, recommending that the BCNR modify the Scovel report, and stating that though the Scovel report was accurate when written, inflation of grades might make it look bad now.  AR at 467-481, 482.

31. On September 2, 2005, the BCNR denied McGrady's request to modify the Scovel report.  AR at 651-652.

32. In its September 2, 2005 denial in BCNR2, the BCNR stated that, after "careful and conscientious consideration," the BCNR had concluded that the evidence failed to establish an

error or injustice, and that " . . . since the Board found no defect in your performance record, it had no grounds to grant you an [SSB] . . . " Id. at 652.

          Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____
LISA S. GOLDFLUSS, D.C. Bar #417787
Assistant United States Attorney
555 4th Street, N.W., Tenth Fl.
Washington, D.C. 20530
(202) 514-7198
Counsel for Defendants