

**DEPARTMENT OF THE NAVY**
**HEADQUARTERS UNITED STATES MARINE CORPS**
**3280 RUSSELL ROAD**
**QUANTICO, VIRGINIA 22134-5103**

MCO 1610.11C
MMER
4 MAR 99

MARINE CORPS ORDER 1610.11C

From:  Commandant of the Marine Corps
To:    Distribution List

Subj:  PERFORMANCE EVALUATION APPEALS

Ref:   (a) SECNAVINST 5420.193 (Board for Correction of
           Naval Records
       (b) MCO P1610.7E (Performance Evaluation System)
       (c) 10 U.S.C. 1552 (NOTAL)

Encl:  (1) DD Form 149 (Application for Correction of Military
           Record)

1. <u>Purpose</u>.  To amplify reference (a) and publish procedures whereby officers and noncommissioned officers (sergeant and above) may submit fitness report appeals to the Board for Correction of Naval Records (BCNR) via the Performance Evaluation Review Board (PERB).

2. <u>Cancellation</u>.  MCO 1610.11B.

3. <u>Information</u>.  Fitness reports submitted per reference (b), or appropriate precedent orders, may contain policy or procedural errors, comments, and/or marks that are inaccurate or unjust.  The appeal system delineated in this Order protects the Marine Corps interests and ensures fairness to the Marine.  At the same time, it avoids impugning the integrity or judgment of the reporting officials without sufficient cause.  This Order sets forth policies, standards, and procedures for the appeals system.

4. <u>PERB</u>

   a.  The PERB was established as the initial action agency for fitness report appeals which are submitted to the BCNR.  The PERB is under the staff cognizance of the Director, Personnel Management Division (CMC (MM)) with membership provided on an ad hoc basis from a list of designated field grade officers (lieutenant colonel or colonel) assigned to Headquarters Marine Corps and the Marine Corps Combat Development Command.  A minimum of three members must be present to constitute a quorum for voting on each case.  When a quorum cannot be constituted from assigned officers due to the applicant's seniority, officers with the required seniority will be made available to the Board.

**DISTRIBUTION STATEMENT A:**  Approved for public release; distribution is unlimited.

EXHIBIT (9)
053

MCO 1610.11C
MAR 04 1999

Board actions are based on a majority vote.  No members will be assigned
to cases in which they were personally involved or junior in grade to
the applicant.

   b.  Board proceedings are administrative and non adversarial.
Although not bound by the rules of evidence for trials by court-martial
or other court proceedings, the Board does keep within the reasonable
bounds of pertinent evidence.  The Board shall consider all relevant
evidence.  Evidence is relevant if it tends to prove or disprove any
fact in issue.  Neither applicants nor their agents are authorized to
appear before the PERB; however, the Board may obtain more information
from the applicant, the reporting officials, persons in the chain of
command, or anyone thought to have firsthand knowledge of the case.
This additional information may be obtained by personal contact, phone,
message, letter, or any other appropriate means.  The applicant will
normally be contacted by official correspondence only.

   c.  The vote of the PERB members is by secret ballot.  Therefore,
neither the vote count nor the way in which a board member voted will be
released to applicants or their counsel.

5.  Policies and Standards

   a.  A fitness report accepted by the CMC (MMSB) for inclusion in the
official record of a Marine is presumed to be administratively correct,
procedurally complete, and valid according to performance evaluation
policy defined in reference (b) or applicable precedent orders.

   b.  The Marine Reported On (MRO) may appeal any report that they
believe is not per established performance evaluation policy,
inaccurate, or unjust.  Prior to appealing to the PERB, redress for
correction of inaccuracies or injustices should be sought from the
reporting senior and/or the reviewing officers of record.  See paragraph
8007 of reference (b) for guidance and information.

   c.  The PERB will make a final determination on cases within its
cognizance or recommend to the BCNR the action to be taken concerning
fitness report appeals.  All appeals will be reviewed with the
presumption that the contested report is valid as filed.  The burden of
proof to the contrary rests with the applicant.  As provided for in
other portions of this Order, the PERB will use its best professional
judgment in determining what additional information, other than that
provided by the applicant, needs to be obtained to ensure a fair, just,
and complete consideration of the appeal.

2

054

MCO 1610.11C
MAR 04 1999

6.  Timeliness.  Because fitness reports are used for personnel
management decisions, it is important to the Marine Corps and the
individual Marine that an erroneous report be corrected as soon as
possible.  As time passes, memories fade and documents and key personnel
are less available.  Consequently, preparation of a successful appeal
becomes more difficult.  Normally, appeals will be considered regardless
of the date of the report and a decision will be made in view of the
regulations in effect at the time the report was rendered.  The
likelihood of successfully appealing a report diminishes, as a rule,
with the passage of time.  Reference (c) requires that appeals to the
BCNR be filed within 3 years of the discovery of the inaccuracy or
injustice.  While the BCNR may, in the interest of justice, accept
untimely applications when more than 3 years has elapsed, such
exceptional circumstances are difficult to substantiate.  To ensure that
the BCNR and PERB do not reject fitness report appeals on grounds of
untimeliness, applications for appeal should be received by the CMC
(MMER) at least 120 days prior to the end of the 3-year period from the
date of discovery of the inaccuracy or injustice.  Additionally, due to
the time required to process PERB appeals, receipt by the CMC (MMER) at
least 120 days prior to the commencement of a selection board (or other
impending action) is required to ensure completed action.  Additional
time is required for further consideration by the BCNR or the Secretary
of the Navy.

7.  <u>Priorities</u>

    a.  Priority of action on appeals received will be established on an
equitable basis upon receipt.  Generally, priority will be afforded to
those requests that require the most urgent actions (mandatory
separation pending, consideration for promotion imminent, etc.).

    b.  Applicants should indicate any urgency associated with their
appeal and notify the CMC (MMER) of any changes in their status that
would affect the priority.

    c.  Appeals having the same priority will be processed in the order
of receipt.

8.  Preparation.  The enclosure will be used to submit appeals.
Completion of the form is self-explanatory.  In addition to the
instructions contained in the enclosure:

    a.  Item 8 will specify the inclusive dates/occasion of the fitness
report(s) being appealed.

3

055

MCO 1610.11C
MAR 04 1999

    b.  Item 9 will indicate the basis for the appeal (policy or
procedural error, substantive inaccuracy, or injustice).

    c.  Appeals will be submitted to the BCNR via Headquarters, U.S.
Marine Corps, Manpower and Reserve Affairs Department (MMER), 3280
Russell Road, Quantico, VA 22134-5103.

9.  Processing and Resolution

    a.  The CMC (MMER) will acknowledge receipt of appeals directly to
the applicant.  Once receipt has been acknowledged, applicants are asked
not to inquire about the status of their appeal, as processing could be
delayed.

    b.  Appeals are screened to separate claims of administrative error
from claims of substantive inaccuracy or injustice.  The CMC (MMSB)
resolves claims of administrative error.  Claims of substantive
inaccuracy or injustice are resolved by the PERB.

    c.  Claims of administrative error pertain to section A information
and statements of fact in sections I and K that are devoid of opinion
and interpretive comment.

        (1)  These include such claims as deviation from the correct
occasions, errors in the reporting period, incorrect duty assignments
(descriptive title), etc.

        (2)  The CMC (MMSB) makes reasonable efforts to correct
administrative errors in fitness reports.  The corrections of these
errors will not normally invalidate a report.

    d.  Claims of substantive inaccuracy or injustice pertain to
sections B through K of the fitness report.  These are generally claims
of inaccurate or unjust appraisals of performance or potential, or
claims of bias or prejudice on the part of the reporting officials.

    e.  It should be noted that the individual's certification in item
22 of fitness reports completed between 15 May 1977 and 31 December 1998
verifies the information in section A, and that counseling occurred in
reports submitted between 13 January 1981 and 15 December 1985.  It also
confirms that the reporting senior named in item 11 of the fitness
report is that person established as the official reporting senior.
Substantive appeals based on alleged administrative errors in sections A
and D of fitness reports authored between 15 May 1977 and 31 December
1998, or an alleged lack of counseling, will not usually be accepted
unless accompanied by a specific explanation of why such an appeal

4

056

MCO 1610.11C
MAR 04 1999

should be considered after the applicant previously certified the
information to be accurate.

f. Issues concerning promotional reconsideration for officers will
be forwarded to the BCNR for resolution.

g. Noncommissioned officers, who believe remedial consideration is
warranted, should direct inquiries to the CMC (MMPR).

h. Appeals denied or partially denied will be routinely forwarded
to the BCNR for final resolution. An official Marine Corps position
statement with regard to denied/partially denied appeals will be
provided to the BCNR and to the applicant. The findings, conclusions
and recommendation of the PERB will be documented and maintained on
permanent file.

i. After final resolution of the appeal, the applicant's record is
amended, if appropriate.

j. Appeals which have been previously denied by the PERB and/or
BCNR will be reconsidered only upon presentation of relevant and
material evidence which was not considered previously by either the PERB
or the BCNR, and then only with the express approval of the BCNR. All
such appeals are to be forwarded to the BCNR via the PERB. The
applicant should make it clear that the case has been considered
previously and should specify what new information has been offered.

10. Burden of Proof and Type of Evidence

a. The burden of proof rests with the applicant. To justify
deletion, amendment, or replacement of a report, the applicant must
produce evidence of probable material error, substantive inaccuracy, or
injustice. This burden is met when the applicant presents an amount of
relevant evidence tending to prove that the allegations contained in the
application are more likely true than not. The PERB will not usually
solicit documentation on behalf of the applicant; the responsibility for
obtaining any and all supporting evidence rests solely with the
applicant.

b. For a claim of administrative error, appropriate evidence may
include:

(1) Substantive evidence that the reporting senior or reviewing
officer during the period of the report being appealed is incorrect;

5

057

MCO 1610.11C
MAR 04 1999

        (2) Assignment, travel, or temporary additional duty orders;

        (3) Extracts of unit diaries or service record books or officer qualification records;

        (4) Leave records;

        (5) Organizational manning documents;

        (6) Hospital admission and disposition sheets;

        (7) Statements of military personnel officers or other persons familiar with the situation; and

        (8) Other documents bearing on the point(s) in question.

    c.  For a claim of substantive inaccuracy or injustice, evidence may include any of the items listed below:

        (1) Statements from third parties.  Third parties are persons other than the applicant who have firsthand knowledge of the applicant's performance during the reporting period.  Such statements should specify the relationship and observation frequency which results in the third party's knowledge;

        (2) Documents from official sources;

        (3) Statements from reporting officials.  These will be acceptable only if they relate to allegations of factual inaccuracies, erroneous perceptions, or claims of bias or prejudice.

    d.  Statements should include specific details of events or circumstances leading to inaccuracies or injustice at the time the contested report was rendered.

    e.  Statements attacking the motives, integrity, and competence of the reporting officials are subject to referral to those individuals for their comments.

    f.  All copies of documents submitted in evidence must be originals or certified true copies of originals.

    g.  Incomplete appeals, as well as those lacking substantial evidence and support, may be returned to the applicant for additional information or forwarded directly to the BCNR without action by the PERB.

6

05B

11.  <u>Guidelines for Appeals Based on Claims of Substantive Inaccuracy or Injustice</u>

a.  A decision to appeal an evaluation should not be made lightly. Before deciding whether or not to appeal, prospective applicants must analyze their own case dispassionately.  This is difficult; however, unless it is done, the chances of a successful appeal are further reduced.  The prospective applicant should take note that pleas for relief citing past or subsequent performance or assumed future value to the Marine Corps, supported by statements from individuals who observed the applicant's performance before or after the period in question, are neither relevant nor encouraged.

b.  Appeals supported by statements from the reporting officials who, in retrospect, attempt to refute specific deficiencies cited by them in the contested report(s) are not usually approved.  Specific evidence of error in judgment, misinterpretation of facts and circumstances, and so on, must be provided.  Statements that merely allude to changed perspectives following some unfavorable event (non selection for promotion, regular appointment, professional schooling, etc.) that may be attributable to the report(s) are of little value.

c.  A report is not considered to be unjust because the applicant is rated lower than on other reports.  Each report represents the performance of the individual during a stated period.  Appeals to void a report based on the premise that the applicant and the reporting officials were physically separated requires evidence that the reporting officials had no basis (staff visits, reports, contact, conferences) or knowledge for rendering the evaluation.  Many individuals are required to perform their duties and responsibilities without the benefit of direct, daily supervision.

d.  Once the decision has been made to appeal a report, the applicant should succinctly state what is being appealed and the basis for the appeal.  The applicant should make statements similar to those that follow.

(1) Whether the entire report is contested or only a specific portion.

(2) The basis for the applicant's belief that the reporting senior or reviewing officer was not objective or had an erroneous perception of the applicant's performance.  Note that a

059

MCO 1610.11C
MAR 04 1999

personality conflict between the applicant and a reporting official does not automatically constitute grounds for relief. It must be clearly shown that the conflict resulted in an inaccurate or unjust evaluation.

    e. The applicant must consider what evidence can be presented in support of an appeal. For example, the applicant should consider from whom statements will be requested. The applicant should also consider whether the reporting officials should be requested to provide support for the appeal. In their statements, persons supporting the appeal should indicate frequency of observation and identify their relationship to the applicant at the time of the contested report(s). The statements should also address those aspects of the report that are being appealed.

12. <u>Summary Checklist for the Applicant</u>

    a. The following is a guide to prepare and assemble an appeal:

        (1) Prepare the appeal utilizing the enclosure. Submit it and all enclosures to the BCNR via Headquarters, U.S. Marine Corps, Manpower and Reserve Affairs Department (MMER);

        (2) Indicate the processing priority based on the applicant's circumstances (see paragraph 7 of this Order);

        (3) Include supporting documentary evidence as defined in paragraph 10 of this Order;

        (4) Ensure the evidence is pertinent to the argument and establishes to an impartial individual that the report is not per established performance evaluation policy, or is inaccurate or unjust;

        (5) Submit original documents or certified true copies; and

        (6) Date and sign the appeal.

    b. After filing an appeal, the applicant should notify the CMC (MMER) of any change in mailing address or status that would affect the priority of the appeal.

8

060

MCO 1610.11C
MAR 04 1999

13.  Reserve Applicability.  This Order is applicable to the Marine
Corps Reserve.

R. M. FLANAGAN
By direction

Distribution:  PCN 102 021102 00

    Copy to:  7000110 (55)
              8145005 (2)

9

061

MCO 1610.11C
MAR 04 1998

| APPLICATION FOR CORRECTION OF MILITARY RECORD UNDER THE PROVISIONS OF TITLE 10, U.S. CODE, SECTION 1552 *(Please read Instruction on reverse side BEFORE completing application.)* | Form Approved OMB No. 0704-0003 Expires Aug 31, 2000 |

The public reporting burden for this collection of information is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing the burden, to Department of Defense, Washington Headquarters Services, Directorate for Information Operations and Reports 0704-0003, 1215 Jefferson Davis Highway, Suite 1204, Arlington, VA 22302-4302. Respondents should be aware that notwithstanding any other provision of law, no person shall be subject to any penalty for failing to comply with a collection of information if it does not display a currently valid OMB control number.
PLEASE DO NOT RETURN YOUR COMPLETED FORM TO THE ABOVE ADDRESS. RETURN COMPLETED FORM TO THE APPROPRIATE ADDRESS ON THE BACK OF THIS PAGE.

### PRIVACY ACT STATEMENT

**AUTHORITY:** Title 10 US Code 1552, EO 9397.

**ROUTINE USE(S):** None.

**PRINCIPAL PURPOSE:** To initiate an application for correction of military record. The form is used by Board members for review of pertinent information in making a determination of relief through correction of a military record.

**DISCLOSURE:** Voluntary; however, failure to provide identifying information may impede processing of this application. The request for Social Security number is strictly to assure proper identification of the individual and appropriate records.

**1. APPLICANT DATA**

| a. BRANCH OF SERVICE (X one) | | ARMY | | NAVY | | AIR FORCE | | MARINE CORPS | COAST GUARD |
| c. PRESENT PAY GRADE | d. SERVICE NUMBER (if applicable) | e. SSN |

b. NAME (Last, First, Middle Initial) (Please print)

| 2. TYPE OF DISCHARGE (if by court-martial, state type of court) | 3. PRESENT STATUS, IF ANY, WITH RESPECT TO THE ARMED SERVICES (Active duty, Retired, Reserve, etc.) | 4. DATE OF DISCHARGE OR RELEASE FROM ACTIVE DUTY |

| 5. ORGANIZATION AT TIME OF ALLEGED ERROR IN RECORD | 6. I DESIRE TO APPEAR BEFORE THE BOARD IN WASHINGTON, D.C. (No expense to the Government) (X one) ☐ YES ☐ NO |

**7. COUNSEL (if any)**
a. NAME (Last, First, Middle Initial)
b. ADDRESS (Street, Apartment Number, City, State and ZIP Code)

**8. I REQUEST THE FOLLOWING CORRECTION OF ERROR OR INJUSTICE:**

**9. I BELIEVE THE RECORD TO BE IN ERROR OR UNJUST IN THE FOLLOWING PARTICULARS:**

**10. IN SUPPORT OF THIS APPLICATION I SUBMIT AS EVIDENCE THE FOLLOWING:** (If Veterans Administration records are pertinent to your case, give Regional Office location and Claim Number.)

**11. ALLEGED ERROR OR INJUSTICE**
a. DATE OF DISCOVERY
b. IF MORE THAN THREE YEARS SINCE THE ALLEGED ERROR OR INJUSTICE WAS DISCOVERED, STATE WHY THE BOARD SHOULD FIND IT IN THE INTEREST OF JUSTICE TO CONSIDER THIS APPLICATION.

**12. APPLICANT MUST SIGN IN ITEM 16. IF THE RECORD IN QUESTION IS THAT OF A DECEASED OR INCOMPETENT PERSON, LEGAL PROOF OF DEATH OR INCOMPETENCY MUST ACCOMPANY APPLICATION. IF APPLICATION IS SIGNED BY OTHER THAN APPLICANT, INDICATE RELATIONSHIP OR STATUS BY MARKING APPROPRIATE BOX.**
☐ SPOUSE ☐ WIDOW ☐ WIDOWER ☐ NEXT OF KIN ☐ LEGAL REPRESENTATIVE ☐ OTHER (Specify)

**13. I MAKE THE FOREGOING STATEMENTS, AS PART OF MY CLAIM, WITH FULL KNOWLEDGE OF THE PENALTIES INVOLVED FOR WILLFULLY MAKING A FALSE STATEMENT OR CLAIM.** (U.S. Code, Title 18, Sec. 287, 1001, provides that an individual shall be fined under this title or imprisoned not more than 5 years, or both.)

| 14.a. COMPLETE CURRENT ADDRESS, INCLUDING ZIP CODE (Applicant should forward notification of all changes of address.) | | DOCUMENT NUMBER (Do not write in this space.) |
| | b. TELEPHONE NUMBER (Include Area Code) | |

| 15. DATE SIGNED | 16. SIGNATURE (Applicant must sign here.) |

DD FORM 149, SEP 1997 (EG)       PREVIOUS EDITION IS OBSOLETE.       Designed using Perform Pro, WHS/DIOR, Sep 97

ENCLOSURE (1)

062

MCO 1610.11C
MAR 0 4 1998

## INSTRUCTIONS
*(All data should be typed or printed)*

1. For detailed information see: Air Force Instruction 36-2603; Army Regulation 15-185; Coast Guard, Code of Federal Regulations; Title 33, Part 52; or Navy, Code of Federal Regulations; Title 32, Part 723.

2. Submit only original of this form.

3. Complete all items. If the question is not applicable, mark "None."

4. If space is insufficient, use "Remarks" or attach additional sheet.

5. Various veterans and service organizations furnish counsel without charge. These organizations prefer that arrangements for representation be made through local posts or chapters.

6. List all attachments and enclosures.

7. ITEMS 6 AND 7. Personal appearance of you and your witnesses or representation by counsel is not required to ensure full and impartial consideration of applications. Appearances and representations are permitted, at no expense to the Government, when a hearing is authorized.

8. ITEM 8. State the specific correction of record desired.

9. ITEM 9. In order to justify correction of a military record, it is necessary for you to show to the satisfaction of the Board, or it must otherwise satisfactorily appear, that the alleged entry or omission in the record was in error or unjust. Evidence may include affidavits or signed testimony of witnesses, executed under oath, and a brief of arguments supporting application. All evidence not already included in your record must be submitted by you. The responsibility for securing new evidence rests with you.

10. ITEM 11. 10 U.S.C. 1552b provides that no correction may be made unless request is made within three years after the discovery of the error or injustice, but that the Board may excuse failure to file within three years after discovery if it finds it to be in the interest of justice.

## MAIL COMPLETED APPLICATIONS TO APPROPRIATE ADDRESS BELOW

| ARMY | COAST GUARD |
|---|---|
| **(For Active Duty Personnel)**<br>Army Board for the Correction of Military Records<br>1941 Jefferson Davis Highway, 2nd Floor<br>Arlington, VA 22202-4508<br><br>**(For Other than Active Duty Personnel)**<br>Army Review Boards Agency<br>Support Division, St. Louis<br>ATTN: SFMR-RBR-SL<br>9700 Page Avenue<br>St. Louis, MO 63132-5200 | Chairman<br>Board for Correction of Military Records (C-60)<br>Department of Transportation<br>400 7th St., SW<br>Washington, DC 20590 |
| **NAVY AND MARINE CORPS** | **AIR FORCE** |
| Board for Correction of Naval Records<br>2 Navy Annex<br>Washington, DC 20370-5100 | Board for Correction of Air Force Records<br>SAF/MIB<br>550-C Street West, Suite 40<br>Randolph AFB, TX 78150-4742 |

17. REMARKS *(Applicant has exhausted all administrative channels in seeking this correction and has been counseled by a representative of his/her servicing military personnel office. (Applicable only to active duty and reserve personnel.))*

DD FORM 149 (BACK), SEP 1997
ENCLOSURE (1)

063