UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JACKSON L. MCGRADY,                          )
                                             )
              Plaintiff,                     )
                                             )
       v.                                    ) Civ. Action No. 05-1651 (GK)
                                             )
DONALD C. WINTER, Secretary of the Navy,     )
and                                          )
DEPARTMENT OF THE NAVY,                       )
                                             )
              Defendants                     )

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
CROSS-MOTION FOR SUMMARY JUDGMENT AND
REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants hereby respectfully file their opposition to Plaintiff's Cross-Motion for

Summary Judgment ("Cross-Motion" or "Pl. Cross Mot.") and their reply to plaintiff's

opposition to Defendants' Motion for Summary Judgment ("Pl. Opp.") and in support of

defendants' summary judgment motion and supporting memorandum ("Opening Memorandum"

or Def. Mem.").   In connection with defendants' opposition to plaintiff's Cross-Motion for

Summary Judgment, defendants have simultaneously filed herewith Defendants' Response to

Plaintiff's Statement of Material Facts on Which There Is No Genuine Issue in Support of His

Motion for Summary Judgment.

## I.  Introduction

In their Opening Memorandum, defendants established that judicial review of decisions

rendered by the Secretary of the Navy ("Secretary") to deny a service member's request for a

Special Selection Board ("SSB") under 10 U.S.C. § 628 proceeds under the same standard of

review applicable to military personnel decisions under the Administrative Procedure Act, 5

U.S.C. § 701, et seq. ("APA").  See Def. Mem. at 5; 10 U.S.C. § 628(g)(1)(A); Homer v. Roche,

226 F. Supp. 2d 222, 225 (D.D.C. 2002).  Defendants additionally established that that standard,

as well as the standard for reviewing a decision by a military Correction Board (also relevant in

this case), is highly deferential, and that such decisions will not be second-guessed as to the

weighting of factors considered, or otherwise disturbed absent a showing that the decision-

making process was flawed.  Def. Mem. 5-8.  Finally, defendants demonstrated that judicial

review of an SSB denial under 10 U.S.C. § 628 is not automatic, and that the statute grants courts

broad discretion as to *whether* to review cases challenging the Secretary's decision not to

convene an SSB.  Id., citing 10 U.S.C. § 628(g)(1)(A) ("A court of the United States *may review*

a determination of the Secretary of a military department . . . not to convene a[n] [SSB] . . ."

(emphasis added).  Finally, even if a court decides that review under 10 U.S.C. § 628 is

appropriate, and concludes that the Secretary's decision-making process was flawed, the court

maintains the discretion to deny relief: "[T]he court *may set aside* the Secretary's

determination..." Id.(emphasis added); see also Def. Mem. at 8-10 (analyzing more specifically

the nature of the deferential standard to be applied).

       As discussed in greater detail below, plaintiff has failed to sustain his burden to

demonstrate under this standard, either in his Cross-Motion or his opposition memorandum, that

the Secretary's decision not to grant his request for an SSB to consider his promotion to

Lieutenant Colonel ("LtCol") was flawed.  Although plaintiff has introduced his own opinions

and characterizations of the conclusions drawn by the Secretary, and has more irrelevantly

referenced the hearsay opinions and characterizations of others, he has not shown an absence of

evidence in the record that would reasonably support the findings and conclusions of the

Secretary or, where relevant, the Board for Correction of Naval Records ("BCNR"). Because

neither this Court nor plaintiff may properly second-guess the weight attributed by the Secretary

to various items of evidence in the Administrative Record that constitute appropriate subjects for

consideration under the operative regulations, and because plaintiff's arguments are based on

such second-guessing in accordance with his own views about what factors would be deemed

most important if he were Secretary, plaintiff has failed to sustain his burden; defendants are

entitled to summary judgment; and plaintiff's motion for summary judgment should be denied.

## II.      Defendants' Response to Plaintiff's Statement of Material Facts on Which There Is No Genuine Issue in Support of His Motion for Summary Judgment

Pursuant to Local Civil Rule 56.1, defendants have filed a separate response to Plaintiff's

Statement of Material Facts on Which There Is No Genuine Issue in Support of His Motion for

Summary Judgment. Defendants respectfully submit that there are no disputed, material facts

that would preclude entry of summary judgment for defendants in this record review case, and

that plaintiff's statement of undisputed, material submitted in support of his Cross-Motion

includes opinions, characterizations, legal conclusions and factual assertions that are immaterial

to the legal issues before this Court.

## III.     Standard for Summary Judgment

Defendants respectfully incorporate herein the legal standard for granting summary

judgment set forth in defendants' Opening Memorandum at 10.

**IV.**      **Plaintiff Has Failed to Sustain His Burden to Demonstrate That the Secretary's Decision-Making Process Underlying His Denial of Plaintiff's SSB Request Based on the Davidson Report (Counts I and II) Was Flawed as a Matter of Law.**

**A.**

In their Opening Memorandum, defendants established why Count I, challenging the Secretary's alleged "deemed denial" of plaintiff's February 7, 2005 request for reconsideration of Secretary Gordon England's April 16, 2004 decision denying plaintiff's request for an SSB based on alleged material errors in the Davidson report, was meritless:

First, that Count was rendered moot by Secretary Donald Winter's February 23, 2006 decision *actually* denying plaintiff's February 7, 2005 request for reconsideration. See Def. Mem. at 11.

Second, the Count is premised on an erroneous construction of section 628 that would have imposed on the Secretary a time limitation by which to issue a decision on plaintiff's request for reconsideration, where neither the statute nor any regulation imposes such a limitation. See Def. Mem. at 10-12. Indeed, as defendants explained, the statute does not even give rise to any entitlement at all to have the Secretary consider a request for reconsideration of a decision already rendered to deny an SSB request, much less impose a time limitation by which the Secretary is required to undertake such reconsideration. Id.

Third, defendants established that Secretary England's April 16, 2004 decision denying plaintiff's September 16, 2003 request for an SSB based on alleged material errors in the Davidson report had been rationally based on the specific evidence before him, so that the decision should not have been disturbed on reconsideration: (a) plaintiff had already received

4

relief from any alleged errors in the Davidson report in the form of (i) the BCNR's previous amendment of the Davidson report; and (ii) the BCNR's previous placement of plaintiff back "in zone" for consideration before the FY05 LtCol promotion board *with the amended Davidson report in his record;* (b) the FY05 LtCol promotion board had not promoted plaintiff to the rank of LtCol even with the amended Davidson report in his record, suggesting no "but-for" causation between the alleged errors and plaintiffs' failure to be promoted to LtCol; and (c) the Davidson report had been in plaintiff's record for approximately thirteen years at the time of the FY04 LtCol promotion board, during which time plaintiff was promoted to the ranks respectively of Captain and Major; the alleged errors in the Davidson report, then – even before the BCNR-ordered amendment – had not proven "material" to those promotion determinations. See Def. Mem. at 12-13. It was therefore not arbitrary or capricious for the Secretary to have found, in the original April 16, 2004 denial decision, that there had been no "material unfairness" in the conduct of the LtCol selection board, as would have been required to convene an SSB under section 628. 10 U.S.C. § 628(b)(1); Def. Mem. at 12.

Finally, as to Count I, defendants established that, at the time of his April 2004 decision, the Secretary had before him the February 16, 2004 recommendation from the Commandant of the Marine Corps ("CMC"), which had found, rationally, that plaintiff had failed to effect a diligent review of his record before the convening of the FY04 LtCol promotion board. Def. Mem. at 13. It was indeed rational for the Secretary to accept the CMC's observation, based on the evidence, that if plaintiff had reason to believe that content in a 1990 fitness report would compromise his chances of promotion before a Fiscal Year 2004 promotion board – thirteen years after that fitness report was issued – plaintiff was responsible to have rectified that

circumstance (whether by contacting its author to correct a perceived error or to obtain a

statement providing additional information that could minimize or eliminate the report's

potential harm) before, and not after, the FY04 promotion board had expended the resources to

consider plaintiff for promotion to LtCol. See id. at 13; DoD Instruction 1320.11, ¶ 4.2 ("A

special selection board shall not . . . consider any person who may, by maintaining reasonably

careful records, have discovered and taken steps to correct that error or omission on which the

original board based its decision on promotion."); SECNAVINST 1401.1B, para 6(b) ("A special

selection board will not be convened to consider any officer who, through the exercise of

reasonable diligence, might have discovered and corrected the error or omission in the official

record prior to convening the promotion selection board that considered, but did not select the

officer.").

 The evidentiary record support for Secretary England's April 16, 2004 decision denying

plaintiff's September 16, 2003 SSB request simultaneously supports Secretary Donald Winter's

February 23, 2006 decision denying plaintiff's request for reconsideration of that previous

decision, challenged in Count II. See Def. Mem. at 13-14. Secretary Winter found that the

Davidson report did not constitute "material error," considering that the Davidson report had

covered less than four months of plaintiff's then-fifteen-year career, and that plaintiff had been

promoted to Captain and then Major with the unamended Davidson report in his record. See id.

at 13. Moreover, Secretary Winter rationally found that even if the Davidson report had

constituted "material error," plaintiff had failed to make the threshold showing of diligence

required for granting an SSB because he failed to inquire into the circumstances surrounding his

"3 of 3 " ranking for almost 12 years prior to the convening of the FY04 LtCol promotion board.

Id. at 13-14.  Uniquely relevant to Count II, defendants demonstrated in their Opening

Memorandum that none of the arguments presented in plaintiff's reconsideration request – that

the actions he had taken prior to the FY04 LtCol promotion board were adequate to prove he had

been diligent in reviewing his record –  offered any additional evidence to rebut the evidence

considered by the CMC in concluding a lack of diligence and material error. Def. Mem. at 14-15.

**B.**

Both Secretary England *and* Secretary Winter reasonably considered that there had been

no material error in the Davidson report because that report had covered only a four-month

period over thirteen years earlier, and because Plaintiff had been promoted to Captain and Major,

respectively, with the unamended Davidson report in his record.  Compare Secretary England's

April 16, 2004 decision, section entitled "Facts Germane to the Case," with Secretary Winter's

February 23, 2006 decision, section entitled "Materiality."  Under the applicable legal standard

set forth above, plaintiff's subjective opinion about the weight that should be given to other facts

that arguably might be deemed relevant to the question of materiality, see Pl. Opp. at 10-13; Pl.

Cross Mot. at 24-27, is not conclusive and presents no bar to the Secretary's exercise of his

discretion not to convene an SSB based on alleged material errors in the Davidson report.

Moreover, although, as plaintiff points out, the CMC speculated in his February 16, 2004

decision that the original Davidson report "might have been" a competitive concern, the CMC

made no finding that the report *was* a "competitive concern" in light of the other inadequacies

and concerns found in plaintiff's record, much less that it was a "material error."  Administrative

Record ("AR") Vol. I (certified on 17, 2006) at 0071.  In his February 23, 2006 decision,

Secretary Winter, like his predecessor, found that plaintiff did not meet the requirements of

SECNAV Instruction 1401.1B, which includes, aside from the threshold requirement of a determination of due diligence, the finding of material error by the Secretary. Id. at 003. Secretary Winter spelled out with greater specificity why, even if plaintiff's lack of diligence had not been at issue, the Davidson report did not constitute material error.   Id.

<div align="center">C.</div>

Plaintiff points to the BCNR's decision to change the Davidson report, and to give him another chance for advancement at the FY05 LtCol Promotion Board with a corrected record, as purported evidence of the BCNR's ostensible  position that the report constituted material error. But, as the Administrative Record shows, the BCNR never made a determination that the Davidson report constituted material error.  Moreover, at the same time, plaintiff asserts that the very relief to which he refers – the BCNR's amendment of the Davidson report, and grant of the opportunity for plaintiff to be considered "in zone" for promotion with the amended version of the Davidson report in his record – should not have been considered "relief" for purposes of the Secretary's decision whether to grant an SSB.  The broad discretion conferred upon the Secretary to decide whether to convene an SSB obviously was intended to provide the Secretary with a means to effect justice, considering all relevant factors.   Where relief has already been substantially provided – even if not the identical relief sought – the Secretary acted well within his discretion under section 628.  Plaintiff had already received substantially the relief he had subsequently sought through an SSB: consideration for promotion to LtCol without the allegedly erroneous portion of the Davidson report in his record.  The inclusion of such relief in the Administrative Record supports the Secretary's conclusion to deny an SSB based on the allegedly erroneous Davidson report.

<div align="center">8</div>

**D.**

Plaintiff fails to identify any evidence in the Administrative Record showing that he ever provided the Secretary with an explanation why, if he truly believed before the original FY04 LtCol Promotion Board that his fitness report signed by Captain Davidson was material to his chances of promotion to LtCol, he failed to contact Davidson for thirteen years, and why he did not feel it necessary to contact Davidson while auditing his officer record prior to his promotions to the rank of Captain and Major.  The presumption that plaintiff fails to overcome is that he either never believed, before his selection board met, that the Davidson report was a material threat to his chances for promotion, or, if he actually did believe that threat was there, that he should have –  but never did -- acquire the same information about problems with the Davidson report prior to the convening of the FY04 LtCol Promotion Board.

**E.**

Plaintiff suggests that the weight he would place on the various factors considered in the determination whether to grant an SSB should trump the weight afforded by the Secretary, and references hearsay opinions of other officers who have signed statements which lend themselves to plaintiff's theory as to why the Secretary or the BCNR made the wrong decision in each instance.  See Pl. Opp. at 23-24; Pl. Cross Mot. at 36, 57-58; see generally Pl. Cross Mot. at 20-60.  In so doing, plaintiff erroneously suggests that the Court must decide which factor might have been material to the secret deliberations of promotion board members.  Id.  The issue before the Court, however, is only whether the decision-making process undertaken by the Secretary and the BCNR was defective or contrary to statute or regulation, regardless of whether the Court or plaintiff might agree with the Secretary's final decision.  See Citizens to Preserve

Overton Park v. Volpe, 401 U.S. 402, 416 (1971).

It is plaintiff's fundamental misunderstanding of the role of the Court in an SSB case

brought under 10 U.S.C. § 628 that leads him to object to the defendants' material facts as being

"not material" where plaintiff believes them to be unpersuasive. See Plaintiff's Statement of

Material Facts On Which There is A Genuine Issue ("Pl. Facts at Issue") at ¶¶ 13, 16, 22, 28.   It

is the same misunderstanding that leads plaintiff to object to other material facts, not because

they are incorrect, but because he opines that they will not survive "judicial scrutiny," as he

might construe the meaning of those terms. See id. at ¶¶ 23, 29, 32.  Plaintiff misunderstands his

burden in this case, and has, in any event, failed to sustain it.

### F.

Plaintiff argues that Secretary Winter's February 23, 2006 final agency decision on

plaintiff's reconsideration petition was rendered solely for the purpose of litigation, and should

not be a part of the Administrative Record in this case.  See Pl. Opp. at 3-5; Pl. Cross Mot. at 4-6.

Attempting to support that serious allegation of bad faith, plaintiff points to the alleged remarks

of Navy officials in response to plaintiff's requests for status updates on his then-pending

reconsideration request. But these hearsay conversations are not admissible evidence in this case

to prove bad faith on the part of the Secretary.  And plaintiff has provided no foundation to show

that these individuals would be even competent to testify about the Secretary's intent.  Moreover,

though Navy officials whom plaintiff contacted may have speculated as to when final action on

plaintiff's case might be complete, plaintiff's own status as a Major in the United States Marine

Corps imputes him with the knowledge that no representation made by subordinate officers will

either bind or restrict the Secretary to adhere to any specific time line, and that the Secretary

alone is authorized to make a decision to grant or deny an SSB, or to consider administrative

requests that may not required by statute.  See 10 U.S.C. § 628(b)(1).

Nor does Secretary Winter's in-depth discussion of the issue of the materiality of the

alleged error in the Davidson report demonstrate that his decision was a mere "post hoc

rationalization," as plaintiff claims.  See Pl. Opp. at 4-5; Pl. Cross Mot. at 6.  In fact, an analysis

of Secretary Winter's discussion related to "material error" tends to show that he considered

many of the same factors listed in the "Facts Germane to the Case" section of Secretary

England's April 16, 2004 denial of plaintiff's SSB request.  AR Vol. I (certified on May 17,

2006) at 0070-0071.

Finally, insofar as plaintiff appears to have inferred bad faith based on the time period in

which Secretary Winter considered plaintiff's reconsideration petition and rendered a decision,

defendants respectfully point to the sheer volume of  material (over 150 pages) that this new

Navy Secretary, during a time of war, was asked to review and consider prior to rendering a

decision about plaintiff's administrative request for reconsideration of an SSB request.[1]

### G.

Citing 10 U.S.C. § 628(g)(3)(A), plaintiff argues that the Court should grant him an SSB

based on the issuance of Secretary Winter's February 23, 2006 decision denying plaintiff's

reconsideration request more than six months after plaintiff submitted that request.   Plaintiff's

argument fails on several grounds.  As discussed in defendants' Opening Memorandum, section

628(g)(3)(A) grants a service member standing to sue in federal district court if no response from

---

[1]  In any event, the Secretary's February 23, 2006 decision document is relevant and was
properly included in the Administrative Record for the Court's consideration because plaintiff
asserts in the Amended Complaint that the decision is subject to challenge under the APA.

the Secretary on an SSB request is forthcoming after six months; it does not apply to requests for

reconsideration of SSB denials already issued, and it does not operate to bar a service Secretary

from issuing a decision either on an SSB request or a request for reconsideration.  Plaintiff argues

that his reconsideration request should be deemed a brand new SSB request for purposes of

triggering the six-month time limitation in 10 U.S.C. § 628(g)(3)(A).  But plaintiff concedes  that

his February 7, 2005  request was a request for reconsideration of his previously-denied SSB

request.  Pl. Opp. at 6; Pl. Cross Mot. at 3.  In fact, the request itself is titled "Request for

Reconsideration of Denial of Special Selection Board." AR Vol. I (certified on May 17, 2006) at

0004.  Moreover, even if the request had been a new SSB request, the omission of the Secretary

to have rendered his decision until after plaintiff filed suit would simply have permitted standing

in federal district court to seek judicial review.  It would not have operated as a bar to the

exercise of the Secretary's prerogative to issue a decision, and plaintiff has cited no law

suggesting otherwise.

<div align="center">H.</div>

As previously discussed, there is evidence in the Administrative Record that plaintiff did

not exercise reasonable diligence in ensuring the accuracy of his record prior to the convening of

the FY04 promotion board.  Such diligence is a pre-requisite for granting an SSB.  Congress

specifically authorized each Secretary to "prescribe in the regulations . . . the circumstances

under which consideration by a special selection board may be provided for under this section."

10 U.S.C. § 628(j)(2).   In response, the Secretary of Defense promulgated an instruction

regarding SSBs, stating, in relevant part, "A special selection board shall not . . . consider any

person who may, by maintaining reasonably careful records, have discovered and taken steps to

correct that error or omission on which the original board based its decision on promotion."

DoD Instruction 1320.11, ¶ 4.2.   As a result of further guidance set forth by the Secretary of the

Navy, see SECNAV Instruction 1420.1B, ¶ (5)(e), "reasonable diligence" must be considered as

a threshold requirement for any request for an SSB.

Plaintiff suggests that the BCNR's agreement to consider his petition after the three-year

time limit set forth in 32 C.F.R. § 723.3(b) implies a finding of reasonable diligence.[2]   But the

BCNR's acceptance of that petition has nothing to do with the regulations regarding reasonable

diligence as a substantive component of an SSB determination.  Even assuming that the BCNR

did conclude that plaintiff's petition was timely filed (i.e., the petition to correct the alleged error

or injustice was filed within three years of its discovery), the timing of that filing does not affect

the question whether plaintiff exhibited "reasonable diligence" in maintaining his official record

over the previous 13 years for the purpose of DoD Instruction 1320.11 and SECNAV Instruction

1420.1A.  Plaintiff's attempt to link the BCNR's acceptance of his petition for relief with

separate consideration of "reasonable diligence" in the context of granting him an SSB must fail.

For the forgoing reasons, defendants have demonstrated that plaintiff has failed to sustain

his burden to show that the Secretary's decision whether to grant plaintiff an SSB based on the

Davidson record was flawed.  That decision was supported by the evidence in the Administrative

---

[2]  Section 723.3(b) states:

Time limit for filing application. Applications for correction of a record must be
filed within 3 years after discovery of the alleged error or injustice. Failure to file
within the time prescribed may be excused by the Board if it finds it would be in
the interest of justice to do so. If the application is filed more than 3 years after
discovery of the error or injustice, the application must set forth the reason why
the Board should find it in the interest of justice to excuse the failure to file the
application within the time prescribed.

Record, and defendants are entitled to summary judgment on Counts I and II.

**IV.    Plaintiff Has Failed to Sustain His Burden to Demonstrate That the Secretary's Decision-Making Process Underlying His Denial of Plaintiff's Request to Amend the Scovel Report or to Convene an SSB Based on Alleged Material Errors in the Scovel Report (Counts III and IV) Was Flawed as a Matter of Law**

In their Opening Memorandum, defendants demonstrated that Counts III and IV, challenging the Secretary's decisions not to amend the Scovel report and not to convene an SSB based on alleged material errors in that report, are meritless. See Def. Mem. at 16-21. Defendants demonstrated that both of those counts require a finding of legal, administrative, or procedural error in that report, but that no such error existed. Id. Specifically, defendants established that Col. Scovel did not violate any regulation by allegedly changing his grading philosophy over time (the alleged violation on which plaintiff's alleged material error is based), or thereby invalidate all of the fitness reports he had ever signed. Id. at 16-18. Moreover, Col. Scovel's letter to the BCNR, urging a change in plaintiff's record, did not state that the subject fitness report was inaccurate when it was written. Id. at 18.

In any event, however, even if the Court were hypothetically to conclude that the Scovel report constituted error, that error could not have constituted material error that would have caused plaintiff's non-selection for promotion before the FY05 LtCol. promotion board. This is so because that Board had before it Col Scovel's letter, submitted on behalf of plaintiff, discussing his changed grading philosophy and specifically stating that plaintiff would have received higher marks under the new rating philosophy. Id. at 18. The FY05 promotion board therefore had the full benefit of that information, and was not deprived of any information about the Scovel fitness report, the omission of which would have altered their decision whether to

promote plaintiff.  Id. at 18. Because the Secretary may only convene an SSB in the case of

"material unfairness" based upon a "material error of fact" or a "material administrative error" or

"material information" that was not before the original promotion board for its consideration, see

10 U.S.C. § 628 (b), and because the BCNR had made an affirmative determination, pursuant to

10 U.S.C. § 1552, that no error was present, the Secretary was prohibited by statute from

convening an SSB.  See id. at 18-19.

For these reasons, defendants are entitled to summary judgment on Count III and IV.

### V.  Conclusion

For the foregoing reasons, plaintiff's Cross-Motion for Summary Judgment should be

denied, and defendant's Motion for Summary Judgment should be granted.

<div style="margin-left:40%">

Respectfully submitted,
 /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney
 /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney
 /s/
LISA S. GOLDFLUSS, D.C. Bar #417787
Assistant United States Attorney
555 4th Street, N.W.,  Tenth Fl.
Washington, D.C.  20530
(202) 514-7198
Counsel for Defendants

</div>

Of Counsel:
    Major Thomas B. Merritt, Jr., USMC
    LCDR James A. Ouellette, JAGC, USN
    Litigation Attorneys
    Office of the Judge Advocate General
    1322 Patterson Avenue, Bldg 33, Ste 3000 Washington Navy Yard, D.C.  20374-5066

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on this 20th day of October, 2006, a copy of the foregoing was sent by First-Class Mail, postage prepaid, to:

Jackson L. McGrady
820 Bright Street
Fredericksburg, Virginia 22401


_____
LISA S. GOLDFLUSS
Assistant United States Attorney