UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACKSON L. MCGRADY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 05-1651 (GK) |
| | ) |
| DONALD C. WINTER, Secretary of the Navy, | ) |
| and | ) |
| DEPARTMENT OF THE NAVY, | ) |
| | ) |
| Defendants | ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS ON WHICH THERE IS NO GENUINE ISSUE IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGEMENT**

¶ 1.  Admit.

¶ 2.  Admit.

¶ 3.  Defendants submit that the actions to which plaintiff refers to show diligence are immaterial to the legal issues before the Court.

¶ 4.  Admit.

¶ 5.  The matters referenced in this paragraph are not included in the Administrative Record (AR) on which judicial review in this case must be based.

¶ 6.  The first and fourth sentences of this paragraph are supported by AR 479 and defendants do not dispute that these matters are included in the AR. The other matters in this paragraph are not substantiated by documents in the AR and therefore may not be considered in this record review case.

¶ 7.  Admit.

¶ 8.  Admit that Davidson's fitness report is in the Administrative Record.  Defendants submit

that the Court may not consider Col. Crowl's statement (Plaintiff's Exhibit 10), which is not in the Administrative Record.

¶ 9. Defendants deny that personal opinions are material to any decision before this Court, as neither plaintiff's assertions of his actions nor his accounts of third party opinions can assist this Court in its evaluation of the validity of the Secretary's decision-making process. Plaintiff inappropriately submits his characterization of AR 477 and AR 479 as material facts. Defendants respectfully refer the Court to those documents for a full and accurate account of their contents and object to any characterizations of plaintiff that may be inconsistent therewith. Regardless of the accuracy of the substance of plaintiff's alleged actions, defendants agree that the information contained in the AR was before the Secretary of the Navy for his consideration on April 14, 2006, and again on February 23, 2006.

¶ 10. Defendants deny that personal opinions are material to any decision before this Court, as neither plaintiff's assertions of his actions nor his accounts of third party opinions can assist this Court in its evaluation of the validity of the Secretary's decision making process. Plaintiff inappropriately submits his characterization of AR 534-539 as material facts. Defendants respectfully refer the Court to those documents for a full and accurate account of their contents and object to any characterizations of plaintiff that may be inconsistent therewith. Regardless of the accuracy of the substance of plaintiff's alleged actions, defendants agree that the information contained in the AR was before the Secretary of the Navy for his consideration on April 14, 2006, and again on February 23, 2006.

¶ 11. Defendants deny that personal opinions are material to any decision before this Court, as neither plaintiff's assertions of his actions nor his accounts of third party opinions can assist this

Court in its evaluation of the validity of the Secretary's decision-making process.

¶ 12.  The first sentence comprises plaintiff's characterization of his theory of legal liability and other legal conclusions to which a response is not required.  Defendants agree that plaintiff was ranked "3 of 3."  Plaintiff inappropriately submits his characterization of AR 22-23 as material facts.  Defendants respectfully refer the Court to those documents for a full and accurate account of their contents and object to any characterizations of plaintiff that may be inconsistent therewith.  Regardless of the accuracy of the substance of plaintiff's alleged actions, defendants agree that the information contained in the AR was before the Secretary for his consideration on April 14, 2006, and again on February 23, 2006.

¶ 13.  Defendants deny that personal opinions or grading philosophies of Commanders are material to any decision before this Court, as neither plaintiff's assertions of his actions nor his accounts of third party opinions can assist this Court in its evaluation of the validity of the Secretary's decision-making process.  Plaintiff inappropriately submits his characterization of AR 535-536 as material facts.  Defendants respectfully refer the Court to those documents for a full and accurate account of their contents and object to any characterizations of plaintiff that may be inconsistent therewith.  Regardless of the accuracy of the substance of plaintiff's alleged actions, defendants agree that the information contained in the AR was before the Secretary for his consideration on April 14, 2006, and again on February 23, 2006.

¶ 14.  The first sentence of the paragraph comprises a characterization of plaintiff's May 6, 2003 petition to the BCNR to which defendants respectfully refer the Court for the most complete and accurate statement of its contents, and deny the allegations insofar as they are inconsistent therewith.  As for the second sentence, defendants agree that the Marine Corps performance

evaluation system, as set forth in Marine Corps Order ("MCO") 1610.7E, provides for appeals of fitness reports, and respectfully refer the Court to the applicable instruction for the most complete and accurate statement of its contents, and deny the allegations insofar as they are inconsistent therewith.

¶ 15.  This paragraph purports to characterize the recommendation of the Performance Evaluation Review Board ("PERB") dated July 16, 2003, to which defendants respectfully refer the Court for the most complete and accurate statement of its contents and deny the allegations insofar as they are inconsistent therewith.

¶16.  Defendants do not dispute that plaintiff responded to the CMC's recommendations.  The remainder of this paragraph purports to characterize plaintiff's response to the CMC's recommendation of the PERB to which defendants respectfully refer the Court for the most complete and accurate statement of its contents and deny the allegations insofar as they are inconsistent therewith.

¶17.  This paragraph purports to characterize plaintiff's submission to the BCNR dated March 31, 2003, to which defendants respectfully refer the Court for the most complete and accurate statement of its contents and deny the allegations insofar as they are inconsistent therewith.

¶ 18.  As to the first sentence, aver that the BCNR accepted plaintiff's petition challenging Captain Davidson's performance evaluation.  The second sentence of the paragraph purports to characterize 10 U.S.C. § 1552(b).  Defendants respectfully refer the Court to the statute in question for the most complete and accurate statement of its content.  The third sentence comprises plaintiff's characterization of the Secretary's decision and other legal conclusions to which a response is not required.

¶ 19.  Defendants admit that the BCNR twice asked the PERB if the PERB wished to reconsider the PERB's recommendation in light of plaintiff's August 12, 2003 letter to the BCNR, and that the PERB did not respond to either request, and further deny the remainder of this paragraph and additionally refer the Court to plaintiff's August 12, 2003 letter.  The remainder of this paragraph attempts to characterize the BCNR's decision to which defendants respectfully refer the Court for the most complete and accurate statement of its contents, and deny the allegations insofar as they are inconsistent therewith.

¶ 20.  Admit that on September 16, 2003, plaintiff requested a Special Selection Board (SSB) as relief for the FY 2004 LtCol Promotion Board.

¶ 21.  This paragraph is vague and ambiguous as to what is intended to be signified by the term "interactive nature," and on that basis defendants are without information sufficient to form a belief as to the truth of the allegations asserted and so deny.

¶ 22.  Defendants admit that CMC, by letter dated February 16, 2004, recommended to the Secretary that plaintiff's petition for an SSB be denied.  As to the remainder of the allegations, which purport to characterize the February 16, 2004 letter, defendants respectfully refer the Court to a true and correct copy of the letter for the most complete and accurate statement of its contents and deny the allegations insofar as they are inconsistent therewith.

¶ 23.  Defendants admit the first sentence.  As to the remainder of the allegations, which purport to characterize that April 16, 2004 letter, defendants respectfully refer the Court to a true and correct copy of the letter for the most complete and accurate statement of its contents and deny the allegations insofar as they are inconsistent therewith.

¶ 24.  Defendants agree that plaintiff filed a Privacy Act request on May 5, 2004.  As to the

remainder of the allegations, which purport to characterize the Staff Judge Advocate's letter dated December 18, 2003 letter, defendants respectfully refer the Court to a true and correct copy of the letter for the most complete and accurate statement of its contents and deny the allegations insofar as they are inconsistent therewith.

¶ 25.  The allegations in this paragraph purport to characterize the Staff Judge Advocate's letter dated December 18, 2003 letter.  Defendants respectfully refer the Court to a true and correct copy of the letter for the most complete and accurate statement of its contents and deny the allegations insofar as they are inconsistent therewith.

¶ 26.  The allegations in this paragraph assert an overly broad proposition, the validity of which cannot be ascertained in a vacuum and outside a specific factual context, so that defendants are without information sufficient to form a belief as to the truth of the matter asserted and so deny.

¶ 27.  Defendants admit the first sentence.  The reasons for the Secretary's denial of plaintiff's request for reconsideration is included in Secretary Winter's February 23, 2006 decision denying that request.

¶ 28.  Defendants admit that plaintiff had a conversation with Captain Gaffney concerning plaintiff's request for reconsideration of the SSB decision.  Defendants admit the second sentence, assuming that the relevant time frame is on or about March 17, 2005.  The remainder of the paragraph constitutes characterizations of the specific conversation at issue and includes information not included in the AR.

¶ 29.  As to the first sentence, admit that plaintiff sent an e-mail to Lieutenant Colonel Carberry, Captain Gaffney's superior at the time.  To the extent that the first through the fourth sentences purport to characterize e-mail between plaintiff and Lieutenant Colonel Carberry, defendants

6

respectfully refer the Court to those e-mails, contained in the AR, for the most complete and accurate statements of their contents and deny the paragraph insofar as it is inconsistent therewith.

¶ 31.  The allegations in this paragraph comprise a characterization of the CMC's July 25, 2005 recommendation to which defendants respectfully refer the Court for the most complete and accurate statement of its content and deny the allegations insofar as they are inconsistent therewith.

¶ 32.  The allegations in this paragraph comprise a characterization of the plaintiff's request for reconsideration letter dated February 7, 2005, to which defendants respectfully refer the Court for the most complete and accurate statement of its content and deny the allegations insofar as they are inconsistent therewith.

¶ 33.  This paragraph is so vague and ambiguous as to what is intended to be meant that defendants cannot ascertain its validity.

¶ 34.  Opinions expressed in the first sentence are not facts to which a response is required.

¶ 35.  As to the first sentence, defendants admit that plaintiff met with a career counselor.  As to the second and third sentences, defendants cannot find anything in the Administrative Record on which to admit or deny those sentences.

¶ 36.  Defendants admit that on February 23, 2006, the Secretary issued a decision on plaintiff's February 7, 2005 request for reconsideration. Defendants respectfully refer the Court to the Secretary's February 23, 2006 decision for the most complete and accurate statements of its content, and deny the allegations insofar as they are inconsistent therewith. .

¶ 37.  This paragraph purports to characterize the Secretary's February 23, 2006 decision to

which defendants respectfully refer the Court for the most complete and accurate statement of its contents and deny the allegations insofar as they are inconsistent therewith.

¶ 38. The allegations in the paragraph attempt to characterize statements made by the BCNR's August 26, 2003 decision, to which Defendants respectfully refer the Court for the most complete and accurate statement of its contents, and deny the allegations insofar as they are inconsistent therewith.

¶ 40. Defendants admit the first sentence. The second sentence appears to purport to characterize MCO 1610.07D to which Defendants respectfully refer the Court for the most complete and accurate statement of its contents and deny any characterizations inconsistent therewith.

¶ 41. The allegations in this paragraph purport to characterize Department of Defense Instruction 1320.11 and assert legal conclusions to which no response is required. Defendants respectfully refer the Court to the Instruction for the most complete and accurate statement of its contents and deny any characterizations inconsistent therewith.

¶ 43. Defendants admit the first sentence. Defendants admit the second sentence, assuming that the relevant time frame is on or about Aug 12, 2005. The remainder of the paragraph attempts to characterize an e-mail exchange between the plaintiff and Mr. Byran Wood, the Deputy Chief Counsel to CMC, to which defendants respectfully refer the Court for the most complete and accurate statement of its contents, and deny the allegations insofar as they are inconsistent therewith.

¶ 44. Defendants can find no evidence supporting the assertions in this paragraph within the AR.

¶ 46. Defendants admit that the Marine Corps performance evaluation system, as set forth in

MCO 1610.7E, provides for appeals of fitness reports, and respectfully refer the Court to the applicable instruction for the most complete and accurate statement of its contents, and deny the allegations insofar as they are inconsistent therewith.

¶ 47.  Admit that plaintiff submitted Colonel Scovel's letter to the FY 2005 LtCol Promotion Board.  Defendants admit second sentence.

¶ 48. Defendants admit the first sentence. The allegations in the third and fourth sentences appear to be a characterization of Colonel Scovel's September 2, 2003 letter, to which a response is not required. Insofar as those sentences allege matters pertaining to Colonel Scovel's thought processes, there is no evidence in the AR to support those matters.

¶ 49.  Defendants admit the allegations in the first sentence of the paragraph. The allegations in the second through sixth sentences attempt to characterize the PERB's memorandum of January 28, 2005, to which defendants respectfully refer the Court for the most complete and accurate statement of its content, and deny the allegations insofar as they are inconsistent therewith. Defendants admit the allegation in the seventh sentence.  As for Plaintiff's attempt to characterize Colonel Scovel's letter in the eighth and ninth sentences, Defendants respectfully refer the Court to the letter for the most complete and accurate statement of its content.

¶ 50.  Defendants admit that Plaintiff submitted a personal statement to the BCNR on March 22, 2005, and respectfully refer the Court to that statement for the most complete and accurate statement of its content, and deny the allegations insofar as they are inconsistent therewith.

¶ 51.  The allegations in the first and second sentences attempt to characterize the content of MCO P1610.7E.  Defendants respectfully refer the Court to MCO P1610.7E for the most complete and accurate statement of its content, and deny the allegations insofar as they are

inconsistent therewith. The third sentence purports to characterize this action and assert legal conclusions to which no response is required.

¶ 52. The allegations in this paragraph attempt to characterize the content of MCO P1610.7E and MCO 1610.11C. Defendants respectfully refer the Court to MCO P1610.7E and MCO 1910.11C for the most complete and accurate statement of their content, and deny the allegations insofar as they are inconsistent therewith.

¶ 53. Defendants admit the allegations in the first and second sentences of the paragraph. The allegations in the third sentence purport to characterize Colonel McCown's letter, to which Defendants respectfully refer the Court for the most complete and accurate statement of its content, and deny the allegations insofar as they are inconsistent therewith.

¶ 54. Admit the first sentence.

¶ 55. The first sentence purports to characterize this action and assert legal conclusions to which no response is required.

¶ 56. The allegations in this paragraph attempt to characterize the content of MARADMIN 332/03. Defendants respectfully refer the Court to MARADMIN 332/03 for the most complete and accurate statement of their content, and deny the allegations insofar as they are inconsistent therewith.

¶ 57. Defendants admit that the MARADMIN message was exhaustive.

¶ 58. Defendants admit that Plaintiff submitted documents in accordance with MARADMIN.

¶ 59. The allegations in this paragraph attempt to characterize the content of letters sent by MMPR, BCNR, and Plaintiff. Defendants respectfully refer the Court to the respective letters for the most complete and accurate statement of their content, and deny the allegations insofar as

they are inconsistent therewith.

¶ 60. As to the first sentence, Defendants admit that the BCNR, at the time that it was processing Plaintiff's petition to alter the Captain Davidson report, obtained an advisory opinion from MMOA 4; to the extent that the remainder of the first sentence purports to characterize that advisory opinion, Defendants respectfully refer the Court to the MMOA 4 advisory opinion for the most complete and accurate statement of its contents and deny insofar as the allegation is inconsistent therewith. Defendants admit the second sentence.

¶ 61. Defendants admit the first sentence. The remaining allegations in this paragraph purport to characterize the BCNR's letter of September 2, 2005, to which Defendants respectfully refer the Court for the most complete and accurate statement of its content, and deny the allegations insofar as they are inconsistent therewith.

¶ 62. The allegations in this paragraph purport to characterize Title 32, Chapter 723.3 of the Code of Federal Regulations (32 C.F.R. § 723.3), to which Defendants respectfully refer the Court for the most complete and accurate statement of its contents and deny the allegations that are inconsistent therewith.

¶ 63. The allegations in this paragraph purport to characterize Title 32, Chapter 723.3 of the Code of Federal Regulations (32 C.F.R. § 723.3), to which Defendants respectfully refer the Court for the most complete and accurate statement of its contents and deny the allegations that are inconsistent therewith.

¶ 64. The allegations in this paragraph purport to characterize Marine Corps Order 1610.11C, to which Defendants respectfully refer the Court for the most complete and accurate statement of its

contents and deny the allegations that are inconsistent therewith.

                                      Respectfully submitted,

                                      /s/
                                      JEFFREY A. TAYLOR, D.C. BAR # 498610
                                      United States Attorney
                                      /s/
                                      RUDOLPH CONTRERAS, D.C. BAR # 434122
                                      Assistant United States Attorney
                                      /s/
                                      LISA S. GOLDFLUSS, D.C. Bar #417787
                                      Assistant United States Attorney
                                      555 4th Street, N.W.,  Tenth Fl.
                                      Washington, D.C.  20530
                                      (202) 514-7198
                                      Counsel for Defendants


Of Counsel:
Major Thomas B. Merritt, Jr., USMC
LCDR James A. Ouellette, JAGC, USN
Litigation Attorneys
Office of the Judge Advocate General
1322 Patterson Avenue, Bldg 33, Ste 3000 Washington Navy Yard, D.C.  20374-5066